## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LUCAS CALIXTO, | ) | |
| 21 Franklin St., Apt. 15 | ) | |
| Somerville, MA 02145-3225, | ) | |
| | ) | |
| PLAINTIFF, | ) | **No.** |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND PRAYER FOR** |
| UNITED STATES DEPARTMENT OF THE | ) | **DECLARATORY, PRELIMINARY** |
| ARMY and MARK ESPER, in his official | ) | **AND PERMANENT INJUNCTIVE,** |
| capacity as Secretary, U.S. Department of the | ) | **AND ADMINISTRATIVE** |
| Army | ) | **PROCEDURE ACT RELIEF** |
| 1500 Army Pentagon | ) | |
| Washington, DC 20310-1500, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

1.      Plaintiff Lucas Calixto is a Private Second Class ("PV2") in the U.S. Army Reserve who has served honorably for over two years.  Plaintiff has never been subject to any disciplinary action or proceeding and, in fact, recently earned a promotion in military rank.  On June 13, 2018, Defendants issued an order purporting to discharge PV2 Calixto from the U.S. Army Reserve effective July 1, 2018.  PV2 Calixto was provided no prior notice of the Defendants' intent to discharge him, no specific reasons or grounds for the discharge (just a generic categorization of "personnel security" on the discharge order), and none of the facts or circumstances that purported to justify or explain the discharge.  And Defendants afforded PV2 Calixto no opportunity to respond to or be heard on the matter of his discharge.

2.     Defendants' conduct violates Army regulations, Department of Defense regulations, and the fundamental requirements of due process.  PV2 Calixto brings this action to set aside the purported discharge order pending Defendants' compliance with applicable law.

## JURISDICTION

3.     This action arises under the laws of the United States and the U.S. Constitution. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.

## VENUE

4.     Venue is proper in the Court under 28 U.S.C. § 1391(e) because the individual Defendant is an officer of the United States acting in his official capacity in this district, and venue is proper because the United States Department of the Army is present in this district.

## PARTIES

5.     Plaintiff Lucas Calixto resides in Somerville, Massachusetts.  PV2 Calixto currently is serving in the U.S. Army Reserve with the 743rd Transportation Company in Roslindale, Massachusetts.

6.     Defendant United States Department of the Army (the "Army") is responsible for the overall administration of policy for the U.S. Army and Army Reserve.

7.     Defendant Mark Esper is sued in his official capacity as Secretary of the Army.  In that capacity, Mr. Esper is responsible for the overall administration of Department of the Army and Army Reserve.

8.     Defendants Army and Esper are collectively referred to as "Defendants."

## BACKGROUND AND FACTS

### *PV2 Calixto's Military Service*

9.      PV2 Calixto enlisted in the U.S. Army Reserve in February 2016 and signed an enlistment contract obligating him to serve eight years in the Army Reserve, six years of which must be served in the Selected Reserve of the Ready Reserve.  The Selected Reserve "consists of those units and individuals in the Ready Reserve designated . . . as so essential to initial wartime missions that they have priority over all other Reserves."

10.      PV2 Calixto is a non-U.S. citizen who was recruited by and enlisted in the U.S. Army Reserve through the Military Accessions Vital to the National Interest ("MAVNI") program.  Although enlistment in the United States Armed Forces normally is limited to U.S. citizens and legal permanent residents, the MAVNI program, which was touted by the Army and the Department of Defense as a program "vital to the national interest," permitted certain non-U.S. citizens to enlist and serve if they possess critical language skills or other specialized skills that are vitally needed by the military branches.  Soldiers who enlisted under the program were promised an "expedited" path to U.S. citizenship.

11.      Upon enlistment, the Army found PV2 Calixto suitable for military service and assigned him to the 743rd Transportation Company ("743rd TC") in Roslindale, Massachusetts. He took his service oath on March 16, 2016, and began serving with the 743rd TC as a Private (E-1) over two years ago.

12.      In March 2017, in accordance with the requirements of the MAVNI program and his enlistment contract, PV2 Calixto submitted his N-400 Application for Naturalization to the U.S. Citizenship and Immigration Service ("USCIS").  As part of the naturalization application

3

process, an authorized official from PV2 Calixto's command signed Form N-426 certifying PV2 Calixto's honorable service in the Selected Reserve of the U.S. Army Reserve.

13.     PV2 Calixto's N-400 Application for Naturalization is pending at USCIS. Recently, on May 10, 2018, the Army again confirmed PV2 Calixto's honorable service through execution and provision of another Form N-426.

14.     On June 13, 2018, Headquarters, U.S. Army Reserve Command issued order number 18-164-00004 purporting to discharge PV2 Calixto from the U.S. Army Reserve effective July 1, 2018 (the "Discharge Order").  No reason for the discharge was stated specifically in the Discharge Order.  Instead, the following general notation was included under the heading Additional Instructions: "MAVNI – Military Personnel Security."  PV2 Calixto was given no prior notice of the Army's intent to discharge him, no specific reason or grounds for the discharge, and none of the facts and circumstances purportedly justifying his discharge from the U.S. Army Reserve.  Furthermore, PV2 Calixto was provided no opportunity to respond to or otherwise be heard on the matter of his purported discharge.

