## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUCAS CALIXTO, *et al.*, | ) ) ) ) |
| PLAINTIFFS, | ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, | ) ) |
| DEFENDANTS. | ) ) ) ) ) ) |

Case No. 1:18-cv-01551-ESH

**HEARING REQUESTED**

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
### AND APPOINTMENT OF CLASS COUNSEL

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local

Rules of the U.S. District Court for the District of Columbia, Plaintiffs Lucas Calixto, Tounde

Djohi, Wanjing Li, Zeyuan Li, Fang Lu, Jingquan Qu, Hembashima Sambe, and Emeka Udeigwe

(collectively, "Plaintiffs") hereby move the Court for an order certifying this case as a class action,[1]

with the class consisting of all persons:

    (i)      who have enlisted in the U.S. Army (including the Army Reserve) through the Military

           Accessions Vital to the National Interest ("MAVNI") program;

---

[1]     As set forth in Plaintiffs' Motion for Preliminary Injunction, filed contemporaneously, in an attempt to reach agreement on the underlying issues that are now raised in the Amended Complaint, Plaintiffs' counsel contacted Defendants' counsel and sought assurances that Defendants would revoke the discharges of soldiers situated similarly to original Plaintiff Lucas Calixto. Defendants did not respond to the communication or otherwise represent that they would provide relief to any soldier beyond Plaintiff Calixto.

(ii)     who are the subject of a final discharge or separation decision since September 30, 2016 (whether or not the soldier received a formal discharge order and regardless of whether the "effective date" of the discharge or separation has passed);

(iii)    whose discharge or separation has not been characterized by the Army (including "uncharacterized" and "entry level" discharges or separations);  and

(iv)    whose final discharge or separation decision was made without the soldier first being afforded the process due under applicable Army and Department of Defense regulations and the law, including adequate notice of the discharge grounds, an opportunity to respond, due consideration of the soldier's response by the Army, or other requirements of law.

As described in Plaintiffs' Memorandum of Points and Authorities in Support of this Motion, Plaintiffs satisfy the requirements set forth in Federal Rule of Civil Procedure 23(a).  <u>First</u>, the Plaintiff class meets the numerosity standard.  <u>Second</u>, the proposed class members share common facts and the case raises central legal questions that are common to each class member, including questions arising out of Defendants' policies and practices with respect to the discharge of MAVNI soldiers.  <u>Third</u>, the named Plaintiffs' claims are typical of the claims of the proposed class, as all of them have been subject to Defendants' unlawful summary discharges and have sustained the same types of injuries from Defendants' conduct.  <u>Fourth</u>, Plaintiffs and their counsel will adequately represent the class and are prepared to vigorously prosecute this action on behalf of the class.

Furthermore, certification is warranted under Rule 23(b)(1) because there is a significant risk that separate actions would result in inconsistent decisions and incompatible standards as to Defendants' contested practices and Rule 23(b)(2) because the class has been subjected to

Defendants' common practices and Plaintiffs are seeking injunctive and declaratory relief, which is appropriate for the class as a whole.

WHEREFORE, Plaintiffs respectfully move this Court for an Order certifying the class and appointing their attorneys as class counsel.

Dated: August 3, 2018                    Respectfully submitted,

                                         FRIED, FRANK, HARRIS, SHRIVER
                                            & JACOBSON LLP

                                         __     /s/ Douglas W. Baruch_____
                                         Douglas W. Baruch (D.C. Bar No. 414354)
                                         Jennifer M. Wollenberg (D.C. Bar No. 494895)
                                         Joseph J. LoBue (D.C. Bar No. 484097)
                                         Kayla Stachniak Kaplan (D.C. Bar No. 996635)
                                         Neaha P. Raol (D.C. Bar No. 1005816)
                                         Shaun A. Gates (D.C. Bar No. 1034196)
                                         Katherine L. St. Romain (D.C. Bar No. 1035008)
                                         Fried, Frank, Harris, Shriver & Jacobson LLP
                                         801 17th Street, NW
                                         Washington, D.C. 20006
                                         Telephone:  (202) 639-7000
                                         Facsimile:   (202) 639-7003
                                         Email: douglas.baruch@friedfrank.com
                                         Email: jennifer.wollenberg@friedfrank.com
                                         E-mail: joseph.lobue@friedfrank.com

                                         *Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUCAS CALIXTO, *et al.*, | ) |
| PLAINTIFFS, | ) |
| v. | ) Case No. 1:18-cv-01551-ESH |
| UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, | ) HEARING REQUESTED |
| DEFENDANTS. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Joseph J. LoBue (D.C. Bar No. 484097)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Shaun A. Gates (D.C. Bar No. 1034196)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:  (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com
Email: joseph.lobue@friedfrank.com

