**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LUCAS CALIXTO, et al.

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
THE ARMY, et al.,

*Defendant*s.

Civil Action No.18-1551 (ESH)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY AND FOR
BRIEFING SCHEDULE**

In accordance with the Court's October 5, 2018 order, ECF No. 39, Defendants submit

this Response to Plaintiffs' motion to lift the stay on the pending motions for preliminary

injunction and class certification and for an order reinstating MAVNIs, ECFs Nos. 33, 36.  The

Court ordered that the Defendants' response "address, *inter alia*, whether any issues can be

addressed now regarding MAVNIs discharged before the July 20, 2018 memorandum, whether

the Court should collapse the preliminary injunction request on the merits and proceed to

summary judgment, Fed.R.Civ.Pro. 65(a)(2), and whether the Army will reinstate MAVNIs

whose discharges have been revoked."  ECF No. 39.

**FACTS**

1.   The Army suspended discharges of MAVNIs who received an unfavorable MSSD in

accordance with the Assistant Secretary of the Army's (Manpower & Reserve Affairs) ("ASA

M&RA's") July 20, 2018 memo.  ECF No. 22-1, ¶3.

2.   The July 20, 2018 suspension of discharges remains in effect.  The Army has not and

will not discharge MAVNI soldiers who have received an unfavorable MSSD until a policy is approved and at least 14 days have elapsed since the Defendants share the policy with the Court. ECF No. 32.  "Recent media reports" cited by Plaintiffs bear no relation to the Defendants' on-going review of the MAVNI discharge policy.

3.   The Army is still engaged in internal policy analysis and development of courses of action to address the administrative separation procedures applicable to MAVNI soldiers, including policy regarding individuals discharged prior to July 20, 2018 memo.  ECF No. 32.

4.   Plaintiffs Calixto and Djohi were discharged from the United States Army Reserve ("USAR").  Their discharges have been revoked and they have been reinstated in the USAR. ECF No. 22-1, ¶¶ 5-6.

5.   Five other named plaintiffs were not discharged from the Army.  They received "discharge orders" from the United States Army Recruiting Command ("USAREC"), but were not discharged from the USAR.  The Army revoked their USAREC "discharge orders" while they continued to be assigned to their USAR units.  ECF No. 22-1, ¶¶7, 9-12.

6.   Soldiers enrolled in the Delayed Training Program are assigned to both the USAR and USAREC.  Each command must issue discharge orders to effect removal from their respective personnel rolls.  USAREC issues discharge orders to remove soldiers from the Future Soldier Training Program and cancel training reservations.  Once the United States Army Reserve Command ("USARC") issues a discharge orders, the soldier is removed from the USAR's rolls and is discharged from the Army.  ECF No. 22-1, ¶ 4.

7.   Plaintiff Zeyuan Li remains discharged from the USAR.  Plaintiff Z. Li's separation was initiated for refusing to cooperate during the required Counterintelligence (CI) security interview.  He did not receive a MSSD.  ECF No. 22-1, ¶8.

**A. The Army is Considering Policy Regarding MAVNIs Discharged Before the July 20, 2018 Memorandum**

Due to the Army's on-going policy review as discussed above, it would not be appropriate for the Court to address issues now regarding MAVNIs discharged before the July 20, 2018 memorandum.  Defendants respectfully request the Court stay consideration of these issues until the Army has completed its policy development.

**B. The Court Should Collapse the Preliminary Injunction Request on the Merits, But Only With Regard to the Named Plaintiffs**

The Court ordered Defendants to address "whether the Court should collapse the preliminary injunction request on the merits and proceed to summary judgment, Fed.R.Civ.Pro. 65(a)(2)."  ECF No. 39 at 2.  In that regard, Defendants agree with Plaintiffs that the case, as currently postured, presents a straightforward legal issue.  That is, whether the named Plaintiffs' purported discharges were arbitrary, capricious, or otherwise not in accordance with law.  Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

