**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCAS CALIXTO, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | **Case No. 1:18-cv-01551-ESH** |
| ) | |
| v. ) | |
| ) | **HEARING REQUESTED** |
| UNITED STATES DEPARTMENT OF THE ) | |
| ARMY, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local

Rules of the U.S. District Court for the District of Columbia, Plaintiffs Lucas Calixto, Tounde

Djohi, Wanjing Li, Zeyuan Li, Fang Lu, Jingquan Qu, Hembashima Sambe, Emeka Udeigwe,

Xing Lu, Yisheng Dai, and Bright Izudike (collectively, "Plaintiffs") hereby move the Court for

certification of the following class, including subclasses:

(1)    All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/DTP and Regular Army/DEP soldiers) through the MAVNI program, and

(2)    were the subject of an involuntary administrative discharge action by the Army (including the Army Recruiting Command and/or the Army Reserve Command) after September 30, 2016, where such discharge or separation was not or will not be characterized by the Army (including "uncharacterized" and "entry level" discharges or separations), and

(3)    where such action was taken without the soldier first being afforded the process due under applicable Army and DoD regulations and the law (including adequate notice of the discharge grounds, an opportunity to respond, due consideration of the soldier's response by the Army, or other requirements of law), and

(4)     where the soldier wants to be reinstated in or remain in the Army, and

(5)     where the Army has determined that the soldier:

    a.   [Subclass 1] has an unfavorable MSSD and will be subject to the procedures outlined in the October 26 Memo, or

    b.   [Subclass 2] does not have an unfavorable MSSD and will not be subject to the procedures outlined in the October 26 Memo.

As described in Plaintiffs' Memorandum of Points and Authorities in Support of this Motion, Plaintiffs satisfy the requirements set forth in Federal Rule of Civil Procedure 23(a). First, the Plaintiff class and subclasses meet the numerosity standard. Second, the proposed class members – including members of both subclasses – share common facts and the case raises central legal questions that are common to each class member, including questions arising out of Defendants' practice of summarily discharging MAVNI soldiers because they are MAVNI soldiers. Third, the named Plaintiffs' claims are typical of the claims of the proposed class (and subclasses) as described in Plaintiffs' Memorandum. Fourth, Plaintiffs and their counsel will adequately represent the class, with several Plaintiffs falling into each subclass, and are prepared to vigorously prosecute this action on behalf of the class.

Furthermore, certification of the requested class (including the two subclasses) is warranted under Rule 23(b)(1) because there is a significant risk that separate actions would result in inconsistent decisions and incompatible standards as to Defendants' contested practices and under Rule 23(b)(2) because the class (including both subclasses) has been subjected to Defendants' common practices and Plaintiffs are seeking injunctive and declaratory relief, which is appropriate for the class as a whole.

WHEREFORE, Plaintiffs respectfully move this Court for an Order certifying the class (including two subclasses) and appointing their attorneys as class counsel.

Dated: January 2, 2019

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

__      */s/ Douglas W. Baruch*_____
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:  (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCAS CALIXTO, *et al.*,  ) | |
| ) | |
| PLAINTIFFS,  ) | **Case No. 1:18-cv-01551-ESH** |
| ) | |
| v.  ) | |
| ) | **HEARING REQUESTED** |
| UNITED STATES DEPARTMENT OF THE ) | |
| ARMY, *et al.*,  ) | |
| ) | |
| DEFENDANTS.  ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................................... ii

BACKGROUND ................................................................................................................1

ARGUMENT ......................................................................................................................3

    I.      The Proposed Class ............................................................................................3

    II.     The Rule 23 Standard ........................................................................................5

    III.    Plaintiffs Satisfy Rule 23(a) ..............................................................................6

          A.     The Proposed Class Is So Numerous That Joinder of All
                 Members Is Impracticable .............................................................6

          B.     There Are Common Questions of Both Law and Fact .............................10

          C.     Plaintiffs' Claims Are Typical of the Claims of the Class as a Whole ......13

          D.     The Named Plaintiffs Fairly and Adequately Represent the
                 Interests of the Class ...................................................................14

    IV.    Class Certification Is Appropriate Under Rule 23(b)(1)
         and/or Rule 23(b)(2) .............................................................................15

    V.     The Court Should Designate Plaintiffs' Counsel as Class Counsel ......................18

CONCLUSION ..................................................................................................................19

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Adair v. England*,
   209 F.R.D. 5 (D.D.C. 2002) ................................................................................................16

*Bynum v. Dist. of Columbia*,
   214 F.R.D. 27 (D.D.C. 2003) ..............................................................................................7

*Bynum v. Dist. of Columbia*,
   217 F.R.D. 43 (D.D.C. 2003) ........................................................................................11, 13

*Coleman v. Pension Benefit Guar. Corp.*,
   196 F.R.D. 193 (D.D.C. 2000) ............................................................................................7

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983) ............................................................................................................4

*Damus v. Nielsen*,
   313 F. Supp. 3d 317 (D.D.C. 2018) ..................................................................................11

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
   239 F.R.D. 9 (D.D.C. 2006) ................................................................................................7

*DL v. Dist. of Columbia*,
   302 F.R.D. 1 (D.D.C. 2013) ......................................................................................6, 9, 11

*DL v. Dist. of Columbia*,
   713 F.3d 120 (D.C. Cir. 2013) ..........................................................................................11

*EEOC v. Printing Indus. of Metro. Washington, D.C., Inc.*,
   92 F.R.D. 51 (D.D.C. 1981) ................................................................................................7

*Encinas v. J.J. Drywall Corp.*,
   265 F.R.D. 3 (D.D.C. 2010) ....................................................................................11, 13, 19

*Garcia v. Johanns*,
   444 F.3d 625 (D.C. Cir. 2006) ............................................................................................5

*Gen. Tel. Co. of the NW., Inc. v. EEOC*,
   446 U.S. 318 (1980) ............................................................................................................7

