**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LUCAS CALIXTO, *et al.*,<br><br>               Plaintiffs,<br><br>   vs.<br><br>DEPARTMENT OF THE ARMY, *et al.*,<br><br>               Defendants. | Civil Action No. 18-1551 (ESH) |

**DEFENDANTS' MOTION TO DEFER SUBMISSION OF THEIR OPPOSITION
ON THE MERITS TO PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

Defendants the Secretary of the Army Dr. Mark T. Esper and the Department of the

Army (collectively, "Defendants"), by and through counsel, respectfully submit this motion to

defer submission of their opposition on the merits to Plaintiffs' renewed motion for class

certification and appointment of class counsel (ECF No. 62).  A proposed order accompanies this

motion.

The basis for this motion, as explained in Defendants' status report submitted on January

22, 2019 (ECF No. 65) and as more fully explained herein, is that Defendants intend to file a

motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Second

Amended Class Action Complaint (ECF No. 61) for lack of subject matter jurisdiction.

Defendants will file said motion by noon this Friday, January 25, 2019, in accordance with the

Court's minute order entered on December 4, 2018.  Defendants' motion will also oppose

Plaintiffs' motion for class certification, but only on jurisdictional grounds.

Because subject matter jurisdiction is a threshold issue that must be resolved before the parties and the Court may proceed to address any other issues, Defendants respectfully move to defer submission of their substantive opposition to the merits of Plaintiffs' renewed motion for class certification and appointment of class counsel, which is currently due by noon this Friday, January 25, 2019; in accordance with the Court's minute order entered on December 4, 2019.

In the event that Plaintiffs prevail on Defendants' Rule 12(b)(1) motion to dismiss, Defendants propose that they will submit their substantive opposition to Plaintiffs' motion for class certification and appointment of class counsel within ten (10) days after the Court enters its order deciding the issue of jurisdiction.

## BACKGROUND

1.   On December 22, 2019, Defendants filed their bi-weekly status report (ECF No. 65) to apprise the Court of the status of the Army's initiation of administrative separations of Military Accessions Vital to National Interest (MAVNI) recruits.  (ECF No. 65 at ¶¶ 1-5.)

2.   In that report, Defendants also apprised the Court that, in the course of preparing their response to the Second Amended Class Action Complaint (ECF No. 61), Defendants identified the following jurisdictional defect in the complaint:  lack of a waiver of sovereign immunity. Defendants apprised the Court that they will therefore file a motion to dismiss the Second Amended Class Action Compliant under Rule 12(b)(1) by noon this Friday, January 25, 2019; on the grounds of lack of subject matter jurisdiction.  (ECF No. 65 at ¶ 6.)

3.   Defendants also provided a brief statement of the grounds for asserting lack of a waiver of sovereign immunity.  (*Id.* at ¶ 7.)  Defendants explained that in their intended motion, Defendants will argue that the Second Amended Class Action Complaint does not properly invoke the limited waiver of sovereign immunity provided by the Administrative Procedures Act

("APA"), 5 U.S.C. §§ 701 *et seq.*, because it does not present the Court with a discrete and final agency action that can be reviewed on the basis of an administrative record. (*Id.*)  This argument is based on the Supreme Court's decision in *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004), and its progeny.  *See Norton*, 542 U.S. at 64 (holding that APA's limitation to "discrete" agency action prohibits "broad programmatic attack" challenges to agency conduct); *see also, e.g., City of New York v. Dep't of Defense*, No. 18-1699, 2019 U.S. App. LEXIS 1422 at *13 (4th Cir. Jan. 16, 2019) (affirming district court's dismissal of complaint seeking to enjoin the Department of Defense and its subordinate military departments to compel them to comply with their statutory requirement to report criminal convictions and other information to the FBI on the grounds that the complaint did not present a discrete and final agency action as required by the APA but was instead a "broad programmatic attack" on the departments' operations).

4.   Defendants also apprised the Court that in their motion, Defendants will argue that the above-noted jurisdictional defect, once ruled on by the Court, will render Plaintiffs' motion for class certification moot.  Defendants further apprised the Court that, in any event, because subject matter jurisdiction is a threshold issue that must be resolved prior to addressing the merits of Plaintiffs' motion for class certification, *see, e.g., In re Navy Chaplaincy*, 306 F.R.D. 33, 44 (D.D.C. 2014), Defendants will respectfully request deferral of their substantive opposition to Plaintiffs' motion (if any is needed) until after the Court decides the threshold issue of subject matter jurisdiction.  Defendants herein make said request.

5.   Subsequently on January 22, 2019, Defendants apprised Plaintiffs of their intent to file this motion for deferral.  On January 23, 2019, Plaintiffs stated that they oppose this motion.

**DISCUSSION**

Defendants respectfully request that the Court defer any briefing and consideration of Plaintiffs' renewed motion for class certification and appointment of class counsel (ECF No. 62) until the Court has considered and ruled upon Defendants' motion to dismiss for lack of subject matter jurisdiction, for the three reasons provided below.

