**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCAS CALIXTO, *et al.*,<br><br>   Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF THE ARMY, *et al.*,<br><br>   Defendants. | Civil Action No. 18-1551 (ESH) |

**DEFENDANTS' REPLY MEMORANUDM IN FURTHER SUPPORT OF
MOTION TO DEFER SUBMISSION OF OPPOSITION
ON THE MERITS TO PLAINTIFFS' RENEWED MOTION FOR
CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

Defendants the Secretary of the Army Dr. Mark T. Esper and the Department of the Army (collectively, "Defendants"), by and through counsel, respectfully submit this reply memorandum in further support of their motion to defer submission of their opposition on the merits to Plaintiffs' renewed motion for class certification and appointment of class counsel (ECF No. 62). As explained in Defendants' initial motion (ECF No. 67 (errata to ECF No. 66)), the basis for this motion is that Defendants have filed a motion to dismiss this case for lack of subject matter jurisdiction (ECF No. 68). Because subject matter jurisdiction is a threshold issue, Defendants have respectfully requested to defer submission of their substantive opposition to the highly complex matter of Plaintiffs' motion for class certification, which may be rendered either moot or significantly altered or narrowed based on the Court's ruling on jurisdiction. For the reasons provided in this memorandum, Plaintiffs' arguments in opposition to this motion are unpersuasive. Defendants respectfully request that this Court exercise its discretion and inherent power to control the sequence in which it hears two highly complex matters that are presently before it: subject matter jurisdiction and class certification in a case against a federal department.

# ARGUMENT

**A. Defendants Filed a *Jurisdictional* Opposition to Plaintiff's Motion for Class Certification, and Timely Filed this Motion to Defer Submission of its Substantive Opposition in Order to Litigate These Issues in a Logical, Practical, and Focused Manner.**

In Point A of their Opposition brief, Plaintiffs rely on the Court's December 4, 2018 minute order that established the January 25, 2019 deadline for Defendants to file "any response to the renewed class certification motion" and Defendants' submission on January 25, 2019 of their opposition *on jurisdictional grounds* to said motion to argue that "not only have Defendants filed an opposition to the class certification motion already, but the deadline for filing such an opposition has passed."  (Pl's Mem. Opp. to Def's Mot. Defer (ECF No. 70) at 4.)  Plaintiffs then argue that "[t]his Court should not allow Defendants to delay this action by granting them yet another bite at this apple"; and in support of this argument cite to *Koch v. White*, 251 F. Supp. 3d 162, 179-81 (D.D.C. 2017), which is a completely inapposite case about a motion for extension of time to reply to a summary judgment motion on various grounds, including the extension seeker's health problems.  The motion in *Koch was not* based on the fact that a jurisdictional challenge to the very existence of the underlying action had been asserted and was then pending before the Court, unlike in this case.

Plaintiffs' argument in Point A is flawed for two reasons.  First, Defendants filed the present motion to defer submission of their substantive opposition to Plaintiffs' class certification motion on January 23, 2019 – *two days prior* to the January 25, 2019 deadline for Defendants to file their opposition to Plaintiffs' motion.  It was therefore a timely filed motion to defer submission of Defendants' substantive opposition to Plaintiffs' motion.

Second, as Defendants fully explained in their motion (*see* ECF No. 67 at 2 ¶ 2), this motion is the result of Defendants having identified the jurisdictional defects that underlie

Plaintiff's case after Plaintiffs filed their Second Amended Class Action Complaint (ECF No. 61).  Defendants had not identified the jurisdictional defects now raised in Defendants' motion to dismiss (ECF No. 68) at the time that Defendants agreed with Plaintiffs on the schedule for filing their Second Amended Class Action Complaint and motion for class certification and Defendants' responses thereto.  Otherwise, Defendants would have certainly insisted on bifurcated briefing – to first address the issue of subject matter jurisdiction prior to engaging in briefing on the complex and potentially moot issue of Plaintiffs' motion for class certification.

