**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| | ) | |
| LUCAS CALIXTO, *et al.*, | ) | |
| | ) | |
| PLAINTIFFS, | ) | **Case No. 1:18-cv-01551-ESH** |
| | ) | |
| v. | ) | |
| | ) | **HEARING REQUESTED** |
| UNITED STATES DEPARTMENT OF THE | ) | |
| ARMY, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**
**AND APPOINTMENT OF CLASS COUNSEL**

As set forth in their Memorandum of Points and Authorities in Support of their Renewed

Motion for Class Certification and Appointment of Class Counsel (the "Motion" or "Mot.") (Dkt.

62), Plaintiffs have demonstrated that class action treatment is warranted under Rule 23 of the

Federal Rules of Civil Procedure and is the most efficient way to address this challenge to the

Army's failure to provide mandatory process to MAVNI soldiers before instituting discharge

actions against them.  Despite filing a purported "Opposition" (Dkt. 69),[1] Defendants offer no

substantive response to any of the bases set forth by Plaintiffs for class certification.  Instead,

Defendants claim that subject matter jurisdiction is lacking for the entire action and that Plaintiffs'

---

[1]   The docket text for this filing by Defendants reads: "Memorandum in opposition to re [62] MOTION to Certify Class and Appoint Class Counsel MOTION to Appoint Lead Counsel (Duplicate Filing) filed by MARK T. ESPER, UNITED STATES DEPARTMENT OF THE ARMY. (Martens, Roberto)."   Defendants' filing is styled: "Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss and in Opposition to Plaintiffs' Motion for Class Certification for Lack of Subject Matter Jurisdiction," followed by a short statement: "DUPLICATE FILING OF DEFENDANT'S OPPOSITION TO (ECF NO. 62) PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFCATION [sic]."  Dkt. 69.

Motion for class certification should be denied as moot.  Defendants' jurisdictional arguments should be rejected for the reasons set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed concurrently with this Reply, and the class should be certified.

## ARGUMENT

Defendants do nothing to dispute or refute the Rule 23 showing by Plaintiffs in their Motion, which is supported by specific factual assertions and legal authority.  Moreover, in the last month since the Motion was filed, the case for class certification has only grown stronger.

### A.   The Proposed Class Is So Numerous That Joinder of All Members Is Impracticable

As previously explained, the proposed class satisfies Rule 23(a)(1)'s numerosity factor. *See* Mot. at 6-10.  In addition to the facts laid out in the Second Amended Class Action Complaint, *see* Dkt. 61 ¶¶ 175-79, recent statements by Defendants' counsel further demonstrate numerosity. In particular, in recent discussions, Defendants' counsel confirmed that the Army intends to send notice letters pursuant to the October 26 Memo to "hundreds" of MAVNI soldiers and explained that this volume of notifications is an impediment to the Army's ability and willingness to provide specific information in the notices such that the soldiers can meaningfully respond.  Putting aside for now the Army's position regarding the content of the notices, the Army's position clearly confirms the requisite number of similarly-situated soldiers to establish numerosity.  Notably, Plaintiffs raised this point in a recent filing, Dkt. 70 at 11 & n.5, and, while taking issue with other aspects of that filing, Defendants did not retract their representation that hundreds of soldiers are subject to the October 26 Memo and policy.  *See* Dkt. 72 at 7-9.

### B.   There Are Common Questions of Both Law and Fact

As previously explained, the proposed class also meets Rule 23(a)(2)'s commonality requirement.  *See* Mot. at 10-12.  In their Motion to Dismiss, Defendants argue that an aggregation

of similar individual discharges based on the same final agency action (the Army's uniform policy and practice) cannot give rise to jurisdiction under the APA,[2] and that this case is made up of "varied" and "individual" grievances that attempt to interfere with the Army's authority to "recruit" soldiers. *See* Dkt. 68-1 at 5, 13, 27. But Defendants have it wrong. The Second Amended Class Action Complaint does not challenge Army recruiting efforts. Nor does it challenge the *reasons* behind individual discharge decisions or seek judicial review of individual discharge determinations based on individual facts and circumstances. Instead, the complaint seeks redress for Defendants' failure to follow mandatory regulations and abide by the Constitution in the discharge *process* for these soldiers. The Army's failure to follow these legal requirements is a question common to the entire putative class, all of whom by definition are MAVNI soldiers who are subject to an involuntary administrative discharge action, without a characterization and without the mandatory procedures laid out in Army and DoD Regulations or the process due under the Constitution.[3]

### C.   Plaintiffs' Claims Are Typical of the Claims of the Class as a Whole, and They Will Fairly and Adequately Represent the Interests of the Class

The claims of the proposed class representatives also satisfy the typicality component of Rule 23(a)(3), and the named Plaintiffs likewise satisfy the adequacy requirement of Rule 23(a)(4). *See* Mot. at 13-15. In their Motion to Dismiss, Defendants insert a section labeled "THE

---

[2]   Of course, under established precedent, this is not the case, as explained in Plaintiffs' concurrently filed Opposition to Defendants' Motion to Dismiss.