15.     On June 18, 2018, PV2 Calixto submitted a request through his chain of command for the Army to rescind and revoke the Discharge Order because of the Army's failure to comply with regulations.  PV2 Calixto has received no response from the Army.

### The Army's Violation of Regulations and Due Process

16.     The Discharge Order violated the Army regulations, Department of Defense regulations, and the fundamental requirements of due process.

17.     Administrative separation and discharge from the U.S. Army Reserve is governed by Army Regulation 135-178.  These regulations provide that, when a soldier is to be discharged under the personnel security category (or for "security reasons"), the soldier shall be processed in

accordance with Army Regulation 380-67.  *See* AR 135-178 at 15-1*h*.  Army Regulation 380-67

in turn provides that:

> [N]o unfavorable administrative action shall be taken under the authority of this regulation unless the person concerned has been given:
>
> *a*. A written statement of the reasons why the unfavorable administrative action is being taken.  The statement shall be as comprehensive and detailed as the protection of sources afforded confidentiality under the provisions of the Privacy Act of 1974 (5 USC 552a) and national security permit. . . .
>
> *b*. An opportunity to reply in writing to such authority as the head of the component may designate. . . .
>
> *c*. A written response to any submission under paragraph *b*, stating the final reasons therefore, which shall be as specific as privacy and national security considerations permit.

Army Regulation 380-67 at 8-6.

18.   The regulations define "unfavorable administrative action" to include any "[a]dverse action taken as the result of personnel security determinations and unfavorable security determinations," which are further defined to include any "nonacceptance for or discharge from the Armed Forces when any of the foregoing actions are based on derogatory information of personnel security significance."  Army Regulation 380-67, Glossary Section II (Terms).

19.   Defendants violated their own regulations by purporting to discharge PV2 Calixto for personnel security reasons without affording him the notice and response rights set forth in Army Regulation 380-67.

20.   The Discharge Order also violated Department of Defense regulations, which are mandatory and binding on the Army.  Pursuant to Department of Defense Instruction ("DoDI") 5200.02, all members of the military are deemed to hold "national security positions."  DoDI 5200.02, Glossary Part II (Definitions); *see also* DoD Manual 5200.02, 7.6(b) ("All military

positions are national security positions regardless whether or not the Service member requires access to classified information, as established in DoDI 5200.02."). PV2 Calixto previously had been found eligible for service in a "national security position" and has in fact already served for more than two years as a soldier in the U.S. Army Reserve. The Army's purported discharge of PV2 Calixto on personnel security grounds thus constitutes a denial or revocation of his eligibility to hold a national security position.

21. With regard to such denials or revocations of eligibility, DoDI 5200.02 provides:

APPEAL PROCEDURES – DENIAL OR REVOCATION OF ELIGIBILITY. Individuals may elect to appeal unfavorable security determinations in accordance with the procedures set forth in . . . [DoD Manual 5200.02], as applicable, or as otherwise authorized by law.

DoDI 5200.02, Enclosure 3, Section 4.

22. DoD Manual 5200.02 in turn provides that "[m]ilitary members who are denied or revoked a favorable national security eligibility determination will be afforded due process." DoD Manual 5200.02, 7.6 b(2)(a). DoD Manual 5200.02 defines "national security eligibility" as "[t]he status that results from a formal determination by an adjudication facility that a person meets the personnel security requirements for access to classified information *or to occupy a national security position* or one requiring the performance of national security duties." DoD Manual 5200.02, Glossary Section G.2 (Definitions) (emphasis added). Because "[a]ll military positions are national security positions," *see* DoD Manual 5200.02, 7.6(b), any decision to separate a soldier from the military on personnel security grounds is, by definition, a "national security eligibility" determination.

23. That manual further provides:

MINIMUM DUE PROCESS REQUIREMENTS APPLICABLE TO ALL. No unfavorable national security eligibility determination will be made without first:

6

a. Providing the individual with a comprehensive and detailed written explanation of the basis for the unfavorable determination as the national security interests of the United States and other applicable law permit.  The [Letter of Denial] or [Letter of Revocation] must include each security concern, the applicable adjudicative guideline(s) related to each concern, and provide an explanation of the kinds and types of information they could provide to support their appeal.

b. Informing the individual of their right to:

   (1)  Be represented by counsel or other representative at their own expense.

   (2)  Request the documents, records, and reports upon which the unfavorable national security determination was made.  Be granted an extension to set the timeline by the Component [Personnel Security Appeal Board] if requested documents, records, and reports are not provided promptly.

c.  Providing a reasonable opportunity to reply in writing and to request review of the unfavorable determination.

d.  Providing the individual written notice of reasons for the determination, the determination of each adjudicative guideline that was provided to the individual in the statement of reasons (SOR) that accompanied the notification of intent (NOI) to deny or revoke the identity of the determination authority, and written notice of the right to appeal unfavorable determinations to a high-level panel. . . .

f.  Providing the individual an opportunity to appear in person and present relevant witnesses, documents, materials, and information.

g.  Providing the individual with a written decision on appeal.