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..........................................................................................ii

BACKGROUND ........................................................................................................1

ARGUMENT ............................................................................................................3

    I.    The Proposed Class............................................................................3

    II.   The Rule 23 Standard.........................................................................4

    III.  Plaintiffs Satisfy Rule 23(a).................................................................5

           A.    The Proposed Class Is So Numerous That Joinder of All Members Is Impracticable...........................................................5

           B.    There Are Common Questions of Both Law and Fact ...............................8

           C.    Plaintiffs' Claims Are Typical of the Claims of the Class as a Whole......11

           D.    The Named Plaintiffs Fairly and Adequately Represent the Interests of the Class .................................................................12

    IV.  Class Certification Is Appropriate Under Rule 23(b)(1) and/or Rule 23(b)(2) ...........................................................................13

    V.   The Court Should Designate Plaintiffs' Counsel as Class Counsel......................16

CONCLUSION........................................................................................................17

# TABLE OF AUTHORITIES*

**PAGE**

## Cases

*Adair v. England*,
   209 F.R.D. 5 (D.D.C. 2002)..................................................................................................13

*Bynum v. Dist. of Columbia*,
   214 F.R.D. 27 (D.D.C. 2003)...........................................................................................5, 11

*Bynum v. Dist. of Columbia*,
   217 F.R.D. 43 (D.D.C. 2003)...............................................................................................10

*Coleman v. Pension Benefit Guar. Corp.*,
   196 F.R.D. 193 (D.D.C. 2000)...............................................................................................5

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983)................................................................................................................4

*Damus v. Nielsen*, No. 18-578 (JEB),
   2018 U.S. Dist. LEXIS 109843 (D.D.C. July 2, 2018) .........................................................10

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
   239 F.R.D. 9 (D.D.C. 2006)....................................................................................................6

*DL v. Dist. of Columbia*, 302 F.R.D. 1 (D.D.C. 2013) ............................................................5, 8

*EEOC v. Printing Indus. of Metro. Washington, D.C., Inc.*,
   92 F.R.D. 51 (D.D.C. 1981)....................................................................................................6

*Encinas v. J.J. Drywall Corp.*,
   265 F.R.D. 3 (D.D.C. 2010).................................................................................9, 10, 11, 17

*Garcia v. Johanns*,
   444 F.3d 625 (D.C. Cir. 2006) ...............................................................................................4

*Gen. Tel. Co. of the NW., Inc. v. EEOC*,
   446 U.S. 318 (1980)................................................................................................................5

*Gen. Tel. Co. of the SW. v. Falcon*,
   457 U.S. 147 (1982)............................................................................................................4,11

---

*        Asterisks identify those authorities on which Plaintiffs chiefly rely.

*Greenberg v. Colvin*,
  63 F. Supp. 3d 37 (D.D.C. 2014) ........................................................................16

*Healthy Futures of Tex. v. HHS*,
  No. 1:18-cv-992 (KBJ), 2018 U.S. Dist. LEXIS 91872, *10
  (D.D.C. June 1, 2018) ...............................................................................6, 9, 15

*In re Vitamins Antitrust Litig.*,
  209 F.R.D. 251 (D.D.C. 2002) ...............................................................................8

*Johnson v. Dist. of Columbia*,
  248 F.R.D. 46 (D.D.C. 2008) ..................................................................................9

*Kifafi v. Hilton Hotels Ret. Plan*,
  189 F.R.D. 174 (D.D.C. 1999) ........................................................................5, 11

*Lewis v. Nat'l Football League*,
  146 F.R.D. 5 (D.D.C. 1992) .....................................................................................6

*\*Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*,
  246 F.R.D. 293 (D.D.C. 2007) ........................................................................5, 11

*Nat'l Veterans Legal Servs. Program v. United States*,
  235 F. Supp. 3d 32 (D.D.C. 2017) .........................................................................6

*Nio v. U.S. Dep't of Homeland Sec.*,
  No. 17-cv-998-ESH (D.D.C.) ..................................................................... *passim*

*\*R.I.L-R v. Johnson*,
  80 F. Supp. 3d 164 (D.D.C. 2015) ...............................................................9, 11, 15

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ............................................................................8, 15

*Ross v. Lockheed Martin Corp.*,
  267 F. Supp. 3d 174 (D.D.C. 2017) ........................................................................4

*Santillan v. Ashcroft*,
  No. C04-2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) .....................15

*Taylor v. Dist. of Columbia Water & Sewer Auth.*,
  241 F.R.D. 33 (D.D.C. 2007) ................................................................................11

*\*Thorpe v. Dist. of Columbia*,
  303 F.R.D. 120 (D.D.C. 2014) .....................................................................4, 9, 12

*\*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................... *passim*

**Statutes**

8 U.S.C. § 1440.................................................................................................................. *passim*

**Rules**

Local Rules of the U.S. District Court for the District of Columbia
    Rule 23.1(b) ...........................................................................................................................1

Federal Rules of Civil Procedure
    Rule 23 .............................................................................................................. *passim*

**Other Authorities**

7A Wright & Miller, Federal Practice and Procedure § 1775 .......................................................14

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local Rules of the U.S. District Court for the District of Columbia, Plaintiffs Lucas Calixto, Tounde Djohi, Wanjing Li, Zeyuan Li, Fang Lu, Jingquan Qu, Hembashima Sambe, and Emeka Udeigwe (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (the "Motion").  As set forth below, Plaintiffs ask that the Court (1) certify the requested class; (2) appoint the requested class representatives; and (3) appoint the requested class counsel.

## **BACKGROUND**

The claims in this case arise out of a practice by Defendant United States Department of the Army ("Army") that is being applied to every similarly-situated soldier.  Under Army regulations, Department of Defense ("DoD") regulations, and the fundamental requirements of due process, every soldier is entitled to, at a minimum, (a) prior notice of the Army's intent to discharge or separate him or her from service, explaining the specific reasons or grounds for the discharge, (b) an opportunity to respond and be heard on the matter of the proposed discharge, and (c) the Army's due consideration of the soldier's response prior to a final discharge decision being made.  And, in many circumstances, more process is due, including rehabilitation efforts, counseling, and/or panel or board review and decision-making.  But the Army systematically has not been following its own regulations and thus has failed to afford the process due to soldiers who enlisted through the Military Accessions Vital to the National Interest ("MAVNI") program.

Instead, these MAVNI soldiers are being subjected to national origin discrimination and summary discharges – generally under the guise of "uncharacterized" or "entry level" separations – without notice, explanation, or opportunity to respond.  Defendants have all but admitted that

1

this practice violates its own policies when, instead of opposing the preliminary injunction requested by Plaintiff Private Second Class ("PV2") Lucas Calixto, Defendants instead responded that the Army had "decided to revoke Plaintiff's discharge" and would "comply with the applicable law and regulations governing administrative separation of soldiers" in the event of any new proposed discharge.   Dkt. 15, at 1.   While Defendants have revoked PV2 Calixto's discharge, Defendants have not done the same for numerous other MAVNI soldiers who have been subjected to improper summary discharges.   Plaintiffs' counsel contacted Defendants' counsel and sought assurances that Defendants would revoke the discharges of soldiers situated similarly to PV2 Calixto, but Defendants did not respond to the communication or otherwise represent that they would provide relief to any soldier beyond PV2 Calixto.

Plaintiffs contend that Defendants' practice violates the Army's own regulations, DoD regulations, and is contrary to law.   In particular, Army and DoD regulations establish the process to be afforded to soldiers before a discharge decision is made, and these soldiers additionally are entitled to the fundamental requirements of substantive and procedural due process and equal protection.   If Plaintiffs are right, their declaratory, Administrative Procedure Act ("APA"), injunctive relief, and constitutional claims will prevail such that all MAVNI soldiers must be afforded the process due (and provided to other soldiers) in advance of separation from the Army.

Plaintiffs' claims in this case are not dependent on an individualized assessment of whether discharge is appropriate under the circumstances that exist for any individual soldier.   The question here is the legality of the Army's practice of summarily discharging MAVNI soldiers without the process due.   In other words, the claims here are common among Plaintiffs and similarly-situated soldiers and warrant class action certification under Rule 23.

## **ARGUMENT**

I.      **The Proposed Class**

Plaintiffs seek certification of a class of soldiers:

(1)     who have enlisted in the U.S. Army (including the Army Reserve) through the MAVNI program;

(2)     who are the subject of a final discharge or separation decision since September 30, 2016 (whether or not the soldier received a formal discharge order and regardless of whether the "effective date" of the discharge or separation has passed);

(3)     whose discharge or separation has not been characterized by the Army (including "uncharacterized" and "entry level" discharges or separations);  and

(4)     whose final discharge or separation decision was made without the soldier first being afforded the process due under applicable Army and DoD regulations and the law, including adequate notice of the discharge grounds, an opportunity to respond, due consideration of the soldier's response by the Army, or other requirements of law.[1]

Plaintiffs and the class members share several common questions, and the relief Plaintiffs seek would apply broadly to all members of the class.  For instance, as described in the Complaint, Plaintiffs seek declaratory relief that, because Army and DoD regulations set forth specific procedures that must be followed before a final discharge decision is made with respect to a soldier whose discharge is without characterization and Defendants failed to follow those procedures with respect to Plaintiffs and similarly-situated soldiers, the final discharge decisions are unlawful and must be revoked.  *See* Amended Complaint ("AC") ¶¶ 154-156.  Additionally, Plaintiffs seek, among other relief, preliminary and permanent injunctive relief for Plaintiffs and similarly-situated

---

[1]     With respect to the named Plaintiffs, these facts have been set forth in Plaintiffs' declarations submitted in support of the contemporaneously-filed Motion for Preliminary Injunction.

soldiers that would, among other things, have the Army revoke the final discharge decisions and fully reinstate the soldiers in the military.  *See* AC ¶¶ 157-161.

Certifying the proposed class would result in both judicial economy and the efficient use of party resources "by permitting an issue potentially affecting every class member to be litigated in an economical matter," which courts have identified as a primary purpose of class actions. *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 143 (D.D.C. 2014) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982)); *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983) (noting a primary purpose of class actions as the "promotion of efficiency and economy," including by avoiding multiple suits).

## II.   The Rule 23 Standard

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for class certification.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, (2011); *Garcia v. Johanns*, 444 F.3d 625, 631 (D.C. Cir. 2006).  First, Rule 23(a) specifies that the class satisfy four criteria:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *see also Wal-Mart*, 564 U.S. at 349 ("Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.").

Second, class action certification requires establishing that the purported class action fits into one of the three categories listed in Rule 23(b).  *See Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 190 (D.D.C. 2017).  The circumstances here satisfy Rule 23(b)(1)(A), which states that class certification is appropriate where separate actions by individual class members "would create a risk of . . . inconsistent or varying adjudications . . . that would establish incompatible

standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).  Alternatively, Rule 23(b)(2) is satisfied because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

## III.   **Plaintiffs Satisfy Rule 23(a)**

Each Rule 23(a) requirement – numerosity, commonality, typicality, and adequacy – is present here.

### A.   **The Proposed Class Is So Numerous That Joinder of All Members Is Impracticable**

Rule 23(a)(1)'s numerosity factor assesses whether joinder is impracticable due to the size of the class.  The operative question is whether it would be too inconvenient and difficult – for the court and the parties – to join all members of the class individually and to litigate each member's claims on an individualized basis.  *See DL v. Dist. of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013) ("Demonstrating impracticability of joinder does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." (internal quotations and citations omitted)); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 306–07 (D.D.C. 2007) (explaining that test for impracticability is not just concerned with numbers but also with geographic location, convenience, judicial economy, and the nature of the action); s*ee also Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000) (noting that the numerosity requirement is satisfied where it is clear that joinder would be impracticable).

The numerosity requirement "imposes no absolute limitations" as to the minimum number of class members and is determined on a case-by-case basis.  *Bynum v. Dist. of Columbia*, 214 F.R.D. 27, 32 (D.D.C. 2003) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330

(1980)).  However, as a general benchmark, "a class of at least forty members is sufficiently large." *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 25 (D.D.C. 2006); *see also Healthy Futures of Tex. v. HHS*, No. 1:18-cv-992 (KBJ), 2018 U.S. Dist. LEXIS 91872, *10 (D.D.C. June 1, 2018) (finding proposed class consisting of "more than sixty" organizations satisfied numerosity requirement); *Meijer*, 246 F.R.D. at 306 (finding proposed class consisting of thirty members satisfied numerosity requirement and noting that "as few as 25-30 class members should raise a presumption that joinder would be impracticable, and thus the class should be certified" (quoting *EEOC v. Printing Indus. of Metro. Washington, D.C., Inc.*, 92 F.R.D. 51, 53 (D.D.C. 1981)).  Furthermore, Plaintiffs do not need to provide an exact number of individuals who fall within the class to merit certification.  *See, e.g.*, *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 40 (D.D.C. 2017) (finding class satisfied the numerosity requirement "[a]lthough the parties have not presented any precise data about the size of the class"); *Kifafi v. Hilton Hotels Ret. Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers.").

Plaintiffs have demonstrated numerosity.  AC ¶¶ 141-146.  Although the exact number of class members is unknown to Plaintiffs at this time as such information resides exclusively within the province of Defendants and must await Defendants' disclosure/discovery, Plaintiffs have grounds to believe that the proposed class currently exceeds 40 individuals and that, unless the Court provides the requested preliminary injunctive relief, the number of class members is likely to grow substantially larger.

Media reports from several weeks ago indicated that, at that point in time, more than 40 MAVNIs already had been discharged in a manner similar to Plaintiffs.  *See, e.g.*, Martha Mendoza

& Garance Burke, *U.S. Army Quietly Discharging Immigrant Recruits*, APNews.com (July 6, 2018), *available at* https://www.apnews.com/38334c4d061e493fb108bd975b5a1a5d.  Further, in a related action (*Nio v. DHS*), DoD submissions to the Court indicate that, as of June 29, 2018, 111 members of that class either already had attended basic training or are "no longer serving." *Nio*, Dkt. 170, Ex. A (111 derived by filtering the far right column to reflect only the "N/A" entries).  Plaintiffs understand that the majority of the 111 MAVNI soldiers on that list are "no longer serving" because they have been summarily discharged/separated.  In another related action, *Kirwa v. DoD*, DoD representatives asserted on June 15, 2018 that at 86 MAVNI soldiers who are members of the *Kirwa* class have been discharged from the Army.

Moreover, a Pentagon spokesperson recently stated that the Army expects to discharge approximately one-third of the MAVNI soldiers still waiting for MSSDs, and earlier DoD estimates suggested that DoD expected closer to half of the MAVNI soldiers to receive "unfavorable" adjudications.  *See, e.g.*, Carla Babb, *Pentagon: 2 of 3 Immigrants in U.S. Military Program Go on to Serve*, VOANews.com (July 12, 2018), *available at* https://www.voanews.com/a/pentagon-two-of-three-immigrants-in-special-us-military-program-go-on-to-serve/4480484.html.    As a result, the proposed class likely is larger than the numbers Plaintiffs are able to glean from MAVNI community discussions, media reports, and windows of information from DoD and the Army in the related cases.  And, absent this Court's grant of preliminary injunctive relief, based on current estimates, this proposed class easily could grow to include many hundreds of members.  *See* Nio, Dkt. 17-8 (May 2017 DoD Action Memo identifying MAVNI populations, including "Group 3" and "Group 4" totaling well over 4,000 "DTP" and "DEP" soldiers).

Moreover, because the proposed class is widely dispersed – with MAVNI soldiers having enlisted and serving across the country – joinder is impracticable.  *See Meijer*, 246 F.R.D. at 306 ("[C]ourts often take the geographical location of the proposed class members into consideration when deciding whether or not certification is appropriate." (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 259 (D.D.C. 2002))); *Lewis v. Nat'l Football League*, 146 F.R.D. 5, 8–9 (D.D.C. 1992) (finding joinder "clearly impracticable" and numerosity requirement satisfied where proposed class consisted of approximately 250 players who were geographically dispersed).  Here, the eight named Plaintiffs alone reside in eight different states and are/were serving in the military in locations in eight different states.  *See* AC ¶¶ 15-22.

Finally, the numerosity inquiry may take into account the "financial resources of class members" and "the ability of claimants to institute individual suits."  *DL*, 302 F.R.D. at 11 (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).  Here, Plaintiffs and the class members are enlisted soldiers, the majority of whom have limited alternative work opportunities due to their enlistment and immigration status.  *See Robidoux*, 987 F.2d at 936 (finding that class members' limited financial resources and little ability to institute individual suits weighed in favor of finding joinder impracticable).  Indeed, due to their limited resources and circumstances, Plaintiffs are represented in this action by counsel on a pro bono basis.

For these reasons, the proposed class meets the numerosity requirement of Rule 23(a)(1).

## B.  There Are Common Questions of Both Law and Fact

Plaintiffs meet Rule 23(a)(2)'s commonality requirement as well.  Commonality is satisfied when questions of law or fact are common among class members.  Fed. R. Civ. P. 23(a)(2).  In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that the commonality test is met when the claims of the class depend on a "common contention [that] is capable of classwide

resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." 564 U.S. at 350.  And, as this Court has explained, "[e]ven a single common question will do." *Thorpe*, 303 F.R.D. at 145.  In other words, the commonality test is met where there is at least one issue, the resolution of which will affect the class.  Thus, the commonality requirement for class certification is satisfied where "resolution of these common contentions will generate common answers for the entire class and resolve issues that are central (and potentially dispositive) to the validity of each plaintiff's claim and the claims of the class as a whole." *Id.* at 146–47.

This case presents a central question common to each class member:  Whether it is unlawful for the Army to discharge MAVNI soldiers – through a discharge without a characterization – without following the mandatory procedures laid out in Army and DoD Regulations and without otherwise affording discharged soldiers the process that is due under the U.S. Constitution.  Indeed, the commonality "inquiry is simplified in cases like the instant one, because, as the D.C. Circuit has explained, a challenge to 'a uniform policy or practice that affects all class members' in the same way clearly gives rise to common questions of fact or law." *Healthy Futures of Tex.*, 2018 U.S. Dist. LEXIS 91872, at *11 (quoting *DL*, 713 F.3d at 128); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (granting provisional class certification, in part because DHS policy of having Immigration and Customs Enforcement consider deterrence of mass immigration as a factor in custody releases satisfied the commonality requirement); *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8–9 (D.D.C. 2010) (certifying class and finding commonality where "challenged activity is the same" for plaintiffs and class members and involved company's alleged policy of withholding portion of employees' gross wages); *Johnson v. Dist. of Columbia*, 248 F.R.D. 46, 53 (D.D.C. 2008) (certifying class of female arrestees where principal legal issue was

whether defendants' blanket strip search policy violated class members' Fourth and Fifth Amendment rights).

Moreover, "factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members." *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8 (D.D.C. 2010) (quoting *Bynum v. Dist. of Columbia*, 217 F.R.D. 43, 46 (D.D.C. 2003)); *see also Damus v. Nielsen*, No. 18-578 (JEB), 2018 U.S. Dist. LEXIS 109843, at *29 (D.D.C. July 2, 2018) (finding common question in allegation that ICE was "no longer providing the 'individualized determinations' of parole eligibility and procedural protections required by the Parole Directive," even if circumstances of individual detentions might vary).

For example, in the related *Nio* case, this Court certified a class of MAVNI soldiers with respect to the validity of DHS and DoD policies and practices despite some individual variability: "The Court acknowledges the factual variations among class members, but finds that they do not impact the overarching questions common to the class: (1) Do defendants have the legal authority to implement these policies and practices? (2) Did defendants implement their new policies and practices in accordance with the strictures of the APA? and (3) Do these policies and practices otherwise violate the Constitution, the APA, or other applicable law?" *Nio v. U.S. Dep't of Homeland Sec.*, 323 F.R.D. 28, 32 (D.D.C. 2017).

Here, the proposed class members share key factual characteristics:  (1) All are soldiers enlisted through the MAVNI program; (2) all are the subject of a final discharge or separation order; (3) all of these orders lack a "characterization" by the Army (*e.g.*, they are "entry level" or "uncharacterized" separations); and (4) all of these soldiers have been denied the process due to them prior to discharge.  Plaintiffs are challenging Defendants' practice of summarily discharging

MAVNI soldiers because they are MAVNI soldiers.  This Army practice, as Plaintiffs allege in the Complaint, violates Army and DoD regulations, the APA, and constitutional due process and equal protection.  Thus, Plaintiffs seek declaratory, injunctive, and other relief so that Defendants do not continue to summarily discharge MAVNI soldiers and that improper discharge orders are revoked, with soldiers being fully reinstated in the Army.  In other words, all members of the proposed class are challenging the same unlawful Army practice – which uniformly applies to all class members – and the Court's determination of whether that practice is unlawful would resolve all class members' claims "in one stroke."  *Wal-Mart*, 564 U.S. at 350.

### C.    Plaintiffs' Claims Are Typical of the Claims of the Class as a Whole

The third component of Rule 23(a) requires that the claims of the representatives be typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  *See Taylor v. Dist. of Columbia Water & Sewer Auth.*, 241 F.R.D. 33, 44 (D.D.C. 2007).  "[A] class representative's claims are typical of those of the class if 'the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims.'"  *Encinas*, 265 F.R.D. at 9 (quoting *Bynum*, 214 F.R.D. at 34).  Indeed, the typicality and commonality requirements often merge because both requirements "serve as guideposts" in determining "whether a class action is practical and whether the representative plaintiffs' claims are sufficiently interrelated with the class claims to protect absent class members."  *R.I.L-R*, 80 F. Supp. 3d at 181 (internal quotations and citations omitted); *see also Falcon*, 457 U.S. at 157 n.13 (stating that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge").

Here, Plaintiffs' claims arise from the same conduct by Defendants that provides the basis for all class members' claims, namely, the Army's refusal to provide process for MAVNI discharge determinations and to take the necessary corrective action.  Notwithstanding any

11

individual or factual differences that may exist among the members of the proposed class, each member is subject to the same unlawful practices and the same types of injuries.  Plaintiffs are not asking the Court, in this action, to review or make any individual discharge determinations based on the facts or circumstances of any individual soldier's background or conduct, but only to decide whether the Army must follow regulations and abide by the Constitution in the discharge process. Accordingly, the typicality requirement of Rule 23(a) is satisfied.

      **D.**     **The Named Plaintiffs Fairly and Adequately Represent the Interests of the Class**

To meet the Rule 23(a)(4) condition that the named Plaintiffs "fairly and adequately protect the interests of the class," (1) the interest of the representative parties must not conflict with the interests of the other class members, and (2) the representative parties – through counsel – must be prepared to vigorously pursue the class members' interests.  *See Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997); *Thorpe*, 303 F.R.D. at 150.  Here, both of these conditions are satisfied.

First, there is no conflict between the named Plaintiffs and the proposed class.  In fact, they have mutual goals, which are to have the Court declare as unlawful and put a stop to Defendants' practice of summarily discharging MAVNI soldiers and to fully reinstate them in the Army.  As such, Plaintiffs are seeking declaratory, injunctive, and other relief that will benefit all class members and the class representatives' interests in this litigation are co-extensive and shared with those of the class as a whole.

Second, Plaintiffs' attorneys are competent and fully prepared to vigorously represent and pursue the interests of the class.  Plaintiffs' counsel have dedicated considerable work and committed significant resources to this case and the underlying issues.  *See* Declaration of Douglas W. Baruch ("Baruch Decl.") ¶ 8.  They will continue to do so.  *Id.* ¶ 9.  Plaintiffs' attorneys are

qualified, and they have the motivation and resources to vigorously represent the class and litigate this case. *Id.* ¶¶ 2-9. They have no other professional commitments which are antagonistic to, or which would detract from, their efforts to seek a favorable decision for the proposed class in this case. *Id.* ¶ 10. Plaintiffs' counsel have extensive experience in public interest cases and complex federal litigation, including litigation against the federal government. *Id.* ¶¶ 3-6. Plaintiffs' counsel also are serving as appointed class counsel in the related *Kirwa* and *Nio* actions involving MAVNI soldiers. As this Court noted in certifying the *Nio* class, "Given counsel's knowledge, experience, resources, and commendable work already done in the case, the Court has no doubt that plaintiffs' counsel can adequately represent the class." *Nio*, 323 F.R.D. at 34.

## IV.   Class Certification Is Appropriate Under Rule 23(b)(1) and/or Rule 23(b)(2)

Beyond satisfying the four prongs of Rule 23(a), a certifiable class action must fall within one of the categories of cases set forth in Rule 23(b). This action qualifies for class certification under either Rule 23(b)(1) or Rule 23(b)(2). *See Wal-Mart*, 564 U.S. at 361–62 ("Classes certified under (b)(1) and (b)(2) share the most traditional justifications for class treatment – that individual adjudications would be impossible or unworkable, as in a (b)(1) class, or that the relief sought must perforce affect the entire class at once, as in a (b)(2) class.").

A class action is warranted under Rule 23(b)(1)(A) when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). As this Court has held, it is appropriate to certify a class action under Rule 23(b)(1)(A) "when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is either legal or illegal as to all members of the class." *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002) (citing 5

Moore's Fed. Practice § 23.41[4] (3d ed. 2000)).  Plaintiffs easily satisfy this standard.  If the individual class members were to bring separate suits to challenge Defendants' practice with respect to each class member's discharge orders, the adjudication of these actions may result in inconsistent decisions and/or varying standards.

Alternatively, a class action may be certified under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (internal quotation and citation omitted).  To qualify under Rule 23(b)(2), "the party opposing the class does not have to act directly against each member of the class.  The key is whether the party's actions would affect all persons similarly situated so that those acts apply generally to the whole class." 7A Wright & Miller, Federal Practice and Procedure § 1775 (internal quotations and citations omitted).  This is precisely the case here.  Plaintiffs are challenging the lawfulness of the Army's practice that deprived Plaintiffs and the class members of the process they are due under the Army's own regulations and under the U.S. Constitution.  This challenged Army practice of summary discharges applies to all class members simply by virtue of their designation as MAVNI soldiers, without regard to the individual circumstances of their cases or any other differences among them.

Rule 23(b)(2) – as indicated in the Advisory Committee Notes that accompany the published rule – "is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding

declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate." Fed. R. Civ. P. 23, Comment to Subdivision (b)(2). Indeed, courts have long recognized that certification under Rule 23(b)(2) is a particularly important – and appropriate – vehicle for actions challenging the government's policies and practices. *See, e.g.*, *R.I.L-R*, 80 F. Supp. 3d at 182, (certifying class under Rule 23(b)(2) where plaintiffs challenged DHS policy generally applicable to all class members); *Robidoux*, 987 F.2d at 936 (vacating lower court's denial of class certification in case challenging delays in processing public assistance benefits); *Santillan v. Ashcroft*, No. C04-2686-MHP, 2004 WL 2297990, at *12 (N.D. Cal. Oct. 12, 2004) (certifying class under Rule 23(b)(2) where plaintiffs challenged government's policy on when it issued documents on lawful permanent status and sought injunctive relief to change "a set of national policies and practices in place for background and security checks").

Moreover, with regard to the class claims and relief sought, class members do not seek any "individualized" relief. *See Wal-Mart*, 564 U.S. at 361 (holding that "[p]ermitting the combination of individualized and classwide relief in a (b)(2) class is . . . inconsistent with the structure of Rule 23(b)"). As discussed above, Plaintiffs seek an order declaring that Defendants' practice of summarily discharging MAVNI soldiers is unlawful and directing that Defendants fully reinstate these soldiers in the Army. Further, injunctive relief requiring the Army to revoke summary discharges and reinstate soldiers does not introduce the sort of variability that could defeat class certification. *See Healthy Futures of Tex.*, 2018 U.S. Dist. LEXIS 91872, at *18 (explaining that court order requiring HHS to "accept and process" each application "in the same manner as before" could not "somehow introduces the type of variability with respect to the agency's treatment of the class members that renders the certification of this class under Rule 23(b)(2) improper").

## V.     The Court Should Designate Plaintiffs' Counsel as Class Counsel

The Court, upon certifying the class, also must appoint class counsel.  Fed. R. Civ. P.

23(c)(1)(B) & 23(g).  Under Rule 23(g), the Court must consider the following four factors:

      i.   the work counsel has done in identifying or investigating
potential claims in the action;

      ii.  counsel's experience in handling class actions, other complex
litigation, and the types of claims asserted in the action;

      iii.  counsel's knowledge of the applicable law; and

      iv.  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).  As explained above without respect to adequacy, Plaintiffs'

counsel satisfy these four factors.  *See also* Baruch Decl. ¶¶ 2-10.

Counsel are experienced litigators, who have been involved in multiple complex class

actions and other important federal court cases against the Government.  The most senior lawyers

on the trial team are all highly experienced litigators, with decades of combined federal court

litigation experience.   Baruch Decl. ¶¶ 3-6.   Most notably, counsel's experience includes

appointment as class counsel in the related *Kirwa* and *Nio* class actions on behalf of classes of

MAVNI soldiers.  *Id.* ¶¶ 5-6.  Counsel are knowledgeable on the requirements and provisions of

Army and DoD regulations, the APA, and the Constitution.

Counsel have expended substantial resources and time investigating and researching the

issues in this case and in the related *Kirwa* and *Nio* class actions, and they are prepared to commit

the resources necessary to successfully and thoroughly prosecute this case.  Baruch Decl. ¶¶ 8-9.

For example, counsel extensively researched the claims in this case before filing suit, including

performing factual research on the background of this case and conducting extensive legal research

on the legal bases of the claims raised herein, both during the preparation for the actual filing of

this case and during their handling of the *Kirwa* and *Nio* class actions.  *See, e.g.*, *Greenberg v.*

*Colvin*, 63 F. Supp. 3d 37, 47 (D.D.C. 2014) (noting law firm's "significant history of investigating the claims in this action" in granting the class counsel appointment); *Encinas*, 265 F.R.D. at 9 ("Counsel have already committed substantial time and resources to identifying and investigating potential claims in the action."). Accordingly, Plaintiffs' counsel qualify for class counsel appointment in this case.

## CONCLUSION

For these reasons, Plaintiffs' motion should be granted. Plaintiffs respectfully request that the Court certify the proposed class and appoint undersigned counsel to represent the class.

Dated: August 3, 2018

Respectfully submitted,

*/s/ Douglas W. Baruch*
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Joseph J. LoBue (D.C. Bar No. 484097)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Shaun A. Gates (D.C. Bar No. 1034196)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com
Email: joseph.lobue@friedfrank.com

*Counsel for Plaintiffs*