This legal issue is made even more straightforward given that Plaintiffs Calixto, Djohi, and Z. Li were the only named plaintiffs actually discharged from the Army.  ECF No. 22-1.  The Army revoked Calixto's and Djohi's discharges.  *Id.*  Z. Li was discharged before receiving a MSSD, and his discharge will not be revoked.  *Id.*  The five other named plaintiffs were not discharged from the Army.  *Id.*  The Army suspended all discharges for MAVNIs who received unfavorable MSSDs and this policy remains in effect.  The Army is still reviewing its policy with regard to the process for initiating and implementing MAVNI discharges.  As a result, the only issue before the Court would be whether Plaintiff Z. Li's discharge was "arbitrary, capricious, or otherwise not in accordance with the law."  Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

3

Defendants agree that the Court should collapse the Plaintiffs' preliminary injunction request on the merits, but only with regard to the named plaintiffs.

**C. The Army's On-going Policy Review Warrants Continued Stay of Briefing on Plaintiffs' Request for Provisional Class Certification**

In order to certify even a provisional class, the Court must be satisfied that the requirements of Rule 23 have been met. *Berge v. U.S.*, 949 F.Supp. 2d 36, 49 (D.D.C. 2013). To certify a class under Rule 23, a plaintiff bears the burden to show that the proposed class satisfies all four requirements of Rule 23(a) and one of the three Rule 23(b) requirements. See *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548, 2551, 180 L.Ed. 2d 374 (2011). The plaintiffs must also show that a named plaintiff has a live claim. *R.I.L. – R v. Johnson*, 80 F. Supp. 3d 164, 179 (D.D.C. 2015). A class should not be certified "[w]hen the issue presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 489, 89 S. Ct. 1944, 23 L.Ed. 2d 491 (1969).[1]

The Court cannot make a proper determination on class certification, even provisional class certification, until the Army has completed its policy review and determined how it will (1) address the individuals whose discharge actions have been suspended; and (2) address the individuals who have already been discharged from the MAVNI program based on unfavorable MSSDs. In short, the Court cannot certify a class until the Army has completed its policy review and implemented its policy. *See Berge v. U.S.*, 949 F.Supp. 2d 36, 49 (D.D.C. 2013) (in order to certify even a provisional class, the Court must be satisfied that the requirements of Rule 23 have been met).

---

[1] Defendants acknowledge that after class certification "a class action is not mooted by the 'intervening resolution of the controversy as to the named plaintiffs.'" *Sosna v. Iowa*, 419 U.S. 393, 401, 95 S.Ct. 553, 402 L.Ed. 2d 532 (1975).

For these reasons, the Army's on-going policy review warrants continued stay of briefing on Plaintiffs' request for provisional class certification.

### D. **The Court Should Not Lift the Class Certification or Preliminary Injunction Briefing Stay**

Should the Court decline to set the matter for summary judgment briefing and argument, the Court should not lift either the class certification or preliminary injunction briefing stay because Defendants are still in the process of reviewing discharge procedures relative to MAVNI soldiers discharged for unfavorable MSSDs. ECF No. 32. Further, Plaintiffs' Motion for a Preliminary Injunction is inextricably linked to its motion for class certification. In other words, until the Court defines the class, the parties cannot know to whom the preliminary injunction would apply and which of Defendants' actions plaintiffs seek to enjoin.

#### 1. **Defendants are Currently Reviewing MAVNI Discharge Procedures**

Defendants are still reviewing discharge procedures relative to MAVNI Soldiers who have received unfavorable MSSDs. ECF No. 32. The Army is also considering how a revised or new discharge policy might affect MAVNI soldiers who were discharged prior to the July 20, 2018 memorandum.[2] In accordance with the Deliberative Process Privilege[3], the Army has not

---

[2] In their filing located at ECF No. 34, Plaintiffs submitted a memorandum they purport to be a memorandum from LTG Seamands, Army Deputy Chief of Staff G-1. The Army did not provide this document to Plaintiffs. This document should be sealed as it is protected by the Deliberative Process Privilege. Defendants do not waive the Deliberative Process Privilege with regard to their policy review in general, and documents related thereto.

[3] The Deliberative Process Privilege is an "ancient privilege . . . predicated on the recognition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." *Dow Jones & Co. v. Dep't of Justice*, 917 F.2d 571, 573 (D.C. Cir. 1990)(internal quotation marks omitted). The privilege covers materials "that are both predecisional and deliberative," *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006); that is to say, documents that are "generated before the adoption of an agency policy" and that "reflect the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866, 199 U.S. App. D.C. 272 (D.C. Cir. 1980).

reported specifics of the policy-making process, but has provided updates to the extent that it could without waiving the privilege.

In its August 20, 2018 status update, Defendants reported that on August 15, 2018, the Deputy Chief of Staff G-1 forwarded recommendations for consideration and approval.  ECF No. 24.  Those recommendations, including redeveloped MSSD notification memorandums and procedures, are being reviewed for legal, regulatory, and operational feasibility.  Prior to approving and implementing the policy, the Army also must consider manpower and resource requirements to implement the new policy.  *Id.*  At the time of the August 20 report, the Army estimated it could take up to 60 days from the time the recommendations were submitted (estimated at the time to be September 4, 2018) to review and develop a policy regarding discharge procedures for MAVNI soldiers who received unfavorable MSSDs.  *Id.* at Ex. 1.

Defendants are still engaged in internal policy analysis and development of courses of action to address the administrative separation procedures applicable to MAVNI soldiers, including policy regarding individuals discharged prior to July 20, 2018 memo.  ECF No. 32.  Until this review is completed, and the new policy approved and implemented, it is impossible to certify a class, even a provisional class.  Likewise, without knowing who is in the class, it is impossible to determine what, if any, relief is appropriate.  The Army will provide in its bi-weekly report an updated timeline for when the Army expects to complete its review and submit a proposed policy for review in accordance with the Court's August 13, 2018 order.

### 2. The Army Has Reinstated MAVNIs Whose Discharges Have Been Revoked

"The Courts have always been reluctant to interfere in the management of the military services.  The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to

interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." *Kreis v. Sec'y of the Air Force*, 275 U.S. App. D.C. 390, 866 F. 2d 1508 (D.C. Cir. 1989) (citing *Orloff v. Willoughby*, 345 U.S. 83, 73 S. Ct. 534, 97 L.Ed. 842 (1953).

In their response, Plaintiffs ask the Court to disregard this principle disfavoring judicial interference with military decisions and compel the Army to fully reinstate Plaintiffs whose discharges have been revoked or suspended. In essence, Plaintiffs request that the Court take on the duties of a *de facto* member of each named plaintiff's chain of command and address soldier issues that arise regularly in the course of military service.

The deferential standard for reviewing Correction Board actions has some applicability here. The "deferential standard is calculated to ensure that the Courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *See Orloff*, 345 U.S. at 94. Here, the Plaintiffs are attempting to make this Court a forum for plaintiffs to bring complaints that are "soldier issues" (pay, network connectivity, or the need for an identification card) (*See* ECF No. 33 at 11) that are better addressed by the soldier's unit chain of command.

There is no need for judicial action in this case. The Army has reinstated all MAVNIs whose discharges have been revoked. All Plaintiffs whose discharges have been revoked are now on their respective unit's roster. Five of the named Plaintiffs did not have to be "reinstated" because they were never discharged from the U.S. Army Reserve. ECF No. 22-1. Specifically, the two soldiers discharged from the USAR, Plaintiffs Calixto and Djohi, have been reinstated on their unit's rosters. Plaintiff Calixto attended his unit's Battle Training Assembly ("drill") in September and, despite Plaintiffs' counsel's attempts to suggest otherwise, reported no issues

with network connectivity, pay, Tricare, or anything else.  Plaintiff Djohi will be able to attend his unit's drill the third week of October.

In their response, Plaintiffs claim some of the named plaintiffs, including Plaintiff Calixto, are not "fully reinstated" because they are not able to drill with their units, they lack access to their unit records, or are not being recognized as a serving soldier.  ECF No. 33 at 11. Curiously, Plaintiffs' counsel provides specificity with regard to just one individual, Plaintiff Sambe.  ECF No. 33 at 11.  Plaintiff Sambe is indeed experiencing a pay issue with the Defense Finance and Accounting Service ("DFAS"), as many Soldiers do.  In accordance with the Army's procedure for addressing Soldier's issues, Plaintiff Sambe's chain of command is currently helping Plaintiff Sambe resolve the DFAS issue.  Defendants are aware that Plaintiff Djohi also experienced a pay issue, but his issue was unrelated to his purported discharge, and his chain of command resolved the issue.  Plaintiff Qu had difficulty obtaining an identification card.  The unit has addressed Plaintiff Qu's issue and he is now able to obtain an identification card.  Units reported that no other named Plaintiff has raised any other issues.

Plaintiffs' claims that the named Plaintiffs have not been fully reinstated are not supported with evidence.  To the contrary, each named Plaintiff is able to drill with his or her unit.  If a named Plaintiff (or any soldier for that matter) experiences difficulty with respect to any aspect of his or her service, he or she simply needs to address the issue with the chain of command.  The Army is well-prepared to deal with soldier issues and has been doing so for 243 years.  Each soldier's chain of command will continue to help each named Plaintiff just as they would any other soldier.  Defendants' counsel suggested this course of action to Plaintiffs' counsel and, despite Plaintiffs' counsel's suggestions to the contrary, each named plaintiff who has had an issue has been able to work through his or her chain of command to obtain relief.

The Army is acting in good faith and will continue to address any issues that may arise for the named plaintiffs through their respective chains of command.  Plaintiffs have failed to rebut the "presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith."  *Frizelle v. Slater*, 111 F. 3d 172, 177, 324 U.S. App. D.C. 130 (D.C. Cir. 1997).

In sum, there is no need for the Court to compel the Army to take actions it has already taken or to compel it to conduct its day-to-day operations in accordance with Army procedures.

### 3.  The July 20, 2018 Suspension of MAVNI Discharges Remains in Effect

In their response, Plaintiffs attempt to show that Defendants are discharging MAVNI soldiers in violation of the Court's August 13, 2018 order.  Their attempt fails.  Plaintiffs' mischaracterize the one example they offer in their response, an order discharging a soldier from the Army on September 17, 2018.  This soldier's discharge is unrelated to his MSSD.  In fact, the soldier received a favorable MSSD.  The soldier was discharged for failing to meet medical accession standards as outlined in Department of Defense Instruction ("DoDI") 6130.03 (Medical Standards for Appointment, Enlistment, or Induction into the Military Services) and in Army Regulation (AR) 40-501 (Standards of Medical Fitness). The soldier was given an opportunity to request a medical waiver and did so, but the soldier's request for waiver was disapproved by the Command Surgeon, United States Army Recruiting Command, who serves as the Medical Waiver Authority.  The soldier was therefore medically disqualified and is ineligible to ship to training.  Any individual who does not meet the standards in AR 40-501 and USAREC Regulation 601-210, regardless of the characterization of their MSSD, and are not granted a waiver by the Medical Waiver Authority, are ineligible to ship to training.

Plaintiffs also attempt to make the case that Defendants are not adhering to the suspension of MAVNI discharges because soldiers are being told that they "will be discharged." Even if true, this evidence fails to help Plaintiffs.  Clearly, at present these individuals have not been discharged ("*will* be discharged").  In accordance with current DoD policy, any Soldier who receives an unfavorable MSSD will be processed for separation.  But, in accordance with the July 20, 2018 memorandum, no MAVNI who received an unfavorable MSSD will be discharged. Plaintiffs provide no other evidence to support their contention that the Army is not adhering to the self-imposed July 20, 2018 suspension.

The July 20, 2018 suspension of MAVNI discharges for unfavorable MSSDs remains in effect.  Plaintiffs' suggestions to the contrary lack evidentiary support and fail to rebut the presumption that the Army is carrying out its duties "correctly, lawfully, and in good faith." *Frizelle,* 111 F.3d at 177.

## CONCLUSION

For all of these reasons, the Court should set this case for briefing on summary judgment with regard to the named plaintiffs, and deny Plaintiffs' motion to lift the stay on class certification and preliminary injunction briefing.

Dated:  October 10, 2018

Respectfully submitted,

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By:      _____/s/_____
JEREMY A. HAUGH

10

Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2574
Jeremy.Haugh@usdoj.gov
*Attorneys for Defendant*