*Gen. Tel. Co. of the SW. v. Falcon*,
   457 U.S. 147 (1982) ........................................................................................................4, 13

*Greenberg v. Colvin,*
   63 F. Supp. 3d 37 (D.D.C. 2014) ........................................................................19

*Healthy Futures of Tex. v. HHS,*
   326 F.R.D. 1 (D.D.C. 2018) ...................................................................7, 11, 18

*In re Vitamins Antitrust Litig.,*
   209 F.R.D. 251 (D.D.C. 2002) ..............................................................................9

*Johnson v. Dist. of Columbia,*
   248 F.R.D. 46 (D.D.C. 2008) ..............................................................................11

*Kifafi v. Hilton Hotels Ret. Plan,*
   189 F.R.D. 174 (D.D.C. 1999) ..............................................................................7

*Lewis v. Nat'l Football League,*
   146 F.R.D. 5 (D.D.C. 1992) ...................................................................................9

*Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.,*
   246 F.R.D. 293 (D.D.C. 2007) .......................................................................6, 7, 9

*Nat'l Veterans Legal Servs. Program v. United States,*
   235 F. Supp. 3d 32 (D.D.C. 2017) ........................................................................7

*Nio v. U.S. Dep't of Homeland Sec.,*
   No. 17-cv-998-ESH-RMM (D.D.C.) ............................................................ *passim*

*R.I.L-R v. Johnson,*
   80 F. Supp. 3d 164 (D.D.C. 2015) ............................................................11, 13, 17

*Robidoux v. Celani,*
   987 F.2d 931 (2d Cir. 1993) ...........................................................................9, 17

*Ross v. Lockheed Martin Corp.,*
   267 F. Supp. 3d 174 (D.D.C. 2017) ......................................................................6

*Santillan v. Ashcroft,*
   No. C04-2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) .....................17

*Taylor v. Dist. of Columbia Water & Sewer Auth.,*
   241 F.R.D. 33 (D.D.C. 2007) ..............................................................................13

*Thorpe v. Dist. of Columbia,*
   303 F.R.D. 120 (D.D.C. 2014) .....................................................................4, 10, 14

*Twelve John Does v. Dist. of Columbia,*
   117 F.3d 571 (D.C. Cir. 1997) ........................................................................5, 14

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .................................................................................................... *passim*

**Statutes**

8 U.S.C. § 1440 ............................................................................................................... *passim*

**Rules**

Local Rules of the U.S. District Court for the District of Columbia
    Rule 23.1(b) ............................................................................................................................1

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................. *passim*

**Other Authorities**

7A Wright & Miller, Federal Practice and Procedure § 1775 ......................................................16

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local Rules of the U.S. District Court for the District of Columbia, Plaintiffs Lucas Calixto, Tounde Djohi, Wanjing Li, Zeyuan Li, Fang Lu, Jingquan Qu, Hembashima Sambe, Emeka Udeigwe, Xing Lu, Yisheng Dai, and Bright Izudike (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in Support of Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Counsel (the "Motion").  As set forth below, Plaintiffs ask that the Court (1) certify the requested class (and subclasses); (2) appoint the requested class representatives; and (3) appoint the requested class counsel.

## BACKGROUND

Over the course of the past two years, Defendant United States Department of the Army ("Army") has targeted certain enlisted Army soldiers for summary discharges.  Specifically, as detailed in the Second Amended Complaint ("SAC"), the Army has taken involuntary administrative discharge actions against hundreds of Selected Reservists and Regular Army soldiers who enlisted through the Military Accessions Vital to the National Interest ("MAVNI") program.  Bypassing clear military regulations that control these types of discharges, and disregarding the fundamental due process rights of these enlisted personnel, the Army undertook these discharge actions in the dark.  In most instances, the affected soldiers received no advanced notice of the discharges and, to this day, many have not received the actual discharge orders.  And in all instances, the soldier-victims had no prior ability to contest the purported discharge reasons or take advantage of rehabilitation and counseling opportunities that are mandatory for certain discharge grounds.  In other words, the Army's discharges of these MAVNIs violated clear and

binding military regulations designed to protect soldiers from these types of actions and the Army's conduct was otherwise unconstitutional.

Each Plaintiff in this case was victimized by the Army's illicit involuntary separation practices. Since the commencement of this litigation, Defendants have been forced to reveal, through this and related litigations, that Plaintiffs do not stand alone as targets of the Army's unlawful practice. To the contrary, Army reporting reveals hundreds of such discharges. *See, e.g.*, SAC ¶¶ 175-178. Moreover, upon information and belief, unlawful summary discharges of MAVNI soldiers continue. *Id.* at ¶¶ 177, 179. Given the numbers of affected MAVNI soldiers and the commonality of their claims (*i.e.*, having been the targets of involuntarily discharge actions without requisite process), class action treatment is an appropriate vehicle to litigate and remedy this unlawful behavior.

Furthermore, since the commencement of this litigation, three additional circumstances have arisen that are relevant to this Motion. First, the Army effectively has admitted that its involuntary discharges were undertaken in violation of military regulations. The Army said as much when it revoked the discharge of the original Plaintiff – Lucas Calixto – and when it later took similar action with respect to six of the seven new plaintiffs added in the first amended complaint. *See, e.g.*, Dkt. 15 at 1 (Defendants responding that the Army had "decided to revoke Plaintiff's discharge" and would "comply with the applicable law and regulations governing administrative separation of soldiers" in the event of any new proposed discharge); *see also* SAC ¶¶ 11-12, 21. Second, in August 2018, the Army began implementing a plan to retaliate against the class of soldiers who were seeking to challenge their discharges through this litigation. *Id.* at ¶¶ 159-169. Third, on October 26, 2018, in another tacit admission that its prior actions were

unlawful, the Army issued a memorandum that generally described a new separation process that would apply to some, but not all, MAVNIs. Dkt. 50-1 ("the October 26 Memo"). *Id.* at ¶¶ 18-25.

As a result of the October 26 Memo, the Army effectively has divided MAVNI involuntary administrative discharge actions into categories: (1) discharges of soldiers with unfavorable military suitability determinations ("MSSDs") and (2) discharges based on other reasons, including "refusal to enlist" and "entry level performance and conduct," where the soldier does not have an unfavorable MSSD. While the discharge actions for each category were unlawful, the October 26 Memo indicates that discharge actions for soldiers with unfavorable MSSDs will follow a new process, whereas those discharged for other reasons will not receive the new process. Because of this distinction, Plaintiffs propose two subclasses: (1) those MAVNI soldiers with unfavorable MSSDs who are subject to the October 26 Memo and (2) those MAVNI soldiers discharged for other reasons who are not subject to the procedures of the October 26 Memo. As set forth in the Second Amended Complaint, several Plaintiffs/class representatives fall into each proposed subclass and both subclasses independently satisfy the requirements for class certification under Rule 23.

## ARGUMENT

### I.     The Proposed Class

As described in the Second Amended Complaint, Plaintiffs seek certification of the following class, including subclasses:

1.     All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/DTP and Regular Army/DEP soldiers) through the MAVNI program, and

2.     were the subject of an involuntary administrative discharge action by the Army (including the Army Recruiting Command and/or the Army Reserve Command) after September 30, 2016, where such discharge or separation was not or will not be characterized by the Army (including "uncharacterized" and "entry level" discharges or separations), and

3.      where such action was taken without the soldier first being afforded the process due under applicable Army and DoD regulations and the law (including adequate notice of the discharge grounds, an opportunity to respond, due consideration of the soldier's response by the Army, or other requirements of law), and

4.      where the soldier wants to be reinstated in or remain in the Army, and

5.      where the Army has determined that the soldier:

    a.    [Subclass 1] has an unfavorable MSSD and will be subject to the procedures outlined in the October 26 Memo, or

    b.    [Subclass 2] does not have an unfavorable MSSD and will not be subject to the procedures outlined in the October 26 Memo.

Class action treatment is warranted here.  Plaintiffs and the proposed class members share core claims and raise common questions.  For instance, Plaintiffs and the class seek a declaratory judgment that the involuntary administrative discharge actions taken against them violated military regulations and the law and must be revoked.  And Plaintiffs seek injunctive relief that would ensure that any future discharge actions are undertaken in compliance with the law and that they are fully reinstated or restored to their pre-discharge status.  The only difference among the subclasses is whether the Army has recorded that the soldier received an unfavorable MSSD or not, which does not affect the core claim of denial of process.  The difference among the subclasses, as explained below, arises from the separation process currently available to them going forward on account of the October 26 Memo.  Certifying the proposed class would result in both judicial economy and the efficient use of party resources "by permitting an issue potentially affecting every class member to be litigated in an economical matter," which courts have identified as a primary purpose of class actions.  *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 143 (D.D.C. 2014) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982)); *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983) (noting a primary purpose of class actions as the "promotion of efficiency and economy," including by avoiding multiple suits).

To be clear, the issues raised herein are not individualized.  Through this action, no Plaintiff is seeking to challenge the purported grounds for discharge, whether it be for an unfavorable MSSD or some other reason.  Instead, Plaintiffs are challenging the lack of process afforded in connection with the discharge actions.  That lack of process – applicable to the entire class – prevented all of these soldiers from exercising their legal rights, including the right to receive advance notice of the discharge and purported discharge grounds, the right to challenge the discharge grounds (and/or receive counseling/rehabilitation) in advance, and the right to have the Army consider these soldiers' responses before the final discharge was taken.  By class definition, no member of the class received this mandatory process.

## II.    **The Rule 23 Standard**

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for class (and subclass) certification.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Garcia v. Johanns*, 444 F.3d 625, 631 (D.C. Cir. 2006); *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997) ("[A]ny subclass must independently meet the standards for class certification."); *see also* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.").[1]

Rule 23(a) specifies that the class satisfy four criteria:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] Plaintiffs believe that the class definition as a whole, even without subclasses, satisfies the requirements of Rule 23 certification and requests, in the alternative to subclass certification, that the Court certify the class as a whole, without division into subclasses.

Fed. R. Civ. P. 23(a)(1)–(4); *see also Wal-Mart*, 564 U.S. at 349 ("Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.").

Class action certification also requires establishing that the purported class action fits into one of the three categories listed in Rule 23(b). *See Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 190 (D.D.C. 2017). The circumstances here satisfy this rule, too, which states that class certification is appropriate where separate actions by individual class members "would create a risk of . . . inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Alternatively, Rule 23(b)(2) is satisfied because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## III.   Plaintiffs Satisfy Rule 23(a)

Each Rule 23(a) requirement – numerosity, commonality, typicality, and adequacy – is present here, both for the entire class and for each subclass.

### A.   The Proposed Class Is So Numerous That Joinder of All Members Is Impracticable

Rule 23(a)(1)'s numerosity factor assesses whether joinder is impracticable due to the size of the class. The operative question is whether it would be too inconvenient and difficult – for the court and the parties – to join all members of the class individually and to litigate each member's claims on an individualized basis. *See DL v. Dist. of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013) ("Demonstrating impracticability of joinder does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." (internal quotations and citations omitted)); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 306–07 (D.D.C. 2007) (explaining that test for

impracticability is not just concerned with numbers but also with geographic location, convenience, judicial economy, and the nature of the action); s*ee also Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000) (noting that the numerosity requirement is satisfied where it is clear that joinder would be impracticable).

The numerosity requirement "imposes no absolute limitations" as to the minimum number of class members and is determined on a case-by-case basis. *Bynum v. Dist. of Columbia*, 214 F.R.D. 27, 32 (D.D.C. 2003) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980)). However, as a general benchmark, "a class of at least forty members is sufficiently large." *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 25 (D.D.C. 2006); *see also Healthy Futures of Tex. v. HHS*, 326 F.R.D. 1, 6 (D.D.C. 2018) (finding proposed class consisting of "more than sixty" organizations satisfied numerosity requirement); *Meijer*, 246 F.R.D. at 306 (finding proposed class consisting of thirty members satisfied numerosity requirement and noting that "as few as 25-30 class members should raise a presumption that joinder would be impracticable, and thus the class should be certified" (quoting *EEOC v. Printing Indus. of Metro. Washington, D.C., Inc.*, 92 F.R.D. 51, 53 (D.D.C. 1981)). Furthermore, Plaintiffs do not need to provide an exact number of individuals who fall within the class to merit certification. *See, e.g.*, *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 40 (D.D.C. 2017) (finding class satisfied the numerosity requirement "[a]lthough the parties have not presented any precise data about the size of the class"); *Kifafi v. Hilton Hotels Ret. Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers.").

Numerosity is present here.  Indeed, reporting by Defendants in this and related litigation has revealed that, since September 2016, several hundred MAVNI soldiers have been subject to

involuntary administrative discharges without the requisite process.  While the exact number of class members is within the exclusive province of Defendants at this juncture, there is ample evidence that the number far exceeds 40.

For instance, in September 2018, Defendants reported to the Court that just during the one year period between July 20, 2017 and July 20, 2018, 48 DTP or DEP MAVNIs were discharged due to an unfavorable MSSD, including some of the named Plaintiffs herein. Dkt. 28.  At the same time, Defendants reported that a further 454 DTP or DEP MAVNIs were discharged during that same one year period for "other" reasons, including "Entry Level Performance And Conduct," "Refuse to Enlist," and "Unknown." *Id.*  These discharge numbers alone are sufficient to establish numerosity for both subclasses.

Moreover, on October 19, 2018, Defendants reported to the Court that 22 DEP MAVNIs and 8 DTP MAVNIs had been discharged after July 20, 2018.  Dkt. 48.  Thus, the number of MAVNI soldiers being discharged without unfavorable MSSDs grows, meaning that the class (and the "without unfavorable MSSDs" subclass) continues to grow.

In addition, based on a DoD report filed in the related litigation (see *Nio*, Dkt. 17-8)and otherwise on information and belief, there are approximately 4,300 MAVNI soldiers (Regular Army/DEP and Selected Reserve/DTP) who were considered "entry-level" and thus were potentially subject to receipt of "uncharacterized" discharges following September 30, 2016.  A Pentagon spokesperson has stated that the Army expects to discharge approximately one-third of the MAVNI soldiers still waiting for MSSDs, and earlier DoD estimates suggested that DoD expected closer to half of the MAVNI soldiers to receive "unfavorable" adjudications.  *See, e.g.*, Carla Babb, *Pentagon: 2 of 3 Immigrants in U.S. Military Program Go on to Serve*, VOANews.com (July 12, 2018), *available at* https://www.voanews.com/a/pentagon-two-of-three-

immigrants-in-special-us-military-program-go-on-to-serve/4480484.html.   As a result, it is likely

that the class (and "unfavorable MSSD" subclass) will continue to grow over the course of this

litigation.

Furthermore, because the proposed class is widely dispersed geographically – with

MAVNI soldiers having enlisted and serving across the country – joinder is impracticable.   *See*

*Meijer*, 246 F.R.D. at 306 ("[C]ourts often take the geographical location of the proposed class

members into consideration when deciding whether or not certification is appropriate." (quoting

*In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 259 (D.D.C. 2002))); *Lewis v. Nat'l Football*

*League*, 146 F.R.D. 5, 8-9 (D.D.C. 1992) (finding joinder "clearly impracticable" and numerosity

requirement satisfied where proposed class consisted of approximately 250 players who were

geographically dispersed).   Here, as the Second Amended Complaint makes clear, there is

widespread geographic diversity among the residency states and military units in which the named

Plaintiffs reside and are attached.   *See, e.g.*, SAC ¶¶ 29-39.

The numerosity inquiry may take into account the "financial resources of class members"

and "the ability of claimants to institute individual suits."   *DL*, 302 F.R.D. at 11 (quoting *Robidoux*

*v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).   Here, Plaintiffs and the class members are enlisted

soldiers, the majority of whom have limited alternative work opportunities due to their enlistment

and immigration status.   *See Robidoux*, 987 F.2d at 936 (finding that class members' limited

financial resources and little ability to institute individual suits weighed in favor of finding joinder

impracticable).   Indeed, due to their limited resources and circumstances, Plaintiffs are represented

in this action by counsel on a pro bono basis.

Accordingly, based on the evidence described above, and otherwise on information and

belief, there are sufficient numbers of soldiers in each subclass to warrant class action treatment.

Regardless, to the extent that there is any question as to whether there are sufficient numbers of soldiers in the class, Plaintiffs would request class-related discovery to determine the requisite facts.

**B.      There Are Common Questions of Both Law and Fact**

Plaintiffs meet Rule 23(a)(2)'s commonality requirement as well.  Commonality is satisfied when questions of law or fact are common among class members.  Fed. R. Civ. P. 23(a)(2).  In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that the commonality test is met when the claims of the class depend on a "common contention [that] is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  564 U.S. at 350.  And, as this Court has explained, "[e]ven a single common question will do."  *Thorpe*, 303 F.R.D. at 145.  In other words, the commonality test is met where there is at least one issue, the resolution of which will affect the class.  Thus, the commonality requirement for class certification is satisfied where "resolution of these common contentions will generate common answers for the entire class and resolve issues that are central (and potentially dispositive) to the validity of each plaintiff's claim and the claims of the class as a whole."  *Id.* at 146-47.

This case presents a central question common to each class member:  Whether it is unlawful for the Army to discharge MAVNI soldiers – through an involuntary administrative discharge without a characterization – without following the mandatory procedures laid out in Army and DoD Regulations and without otherwise affording discharged soldiers the process that is due under the U.S. Constitution?  Indeed, the commonality "inquiry is simplified in cases like the instant one, because, as the D.C. Circuit has explained, a challenge to 'a uniform policy or practice that affects all class members' in the same way clearly gives rise to common questions of fact or law."  *Healthy*

*Futures of Tex.*, 326 F.R.D. at 7 (quoting *DL v. Dist. of Columbia*, 713 F.3d 120, 128 (D.C. Cir.

2013)); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (granting provisional

class certification, in part because DHS policy of having Immigration and Customs Enforcement

consider deterrence of mass immigration as a factor in custody releases satisfied the commonality

requirement); *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8-9 (D.D.C. 2010) (certifying class and

finding commonality where "challenged activity is the same" for plaintiffs and class members and

involved company's alleged policy of withholding portion of employees' gross wages); *Johnson*

*v. Dist. of Columbia*, 248 F.R.D. 46, 53 (D.D.C. 2008) (certifying class of female arrestees where

principal legal issue was whether defendants' blanket strip search policy violated class members'

Fourth and Fifth Amendment rights).

Moreover, "factual variations among the class members will not defeat the commonality

requirement, so long as a single aspect or feature of the claim is common to all proposed class

members." *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. at 8 (quoting *Bynum v. Dist. of Columbia*,

217 F.R.D. 43, 46 (D.D.C. 2003)); *see also Damus v. Nielsen*, 313 F. Supp. 3d 317, 332 (D.D.C.

2018) (finding common question in allegation that ICE was "no longer providing the

'individualized determinations' of parole eligibility and procedural protections required by the

Parole Directive," even if circumstances of individual detentions might vary).

For example, in the related *Nio* case, this Court certified a class of MAVNI soldiers with

respect to the validity of DHS and DoD policies and practices despite some individual variability:

"The Court acknowledges the factual variations among class members, but finds that they do not

impact the overarching questions common to the class: (1) Do defendants have the legal authority

to implement these policies and practices? (2) Did defendants implement their new policies and

practices in accordance with the strictures of the APA? and (3) Do these policies and practices

otherwise violate the Constitution, the APA, or other applicable law?"  *Nio v. U.S. Dep't of Homeland Sec.*, 323 F.R.D. 28, 32 (D.D.C. 2017).

Here, the proposed class members – including members of both subclasses – share key factual characteristics:  (1) All are soldiers enlisted through the MAVNI program; (2) all are the subject of an involuntary discharge action, (3) all of these orders lack a "characterization" by the Army (*e.g.*, they are "entry level" or "uncharacterized" separations); and (4) all of these soldiers were denied the process due to them prior to discharge.  Plaintiffs are challenging Defendants' practice of summarily discharging MAVNI soldiers because they are MAVNI soldiers.  This Army practice, as Plaintiffs allege in the Complaint, violates Army and DoD regulations, the APA, and constitutional due process and equal protection.  Thus, Plaintiffs seek declaratory, injunctive, and other relief so that Defendants do not continue to summarily discharge MAVNI soldiers and that improper discharge orders are revoked, with soldiers being fully reinstated in the Army.  In other words, all members of the proposed class are challenging the same unlawful Army practice – which was uniformly applied to all class members – and the Court's determination of whether that practice is unlawful would resolve all class members' claims "in one stroke."  *Wal-Mart*, 564 U.S. at 350.

Here again, the purported discharge grounds do not affect the commonality of the core claim here.  As a result of the October 26 Memo, it appears that the Army intends to treat the two subclasses differently going forward, which is why two subclasses are proposed, but all class members are contending that they were the victims of unlawful summary discharge actions and all class members are seeking relief from those actions.

**C.      Plaintiffs' Claims Are Typical of the Claims of the Class as a Whole**

The third component of Rule 23(a) requires that the claims of the representatives be typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  *See Taylor v. Dist. of Columbia Water & Sewer Auth.*, 241 F.R.D. 33, 44 (D.D.C. 2007).  "[A] class representative's claims are typical of those of the class if 'the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims.'"  *Encinas*, 265 F.R.D. at 9 (quoting *Bynum*, 214 F.R.D. at 34).  Indeed, the typicality and commonality requirements often merge because both requirements "serve as guideposts" in determining "whether a class action is practical and whether the representative plaintiffs' claims are sufficiently interrelated with the class claims to protect absent class members."  *R.I.L-R*, 80 F. Supp. 3d at 181 (internal quotations and citations omitted); *see also Falcon*, 457 U.S. at 157 n.13 (stating that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge").

Here, Plaintiffs' claims arise from the same conduct by Defendants that provides the basis for all class members' claims, namely, the Army's refusal to provide process for MAVNI discharge determinations.  Notwithstanding any individual or factual differences that may exist among class members, each member was subject to the same unlawful practices and the same types of injuries.  Again, Plaintiffs are not asking the Court, in this action, to review or make any individual discharge determinations based on the facts or circumstances of any individual soldier's background or conduct, but only to decide whether the Army must follow regulations and abide by the Constitution in the discharge process.  Accordingly, the typicality requirement of Rule 23(a) is satisfied.

### D.     The Named Plaintiffs Fairly and Adequately Represent the Interests of the Class

To meet the Rule 23(a)(4) condition that the named Plaintiffs "fairly and adequately protect the interests of the class," (1) the interest of the representative parties must not conflict with the interests of the other class members, and (2) the representative parties – through counsel – must be prepared to vigorously pursue the class members' interests. *See Twelve John Does v. Dist. of Columbia*, 117 F.3d at 575; *Thorpe*, 303 F.R.D. at 150. Here, both of these conditions are satisfied.

First, there is no conflict between the named Plaintiffs and the proposed class, including subclasses. In fact, they have mutual goals, which are to have the Court declare as unlawful and put a stop to Defendants' practice of summarily discharging MAVNI soldiers and to fully reinstate them in the Army to their pre-discharge status. As such, Plaintiffs are seeking declaratory, injunctive, and other relief that will benefit all class members and the class representatives' interests in this litigation are shared with those of the class as a whole.

As noted, due to the fact that the Army is claiming that the procedures set forth in the October 26 Memo will apply only to soldiers with unfavorable MSSDs, Plaintiffs have proposed two subclasses: (1) those whose discharge actions, according to the Army now, were based on an unfavorable MSSD and (2) those whose discharge actions, according to the Army now, were based on other reasons. As alleged in the Second Amended Complaint, several Plaintiffs fall into each subclass. SAC at ¶¶ 48-134 (detailing discharge circumstances of each Plaintiff). Indeed, Defendants have admitted that several named Plaintiffs had unfavorable MSSDs and will be subject to the procedures outlined in the October 26 Memo. The Second Amended Complaint now includes three new named Plaintiffs (Xing Lu, Yisheng Dai, and Bright Izudike) who, in addition to Plaintiff Zeyuan Li (who was added in the first amended complaint) would serve as class representatives for the second subclass – *i.e.*, soldiers who do not have unfavorable MSSDs but

are subject to Army discharge actions and will not be subject to the procedures described in the October 26 Memo. *Id.* at ¶¶ 110-134.

Second, Plaintiffs' attorneys are competent and fully prepared to vigorously represent and pursue the interests of the class. Plaintiffs' counsel have dedicated considerable work and committed significant resources to this case and the underlying issues. *See* Declaration of Douglas W. Baruch ("Baruch Decl.") ¶ 8. They will continue to do so. *Id.* at ¶ 9. Plaintiffs' attorneys are qualified, and they have the motivation and resources to vigorously represent the class and litigate this case. *Id.* at ¶¶ 2-9. They have no other professional commitments which are antagonistic to, or which would detract from, their efforts to seek a favorable decision for the proposed class in this case. *Id.* at ¶ 10. Plaintiffs' counsel have extensive experience in public interest cases and complex federal litigation, including litigation against the federal government. *Id.* at ¶¶ 3-6. Plaintiffs' counsel also are serving as appointed class counsel in the related *Kirwa* and *Nio* actions involving MAVNI soldiers. As this Court noted in certifying the *Nio* class, "Given counsel's knowledge, experience, resources, and commendable work already done in the case, the Court has no doubt that plaintiffs' counsel can adequately represent the class." *Nio*, 323 F.R.D. at 34.

## IV. Class Certification Is Appropriate Under Rule 23(b)(1) and/or Rule 23(b)(2)

Beyond satisfying the four prongs of Rule 23(a), a certifiable class action must fall within one of the categories of cases set forth in Rule 23(b). This action qualifies for class certification under either Rule 23(b)(1) or Rule 23(b)(2). *See Wal-Mart*, 564 U.S. at 361–62 ("Classes certified under (b)(1) and (b)(2) share the most traditional justifications for class treatment – that individual adjudications would be impossible or unworkable, as in a (b)(1) class, or that the relief sought must perforce affect the entire class at once, as in a (b)(2) class.").

A class action is warranted under Rule 23(b)(1)(A) when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).  As this Court has held, it is appropriate to certify a class action under Rule 23(b)(1)(A) "when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is either legal or illegal as to all members of the class." *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002) (citing 5 Moore's Fed. Practice § 23.41[4] (3d ed. 2000)).  Plaintiffs easily satisfy this standard for both subclasses.  If the individual class members were to bring separate suits to challenge Defendants' practice with respect to each class member's discharge orders, the adjudication of these actions may result in inconsistent decisions and/or varying standards.

Alternatively, a class action may be certified under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (internal quotation and citation omitted).  To qualify under Rule 23(b)(2), "the party opposing the class does not have to act directly against each member of the class.  The key is whether the party's actions would affect all persons similarly situated so that those acts apply generally to the whole class." 7A Wright & Miller, Federal Practice and Procedure § 1775 (internal quotations and citations omitted).  This is precisely the case here.  Plaintiffs are challenging the lawfulness of the Army's practice that deprived Plaintiffs and the class members of the process

they are due under the Army's own regulations and under the U.S. Constitution.  This challenged Army practice of summary discharges applies to all class members simply by virtue of their designation as MAVNI soldiers, without regard to the individual circumstances of their cases or any other differences among them.

Rule 23(b)(2) – as indicated in the Advisory Committee Notes that accompany the published rule – "is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate."  Fed. R. Civ. P. 23, Comment to Subdivision (b)(2).  Indeed, courts have long recognized that certification under Rule 23(b)(2) is a particularly important – and appropriate – vehicle for actions challenging the government's policies and practices.  *See, e.g.*, *R.I.L-R*, 80 F. Supp. 3d at 182, (certifying class under Rule 23(b)(2) where plaintiffs challenged DHS policy generally applicable to all class members); *Robidoux*, 987 F.2d at 936 (vacating lower court's denial of class certification in case challenging delays in processing public assistance benefits); *Santillan v. Ashcroft*, No. C04-2686-MHP, 2004 WL 2297990, at \*12 (N.D. Cal. Oct. 12, 2004) (certifying class under Rule 23(b)(2) where plaintiffs challenged government's policy on when it issued documents on lawful permanent status and sought injunctive relief to change "a set of national policies and practices in place for background and security checks").

Moreover, with regard to the class claims and relief sought, class members do not seek any "individualized" relief.  *See Wal-Mart*, 564 U.S. at 361 (holding that "[p]ermitting the combination of individualized and classwide relief in a (b)(2) class is . . . inconsistent with the structure of Rule 23(b)").  As discussed above, Plaintiffs seek an order declaring that Defendants' practice of summarily discharging MAVNI soldiers is unlawful and directing that Defendants fully reinstate

these soldiers in the Army.   Further, injunctive relief requiring the Army to revoke summary discharges and reinstate soldiers does not introduce the sort of variability that could defeat class certification.   *See Healthy Futures of Tex.*, 326 F.R.D. at 9 (explaining that court order requiring HHS to "accept and process" each application "in the same manner as before" could not "somehow introduces the type of variability with respect to the agency's treatment of the class members that renders the certification of this class under Rule 23(b)(2) improper").

## V.     The Court Should Designate Plaintiffs' Counsel as Class Counsel

The Court, upon certifying the class, also must appoint class counsel.   Fed. R. Civ. P. 23(c)(1)(B) & 23(g).   Under Rule 23(g), the Court must consider the following four factors:

> i.   the work counsel has done in identifying or investigating potential claims in the action;
>
> ii.   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> iii.   counsel's knowledge of the applicable law; and
>
> iv.   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).   As explained above without respect to adequacy, Plaintiffs' counsel satisfy these four factors.   *See also* Baruch Decl. ¶¶ 2-10.

Counsel are experienced litigators, who have been involved in multiple complex class actions and other important federal court cases against the Government.   The most senior lawyers on the trial team are all highly experienced litigators, with decades of combined federal court litigation experience.   Baruch Decl. ¶¶ 3-6.   Most notably, counsel's experience includes appointment as class counsel in the related *Kirwa* and *Nio* class actions on behalf of classes of MAVNI soldiers.   *Id.* at ¶¶ 5-6.   Counsel are knowledgeable on the requirements and provisions of Army and DoD regulations, the APA, and the Constitution.

Counsel have expended substantial resources and time investigating and researching the issues in this case and in the related *Kirwa* and *Nio* class actions, and they are prepared to commit the resources necessary to successfully and thoroughly prosecute this case.  Baruch Decl. ¶¶ 8-9. For example, counsel extensively researched the claims in this case before filing suit, including performing factual research on the background of this case and conducting extensive legal research on the legal bases of the claims raised herein, both during the preparation for the actual filing of this case and during their handling of the *Kirwa* and *Nio* class actions.  *See, e.g.*, *Greenberg v. Colvin*, 63 F. Supp. 3d 37, 47 (D.D.C. 2014) (noting law firm's "significant history of investigating the claims in this action" in granting the class counsel appointment); *Encinas*, 265 F.R.D. at 9 ("Counsel have already committed substantial time and resources to identifying and investigating potential claims in the action.").  Accordingly, Plaintiffs' counsel qualify for class counsel appointment in this case.

## CONCLUSION

For these reasons, Plaintiffs' motion should be granted.  Plaintiffs respectfully request that the Court certify the proposed class (and subclasses) and appoint the undersigned as class counsel.

Dated: January 2, 2019                    Respectfully submitted,

                                           */s/ Douglas W. Baruch*
                                          Douglas W. Baruch (D.C. Bar No. 414354)
                                          Jennifer M. Wollenberg (D.C. Bar No. 494895)
                                          Kayla Stachniak Kaplan (D.C. Bar No. 996635)
                                          Neaha P. Raol (D.C. Bar No. 1005816)
                                          Katherine L. St. Romain (D.C. Bar No. 1035008)
                                          Fried, Frank, Harris, Shriver & Jacobson LLP
                                          801 17th Street, NW
                                          Washington, D.C. 20006
                                          Telephone:  (202) 639-7000
                                          Facsimile:  (202) 639-7003
                                          Email: douglas.baruch@friedfrank.com
                                          Email: jennifer.wollenberg@friedfrank.com

                                          *Counsel for Plaintiffs*

19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| LUCAS CALIXTO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF THE ARMY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

_____)

Case No. 1:18-cv-01551-ESH

### <u>DECLARATION OF DOUGLAS W. BARUCH</u>

I, Douglas W. Baruch, hereby declare as follows:

1.       I am a partner at Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") and have knowledge of the facts contained in this declaration.  Fried Frank represents all named plaintiffs in the Second Amended Complaint in the above-captioned action.  I submit this declaration to summarize the qualifications of Fried Frank and the counsel working on this matter to support Fried Frank's application to be appointed counsel for the proposed class.

2.       Fried Frank is a leading global law firm with approximately 500 lawyers in offices in Washington, D.C., New York, London, and Frankfurt. Fried Frank's practice areas fall into several different departments.  The Litigation Department, in which the counsel who have noticed their appearances in this case are assigned, currently has approximately 90 full-time lawyers, the majority of whom are resident in Washington, D.C. or New York.

3.       At present, the Fried Frank team representing plaintiffs in this action includes multiple senior level litigators, with decades of combined federal court litigation experience.

4.      I have been a practicing litigator since 1987, and I have significant experience in complex civil litigation before numerous state and federal courts.  I am admitted to practice in the United States Supreme Court, numerous federal circuit courts of appeal, and numerous federal district courts.  My practice primarily entails federal court litigation, mostly in the civil fraud enforcement arena, but also in general commercial litigation.  As such, I regularly litigate complex civil matters involving federal agencies, and United States Justice Department attorneys are frequently opposing counsel in my matters.  For the last twenty years, in addition to handling my other matters, I have served as a member of Fried Frank's firm-wide Pro Bono Committee, and for multiple years I served as Co-Chair of that committee.  In that capacity, I regularly represent pro bono clients and supervise pro bono litigation matters in federal and state proceedings in the D.C. region and around the country.  I also serve on the Boards of the Lawyers' Committee for Civil Rights Under Law and the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC") and have undertaken joint representations with the WLC in multiple federal court matters.

5.      With respect to class representation, I am counsel in two ongoing federal court class actions involving MAVNI soldiers before this Court, *Kirwa, et al. v. United States Department of Defense, et al.*, No. 17-cv-1793-ESH (D.D.C.) ("*Kirwa*") and *Nio, et al. v. United States Department of Homeland Security, et al.*, No. 17-cv-998-ESH (D.D.C.) ("*Nio*"), wherein Fried Frank was appointed as class counsel.  In addition, I also served as lead counsel in a federal court class action against the United States Parole Commission on behalf of a class of 400 D.C. Code offenders.  That action, *Long, et al. v. Gaines, et al.,* No. 1:01-cv-0010 (EGS) (D.D.C.), resulted in certification of the class, Fried Frank's appointment as class counsel, the entry of a Consent Decree and Order by Judge Sullivan against defendants, and an award of substantial EAJA fees to Fried Frank.

6.      Jennifer M. Wollenberg is Special Counsel in Fried Frank's Washington, D.C. office. She is a seasoned litigator with extensive federal court litigation experience.  Ms. Wollenberg is admitted to practice in the United States Supreme Court and numerous federal circuit courts of appeal and district courts.  Ms. Wollenberg has broad litigation experience, focusing primarily in the federal civil fraud enforcement arena.  In those engagements, she frequently litigates against federal agencies and regularly deals with U.S. Justice Department attorneys as opposing counsel.  Ms. Wollenberg also has an extensive pro bono docket, and has acted for clients, such as the ABA and the American Immigration Lawyers Association, on immigration-related issues.  Ms. Wollenberg also is serving as appointed class counsel in the *Kirwa* and *Nio* matters before this Court.

7.      Fried Frank's trial team is augmented by several other Litigation Department attorneys.

8.      Over the past several months, the Fried Frank team has done considerable work in identifying and investigating potential claims in this case.  Further, the Fried Frank team's extensive work since early 2017 on the related *Kirwa* and *Nio* cases relates to the claims in this case.  The Fried Frank team researched the relevant military regulations, Constitutional law, and the claims in this case before commencing this action, including performing factual research on the background of this case and conducting extensive legal research on the legal bases of the claims raised herein.  In the course of its work on these related litigations, the Fried Frank team has interviewed, corresponded with, and gathered facts, documents, and information from many hundreds of MAVNI soldiers and other sources, and otherwise conducted an in-depth factual investigation of the claims raised in this action.  Further, the Fried Frank team has consulted, as appropriate, with outside military and MAVNI program experts concerning the legal and factual issues presented in this case.

9.      Beyond the immediate trial team engaged in this matter, other Fried Frank litigators have extensive federal court and complex civil litigation experience as well and can (and will) be called upon as they may be needed to assist with this matter.  Fried Frank is well known for its significant commitment to pro bono service, receiving numerous national and local awards and recognitions for its engagements.  Fried Frank is committed to expending the time and resources necessary to fully and vigorously represent class members in this case.

10.      Plaintiffs' counsel have no other professional commitments which are antagonistic to, or which would detract from, their efforts to seek a favorable decision in this case.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 2, 2018.

_____
Douglas W. Baruch

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>LUCAS CALIXTO, <em>et al.</em>,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td align="right">PLAINTIFFS,</td><td>)</td><td><strong>Case No. 1:18-cv-01551-ESH</strong></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>UNITED STATES DEPARTMENT OF THE<br>ARMY, <em>et al.</em>,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td align="right">DEFENDANTS.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**THIS MATTER**, having come before the Court on a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local Rules of the U.S. District Court for the District of Columbia by Plaintiffs; the Court having reviewed the arguments on the motion; and good cause appearing, it is hereby

**ORDERED** that Plaintiffs' Renewed Motion for Class Certification, dated January 2, 2019, is **GRANTED**; and it is further

**ORDERED** that Class, including subclasses, is defined as follows:

- All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/DTP and Regular Army/DEP soldiers) through the MAVNI program, and

- were the subject of an involuntary administrative discharge action by the Army (including the Army Recruiting Command and/or the Army Reserve Command) after September 30, 2016, where such discharge or separation was not or will not be characterized by the Army (including "uncharacterized" and "entry level" discharges or separations), and

- where such action was taken without the soldier first being afforded the process due under applicable Army and DoD regulations and the law (including adequate notice of the discharge grounds, an opportunity to respond, due consideration of the soldier's response by the Army, or other requirements of law), and

- where the soldier wants to be reinstated in or remain in the Army, and

- where the Army has determined that the soldier:

  o [Subclass 1] has an unfavorable MSSD and will be subject to the procedures outlined in the October 26 Memo, or

  o [Subclass 2] does not have an unfavorable MSSD and will not be subject to the procedures outlined in the October 26 Memo;

In addition, t is further **ORDERED** that Plaintiffs Lucas Calixto, Tounde Djohi, Wanjing Li, Zeyuan Li, Fang Lu, Jingquan Qu, Hembashima Sambe, Emeka Udeigwe, Xing Lu, Yisheng Dai, and Bright Izudike (collectively, "Plaintiffs") are certified as representatives of the Class pursuant to Rules 23(a), 23(b)(1)(A), and 23(b)(2) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Plaintiffs' counsel is appointed as class counsel.

Dated: _____                                          _____
                                                             U.S.D.J. Ellen Segal Huvelle

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

In accordance with LCvR 7(k), listed below are the names and addresses of the attorneys

and parties entitled to be notified of the proposed order's entry:

| | |
|---|---|
| ***Counsel for Defendants*** | ***Counsel for Plaintiffs*** |
| **Jeremy A. Haugh** | **Douglas W. Baruch** |
| **Robert C. Martens, Jr.** | **Jennifer M. Wollenberg** |
| U.S. ATTORNEY'S OFFICE, | Fried, Frank, Harris, Shriver & Jacobson LLP |
| CIVIL DIVISION | 801 17th Street, NW |
| 555 4th Street, NW | Washington, D.C. 20006 |
| Washington, D.C. 20530 | Telephone:  (202) 639-7000 |
| Telephone: (202) 252-2574 | Facsimile:   (202) 639-7003 |
| Email: jeremy.haugh@usdoj.gov | Email: douglas.baruch@friedfrank.com |
| Email: roberto.martens@usdoj.gov | Email: jennifer.wollenberg@friedfrank.com |