First, Defendants will argue in their motion to dismiss that Plaintiffs' Second Amended Class Action Complaint does not properly invoke the limited waiver of sovereign immunity provided by the APA because it does not present the Court with a discrete and final agency action that can be reviewed on the basis of an administrative record. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. at 64; *City of New York v. Dep't of Defense*, 2019 U.S. App. LEXIS 1422 at *13. Sovereign immunity is, of course, a jurisdictional issue that can be raised at any time, *Brown v. Sec'y of the Army*, 78 F.3d 645, 648 (D.C. Cir. 1996); and cannot be waived by federal agencies, *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005). Therefore, having raised the issue of the Court's jurisdiction over the subject matter of this action and having articulated the grounds, the Court should, respectfully, suspend all further briefing on Plaintiffs' motion for class certification until it resolves the issue of jurisdiction. *See, e.g., Meyers v. United States*, 96 Fed. Cl. 34, 64 n.6 (2010) (noting that court "suspended all further briefing" on motion for class certification pending resolution of defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim).

Subject matter jurisdiction is a threshold inquiry that must be addressed before class certification. *See In re Navy Chaplaincy*, 306 F.R.D. 33, 44 (D.D.C. 2014) ("[b]efore reaching the class certification issue, the Court must address a threshold issue left undecided in one of its prior decisions: whether it has subject matter jurisdiction to consider Plaintiffs' challenge….");

*see also Lopez v. United States*, 309 F. Supp. 2d 22, 25 (D.D.C. 2004) ("Subject matter jurisdiction is a 'threshold matter' in all cases, such that without it, 'the court cannot proceed at all in any cause.'" (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  The D.C. Circuit has stated in unequivocal terms that "jurisdiction must be established before a federal court may proceed to any other question."  *Galvan v. Federal Prison Indus.*, 199 F.3d 461, 463 (D.C. Cir. 1999).  Respectfully therefore, this Court must determine whether it has subject matter jurisdiction over this action before considering Plaintiffs' renewed motion for class certification and appointment of class counsel.

Second, should the Court rule in favor of Defendants on the issue of subject matter jurisdiction, Plaintiffs' renewed motion for class certification and appointment of class counsel will be rendered moot.  *See, e.g.*, *Meyers*, 96 Fed. Cl. at 64 (denying motion for class certification as moot based on court's order granting motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6)).  And third, at minimum, the Court's ruling on Defendants' motion to dismiss may inform the analysis of Plaintiffs' class certification motion.  For example, the Court's decision – if it does not dismiss the Second Amended Class Action Complaint outright – might narrow the issues in dispute and identify which of the Plaintiffs (or proposed classes of Plaintiffs) have valid claims (if any).

Respectfully, now that Defendants have raised and articulated the issue of subject matter jurisdiction, there is little utility in briefing class certification at this point in the proceedings given the possibility that the matter will be rendered moot or will be narrowed considerably.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court defer the deadline for Defendants to file their substantive opposition to Plaintiffs' renewed motion for

class certification and appointment of class counsel until ten (10) days after the Court enters its

order deciding the issue of subject matter jurisdiction, if such opposition will be necessary based

on the Court's ruling.

Dated: January 23, 2019                    Respectfully submitted,

                                           JESSIE K. LIU, D.C. Bar # 472845
                                           United States Attorney
                                           for the District of Columbia

                                           DANIEL F. VAN HORN, D.C. Bar #924092
                                           Chief, Civil Division

*Of Counsel:*                        By: */s/ Roberto C. Martens, Jr.*
JEREMY A. HAUGH                            ROBERTO C. MARTENS, JR.
Major, U.S. Army                           Special Assistant United States Attorney
U.S. Army Legal Services Agency            United States Attorney's Office
Litigation Division                        Civil Division
9275 Gunston Road                          555 4th Street, N.W.
Fort Belvoir, VA 22060                     Washington, D.C. 20530
(703) 693-1011                             (202) 252-2574
jeremy.a.haugh.mil@mail.mil                roberto.martens@usdoj.gov

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 23nd day of January 2019, I served the foregoing Defendants'
motion to defer submission of opposition to Plaintiffs' renewed motion for class certification and
appointment of class counsel upon counsel for Plaintiffs by filing said document using the
Court's Electronic Case Filing System.

Dated:  January 23, 2019

*/s/ Roberto C. Martens, Jr.*
ROBERTO C. MARTENS, JR.
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2574
roberto.martens@usdoj.gov

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LUCAS CALIXTO, *et al.*,

           Plaintiffs,

  vs.                               Civil Action No. 18-1551 (ESH)

DEPARTMENT OF THE ARMT, *et al.*,

           Defendants.

## <u>ORDER</u>

Upon consideration of Defendants' motion to defer submission of their opposition on the merits to Plaintiffs' renewed motion for class certification and appointment of class counsel (ECF No. 62), it is hereby ORDERED that the motion is granted.  Defendants shall submit their opposition to Plaintiffs' motion, if any is needed, within ten (10) days of entry of this Court's order ruling on Defendants' Rule 12(b)(1) motion to dismiss the Second Amended Class Action Complaint.

      IT IS SO ORDERED.

Dated: _____      _____
                                    ELLEN S. HUVELLE
                                    Senior United States District Judge