Plaintiffs of course do not concede that their case is jurisdictionally defective. Nonetheless, Defendants have now identified and raised the issue of subject matter jurisdiction, and this issue should be resolved prior to moving on to briefing the complex issue of class certification.  Defendants do not seek "another bite at this apple" as Plaintiffs argue.  (ECF No. 70 at 4.)  Defendants simply seek a full and fair opportunity to litigate the threshold issue of subject matter jurisdiction without burdening this Court with additional matters that are potentially moot or that will be potentially modified or narrowed by the Court's ruling on subject matter jurisdiction.  And if the Court rules that Defendants are wrong on the issue of subject matter jurisdiction, then Defendants simply seek a full and fair opportunity to litigate the merits of Plaintiffs' motion for class certification.  This is not an attempt by Defendants to take "another bite at this apple" – it is merely Defendants' request to litigate these two distinct and complex issues in a logical, practical, and focused manner.

B. **Although the Court is Not Required to Defer All Briefing on Other Matters Once a Jurisdictional Objection is Raised, the Court Can and Should Exercise its Discretion to Defer Briefing on a Complex and Highly Significant Motion Such as Plaintiff's Motion for Class Certification**.

In Point B, Plaintiffs argue that "there is no requirement that subject matter jurisdiction must be addressed before *briefing* on class certification can proceed."  (ECF No. 70 at 4-5

3

(emphasis in original)).  Defendants agree.  But this argument misunderstands the underlying premise of Defendants' motion.  Defendants' motion is not premised on a rule of procedure that purportedly requires this Court to grant Defendants' motion to defer substantive briefing on Plaintiffs' motion for class certification.  Instead, this motion is a request for the Court to exercise its discretion and "inherent power to control the sequence in which it hears matters on its calendar and to decide whether to consolidate the proceedings on motions."  *United States v. Western Elec. Co.*, 46 F.3d 1198, 1208 n.7 (D.C. Cir. 1995) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  Indeed, in a case regarding a district court's power to stay proceedings in a given case, the Supreme Court in *Landis* stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket *with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.*"  *Landis*, 299 U.S. at 254-255 (emphasis added).

In this motion, Defendants have merely asked this Court to exercise its discretion to allow Defendants to fully and unimpededly litigate the threshold and potentially dispositive issue of subject matter jurisdiction.  If Defendants are wrong on the issue of jurisdiction, then Defendants have merely requested the opportunity to fully and thoroughly litigate the complex and highly significant issue of class certification.  Plaintiffs' offer two counter-arguments to this request:  that it will be more efficient for the Court "to hear Defendants' jurisdictional challenge and [to] consider class certification at the same hearing and then issue an order as to both"; and that "any stay would prejudice the rights of absent putative class members."  (ECF No. 70 at 5).  Both arguments are unpersuasive.

First, Plaintiffs' efficiency argument is premised on Plaintiffs' position that Defendants' jurisdictional arguments are entirely without merit (*id.*) and it appears that Plaintiffs assume that the Court is going to deny Defendants' motion to dismiss in its entirely. This is the only way to explain Plaintiffs' argument that it would be most efficient for the Court to hear both the jurisdictional and class certification issue "at the same hearing." (*Id.*) Plaintiffs' argument does not account for the possibility that the Court might rule that it has jurisdiction over some but not all of the counts asserted in Plaintiffs' Second Amended Class Action Complaint (ECF No. 61) and that such a ruling will narrow the issues involved in this case and therefore the definition of the putative class. Such a ruling would almost certainly require Plaintiffs to withdraw and re-submit their motion for class certification to account for the Court's ruling. In that scenario – which respectfully should not be discounted as a possible outcome of Defendants' motion to dismiss – it is certainly not more efficient for Defendants to now submit their substantive opposition to Plaintiffs' current motion for class certification.

Second, Plaintiff's argument that Defendants' present motion will prejudice the putative class members is unpersuasive because class certification is not a grant of any of the relief that Plaintiffs seek on behalf of the putative class. The case cited by Plaintiffs on this point, *Bay View, Inc. v. United States*, 46 Fed. Cl. 494 (2000) (citation at ECF No. 70 at 5), supports Defendants' position. *See Bay View, Inc.*, 46 Fed. Cl. at 495 n.3 ("On August 20, 1999, plaintiff moved for class certification pursuant to RCFC 23. The court granted defendant's motion to stay consideration of the motion, holding that a stay pending a ruling on defendant's motion to dismiss would serve the need for judicial economy without prejudicing the rights of absent class members. The court's dismissal of plaintiff's complaint renders its motion for class certification moot.")

If the Court rules that it does indeed have jurisdiction over the claims asserted in the Second Amended Class Action Complaint, and if the Court determines that the proposed class should be certified, then that would only be the next step in what will continue to be a protracted and highly contested litigation on the merits of Plaintiffs' various claims.  Any delay to the possibility of Plaintiffs achieving any of the relief they seek that is attributable to Defendants' present motion will be no more prejudicial to the putative class members than any previous extension of time that Plaintiffs have requested in this case; which is to say, not prejudicial at all. (*See* Pl.'s Cons. Mot. Ext. Time (ECF No. 58) (Plaintiffs' motion – consented to by Defendants – to extend their time to file the Second Amended Class Action Complaint and renewed motion for class certification from December 5, 2018 to January 2, 2019)).[1]

C. **Plaintiffs' Attempt to Litigate the Issue of Subject Matter Jurisdiction in the Present Motion is Misplaced and Only Proves Defendants' Point:  the Court and the Parties Cannot Adequately Address Any Other Issues Until the Issue of Jurisdiction is Resolved.**

In Point C, Plaintiffs argue that "Defendants' argument that this Court lacks subject matter jurisdiction is without merit" (ECF No. 70 at 5) and they then proceed to attempt to litigate Defendants' motion to dismiss within the present motion to defer briefing (*id*. at 6-7). Plaintiffs' attempt to litigate the highly complex issue of subject matter jurisdiction within the confines of the present motion to defer substantive briefing on class certification is entirely misplaced.  Defendants respectfully refer the Court to their motion to dismiss (ECF No. 68) and the matters that will be submitted in opposition and in reply thereto for this Court's assessment of the merits of Defendants' arguments on the issue of subject matter jurisdiction.  Indeed, the fact that Plaintiffs were compelled to attempt to litigate the issue of subject matter jurisdiction in

---

[1] The Parties factored into Plaintiffs' request for an extension of time an additional two weeks due to the end-of-year holidays.

this present motion only proves Defendants' point: subject matter jurisdiction is a threshold issue and, respectfully, the Court and the Parties cannot adequately address any other issues until the issue of subject matter jurisdiction is resolved.

> **D. Plaintiffs' Prejudice Argument is Unpersuasive Because Even if the Court Grants Class Certification Now, Plaintiffs Still Need to Prevail on the Merits of One or More of Their Various Claims In Order to Receive Any of the Relief They Seek.**

In Point D, Plaintiffs argue that "a stay of briefing on the Motion for Class Certification…will prejudice seriously the rights of absent putative class members. A prompt decision on class certification is necessary here." (ECF No. 70 at 5.) Plaintiffs then proceed to attempt to litigate the merits of their case. (*Id*. at 8-12). As discussed above in Point B, Defendants' present motion to defer substantive briefing on Plaintiffs' motion for class certification until 10 days after the Court rules on the issue of subject matter jurisdiction is no more prejudicial to the putative class members than Plaintiffs' motion to extend their deadline to file their Second Amended Class Action Complaint and renewed motion for class certification from December 5, 2018 to January 2, 2019. Meaning, it is not prejudicial at all because granting class certification will afford the putative class members none of the relief that Plaintiffs seek on their behalf, and would only be the next step on an assuredly long road to ultimate resolution of this case – if the Court finds that it has jurisdiction as a threshold matter.

While there is no need to belabor the analysis of Plaintiffs' prejudice argument, there is one matter asserted in Point D of Plaintiffs' opposition memorandum that must be clarified for the record. In Point D, Plaintiffs state that upon learning of alleged deficiencies in Military Service Suitability Recommendation ("MSSR") notification letters sent by the Army pursuant to the Army's October 26, 2018 policy memorandum (*see* copy filed at ECF No. 50-1), "Plaintiffs' counsel communicated their concerns to Defendants' counsel" (ECF No. 70 at 11), which refers

to the undersigned counsel.  Plaintiffs then allege that "[i]n response, Defendants acknowledged that the notice letters lacked substance (i.e., that the operative language was "vague" and "unhelpful" to the soldiers tasked with responding) and that the lack of specificity was due, in part, to the fact that the notices had to be sent to hundreds of soldiers."  (*Id*.)  Plaintiffs then use this alleged "admission" by "Defendants" to argue that "[t]his acknowledgment clearly supports the 'numerosity' condition for class certification."  (*Id*. at 11 n.8.)

Defendants must clarify the following regarding Plaintiffs' allegation and argument: "Defendants," i.e., the Secretary of the Army and the Department of the Army, did not make any of the "admissions" or "acknowledgements" alleged by Plaintiffs.  The *undersigned counsel* engaged in the recounted communication with Plaintiffs' counsel.  This conversation occurred during a Local Civil Rule 7(m) "meet and confer" call requested by Plaintiffs' counsel to answer their questions and to attempt to resolve their concerns regarding the MSSR notification letters, one of which Plaintiffs' counsel provided to the undersigned counsel as an example.  The undersigned counsel proceeded under the clearly mistaken assumption that communications made during this call could be made candidly in a "good-faith effort…to narrow the areas of disagreement," LCvR 7(m), and that such communications would be treated as protected by Rule 408 of the Federal Rules of Evidence.  *See* Fed. R. Evid. 408 (stating that evidence of a statement made during compromise negotiations about a claim is not admissible to prove or disprove the validity of a disputed claim).

Plaintiffs' attempt to attribute the undersigned counsel's statements to Defendants – statements made during an LCvR 7(m) meet and confer call – is unfair and out of bounds.  Furthermore, Plaintiffs' have mischaracterized the undersigned counsel's statements, specifically:  the undersigned counsel only viewed and commented upon the one example MSSR

notification letter provided to him; he could not reliably comment upon or make any acknowledgments about the substance of all "notice *letters*" as asserted by Plaintiffs. (ECF No. 70 at 11). Defendants therefore respectfully request that the Court disregard the entirety of Plaintiffs' argument as asserted on pages 11-12 of Plaintiffs' opposition memorandum, as the argument is contrary to the purpose of LCvR 7(m), the standards of civility expected of counsel who practice before this Court, LCvR 83.8(b)(6)(v), and Federal Rule of Evidence 408.

## CONCLUSION

For the reasons stated above and in their initial motion (ECF No. 67 (errata to ECF No. 66)), Defendants respectfully request that the Court defer the deadline for Defendants to file their substantive opposition to Plaintiffs' renewed motion for class certification and appointment of class counsel until ten (10) days after the Court enters its order deciding the issue of subject matter jurisdiction, if such opposition will be necessary based on the Court's ruling.

Dated: February 5, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

*Of Counsel:*

BY: */s/ Roberto C. Martens, Jr.*
ROBERTO C. MARTENS, JR.

JEREMY A. HAUGH
Major, U.S. Army
jeremey.a.haugh.mil@mail.mil

Special Assistant United States Attorney
United States Attorney's Office
Civil Division

JOSEPH G. NOSSE
Major, U.S. Army
joseph.g.nosse.mil@mail.mil

555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2574
roberto.martens@usdoj.gov

U.S. Army Legal Services Agency
9275 Gunston Road
Fort Belvoir, VA 22060
(703) 693-1011

*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I certify that on this 5th day of February 2019, I served upon counsel for Plaintiffs the foregoing Defendants' reply memorandum in further support of motion to defer submission of opposition on the merits to Plaintiffs' renewed motion for class certification and appointment of class counsel by filing said document using the Court's Electronic Case Filing System.

Dated: February 5, 2019        */s/ Roberto C. Martens, Jr.*
                               ROBERTO C. MARTENS, JR.
                               Special Assistant United States Attorney
                               United States Attorney's Office
                               Civil Division
                               555 Fourth Street, N.W.
                               Washington, D.C. 20530
                               (202) 252-2574
                               roberto.martens@usdoj.gov

                               *Attorney for Defendants*