[3]   Simply because there may be individualized (or "varied") factual elements applicable to class members' situations does not mean that there are not also common legal and factual questions sufficient to support class certification. *See Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8 (D.D.C. 2010) ("[F]actual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members.") (citation omitted).

PLAINTIFFS." Dkt. 68-1 at 6-8.  Since this section of their brief has no bearing on subject matter jurisdiction, it may reflect an attempt by Defendants to comment on the typicality or adequacy of the named Plaintiffs.  For example, Defendants state that "only Plaintiffs Zeyuan Li and Yisheng Dai remain discharged from the Army." Dkt. 68-1 at 8.  If by making these statements Defendants mean to suggest that the reinstatement of some Plaintiffs removes this Court's ability to certify a class, they are mistaken.  As this Court already has observed, "All you need is one class representative." 11/14/18 Tr. at 34:21; *see also id.* at 44:9-11 ("All you're looking for is a couple of people … you need one or two per class."); *id.* at 36:5-6; *id.* at 38:8-10.

Defendants similarly offer the observation (irrelevant to their sovereign immunity motion) that Plaintiff Xing Lu is "the only named plaintiff in the DEP" and that SPC Lu now has been offered reinstatement.  Dkt. 68-1 at 7 & n.3.  Notably, Defendants omit mention of the fact that SPC Lu's reinstatement offer was extended only after she was added as a named Plaintiff in the Second Amended Class Action Complaint.  But here, too, if Defendants' objective in mentioning SPC Lu's current status is to suggest that the complaint now lacks adequate representatives, they are again wrong.[4]  Plaintiff Lu has not been dismissed from the case and remains a named Plaintiff. And attempts to moot out a class representative prior to a ruling on certification cannot defeat class certification.  *See Thorpe v. District of Columbia*, 916 F. Supp. 2d 65, 66 (D.D.C. 2013) ("[F]or

---

[4]   Moreover, the Court already has indicated that named plaintiffs who are in the DTP may serve as adequate representatives for DEP class members.  *See* 11/14/18 Tr. at 44:23-24 (noting in discussion of how to identify representatives for a class including DEP soldiers, beyond contacting the Army with the names of specific DEP soldiers to determine if they were subject to the unlawful summary discharges at issue in this action, that "the other alternative is they're Nio or Kirwa class people"); *see also id.* at 39:23-24.  Plaintiffs' claims, whether DEP or DTP, arise from the same conduct by Defendants that provides the basis for all putative class members' claims, namely, the Army's failure to provide mandatory process for MAVNI discharge determinations.  Indeed, the Army itself does not make any relevant distinctions between DEP and DTP soldiers in the October 26 Memo.

class actions prior to a ruling on class certification when the 'claims are live when filed but moot before the adjudication of the class certification motion,' courts have recognized an 'inherently transitory' exception to mootness where 'the population of the claimant population is fluid, but the population as a whole retains a continuing live claim.'" (quoting Newberg on Class Actions §§ 2:11, 2:13)); *see also Nio v. United States Dep't of Homeland Sec.*, 323 F.R.D. 28, 30 n.1 (D.D.C. 2017) ("Two of the named plaintiffs have been naturalized, but that does not render the claims of the class moot.").[5]

## CONCLUSION

For these reasons and those explained in Plaintiffs' Motion, this case satisfies all of the requirements for class certification.  Plaintiffs respectfully request that the Court certify the proposed class (and subclasses) and appoint the undersigned as class counsel.

Dated: February 8, 2019

Respectfully submitted,

*/s/ Douglas W. Baruch*
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

---

[5]   Indeed, there are putative DEP class members who continue to wait for reinstatement, such as Seongmin Kim, who suffered through the same discharge fiasco as SPC Lu.  *See* Dkt. 70 at 9. Such a fiasco could have been avoided through the provision of due process.