DoD Manual 5200.02 at 10.2.

24.     Still further due process rights and procedures for military members are set forth in Section 10.4 of DoD Manual 5200.02.

25.     Defendants violated applicable law by purporting to discharge PV2 Calixto under the personnel security category without affording him the rights and procedures mandated by DoDI 5200.02 and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).

26.     Finally, Defendants violated the fundamental requirements of due process under the Fifth Amendment of the U.S. Constitution by purporting to discharge PV2 Calixto from the U.S. Army Reserve without providing him with any process at all.

## CLAIMS FOR RELIEF

### Count I: Declaratory Judgment

27.     Plaintiff re-alleges paragraphs one through twenty-six as if fully set forth herein.

28.     28 U.S.C. § 2201 authorizes a court, "[i]n a case of actual controversy within its jurisdiction . . . upon the filing of an appropriate pleading" to "declare the rights and other legal relations of any interested party seeking such declaration."

29.     Army and Department of Defense regulations set forth specific due process rights that must be afforded to soldiers before they are discharged from military service on personnel security grounds.  Defendants failed to comply with those requirements, even after being notified of the same by PV2 Calixto.  Accordingly, Plaintiff seeks a declaratory judgment that, in issuing the Discharge Order, Defendants failed to comply with Army Regulation 135-178, Army Regulation 380-67, DoDI 5200.02, and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).

### Count II: Preliminary and Permanent Injunctive Relief

30.     Plaintiff re-alleges paragraphs one through twenty-nine as if fully set forth herein.

31.     Defendants unlawfully and improperly issued the Discharge Order without complying with applicable law including, without limitation, the requirements of Army Regulation 135-178, Army Regulation 380-67, DoDI 5200.02, and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).

32.    Plaintiff has been, and will continue to be, substantially and irreparably harmed by Defendants' unlawful and improper actions, for which there is no adequate remedy at law. Under the facts and circumstances of this case, the balance of the equities clearly favors PV2 Calixto, and injunctive relief is in the public interest.

33.    Accordingly, Plaintiff seeks preliminary injunctive relief against Defendants setting aside the effectiveness of the Discharge Order pending compliance with applicable law including, without limitation, the requirements of Army Regulation 135-178, Army Regulation 380-67, DoDI 5200.02, and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).

34.    Plaintiff seeks permanent injunctive relief against Defendants directing Defendants to rescind and revoke the Discharge Order pending compliance with applicable law including, without limitation, the requirements of Army Regulation 135-178, Army Regulation 380-67, DoDI 5200.02, and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).

### Count III: Relief Pursuant to the Administrative Procedure Act

35.    Plaintiff re-alleges paragraphs one through thirty-four as if fully set forth herein.

36.    5 U.S.C. § 706(2) authorizes a court to hold unlawful and set aside final agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law.

37.    Defendants have issued the Discharge Order without complying with applicable law including, without limitation, the requirements of Army Regulation 135-178, Army Regulation 380-67, DoDI 5200.02, and DoD Manual 5200.02 (incorporated in DoDI 5200.02 by reference).  Defendants' action therefore is not in accordance with law and was undertaken without observance of procedure required by law.  Furthermore, Defendants' action was arbitrary and capricious because Defendants failed to comply with their own regulations.

9

38.     Accordingly, Plaintiff seeks an order holding unlawful and setting aside the Discharge Order pursuant to 5 U.S.C. § 706(2).

### *Count IV: Constitutional Violation*

39.     Plaintiff re-alleges paragraphs one through thirty-eight as if fully set forth herein.

40.     The Discharge Order deprived Plaintiff of a constitutionally-protected liberty and/or property interest, including with respect to his reputation, ability to pursue his chosen career, and timely and appropriate adjudication of his right to naturalization.  Defendants issued the Discharge Order without providing Plaintiff with any notice or opportunity to be heard.  In short, Defendants provided Plaintiff with no process of any kind.  Thus, Defendants have violated Plaintiff's right to due process under the Fifth Amendment to the U.S. Constitution.

41.     Plaintiff requests that the Court grant appropriate equitable relief on the foregoing basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

a.  Assume jurisdiction over this action;

b.  Issue the declaratory judgment requested in Count I of this Complaint;

c.  Grant the preliminary and permanent injunctive relief requested in Count II of this Complaint;

d.  Grant the relief requested pursuant to the APA (Count III of this Complaint);

e.  Grant the relief requested pursuant to Count IV of this Complaint;

f.  Award Plaintiff reasonable costs and attorneys' fees, including under the Equal Access to Justice Act; and

g.  Award such further relief as the Court deems just or appropriate.

Respectfully submitted this 28th day of June 2018.

$$\underline{\hspace{2cm}\textit{/s/ Joseph J. LoBue}\hspace{2cm}}$$

Joseph J. LoBue (D.C. Bar No. 484097)
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:  (202) 639-7003
Email:  joseph.lobue@friedfrank.com
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiff*