IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCAS CALIXTO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF THE ARMY, *et al.*, <br><br> Defendants. | Civil Action No. 18-1551 (ESH) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

    Defendants the Secretary of the Army Dr. Mark T. Esper (the "Secretary") and the Department of the Army ("Army") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this memorandum in opposition to Plaintiff's motion for leave to file a sur-reply (ECF No. 78) in further opposition to Defendants' motion to dismiss (ECF No. 68). Plaintiffs' motion should be denied because it mischaracterizes Defendants' principal argument asserted in their reply memorandum. Defendants did not assert the hypertechnical pleading argument that Plaintiffs seek to rebut in their proposed sur-reply. Furthermore, the other issues that Plaintiffs seek to argue are not dispositive of the ultimate issue raised in Defendants' motion to dismiss: whether Plaintiffs' case is based on a discrete agency action that is subject to judicial review pursuant to the APA's limited waiver of sovereign immunity (it is not). For these reasons, Plaintiffs' motion for leave to file the proposed sur-reply should be denied.[1]

---

[1] Defendants offered to review Plaintiffs' proposed sur-reply as part of the meet and confer process, but Plaintiffs declined. Therefore, Defendants did not have the opportunity to clarify its argument to Plaintiffs, to attempt to narrow the issues that Plaintiffs seek to address in the proposed sur-reply, and to potentially dispense with the need for this contested motion. Defendants also proposed that the parties jointly request oral argument on Defendants' motion, to eliminate further briefing arising from Defendants' motion to dismiss.

## LEGAL STANDARD

Sur-replies "are generally disfavored." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011) (citing *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010)). A sur-reply may be appropriate to contest matters raised for the first time in a reply memorandum. *Id.* (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)). However, "[a]s Courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the party seeking to file a sur-reply] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a sur-reply will rarely be appropriate.'" *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (citing *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 U.S. App. LEXIS 2309, at *1 (D.C. Cir. Feb. 6, 2012)).

"[T]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the district court." *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011). "In exercising its discretion, the district court should consider whether the movant's reply in fact raises arguments or issues for the first time; whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion; and whether the movant would be unduly prejudiced were leave to be granted." *Glass*, 786 F. Supp. 2d at 231 (citing *Akers*, 760 F. Supp. 2d at 3).

## ARGUMENT

In their proposed sur-reply, Plaintiffs mischaracterize Defendants' principal argument as follows: "Defendants argue that the Second Amended Class Action Complaint [the "Compliant"]…does not challenge a discrete and final agency action simply because it does not – according to Defendants – use the precise words 'policy' or 'practice' often enough." Pls.'

Prop. Sur-Reply (ECF No. 78-1) at 1.  This is not Defendants' argument.  In fact, Defendants made the exact *opposite argument:*  that the hundreds of individual discharge actions that Plaintiffs seek to challenge are not a discrete agency action that invokes the limited waiver of sovereign immunity provided by section 702 of the Administrative Procedures Act; and Plaintiffs' attempt to collectively characterize them as a "policy" or "practice" does not make them a discrete agency action.  See Defs.' Reply Mem. (ECF No. 75) at 2.  Defendants have argued this point consistently throughout their motion.  See Defs.' Mot. Mem. (ECF No. 68-1) at 1, 5-6, 27-28; Defs.' Reply Mem. (ECF No. 75) at 2, 8-9, 23-25.

It appears that Plaintiffs' misunderstanding is due to Defendants' arguments in point III.A. of their reply memorandum, in which Defendants criticized the lack of consistency between what Plaintiffs alleged in the Complaint is the basis for this action (*i.e.*, the alleged "summary discharge actions") and what Plaintiffs argued in their opposition memorandum (*i.e.*, characterization of the discharge actions as a "policy" or "practice," and now, Plaintiffs' attempt to also challenge the October 26 policy memorandum).  See Defs.' Reply (ECF No. 75) at 6-8.  These arguments are within the scope of the matters raised by Plaintiffs in their opposition and therefore do not warrant a sur-reply, *see Banner Health*, 905 F. Supp. 2d at 188, and certainly not a sur-reply that mischaracterizes Defendants' principal argument.

The other issues argued in Plaintiff's sur-reply, *i.e.*, applicability or non-applicability of Army Regulation 380-67 and DOD Instruction 5200.02,[2] the effect of U.S. Army Reserve

---

[2] In their reply memorandum, Defendants argued that "[t]he October 26 policy does not refer to AR 380-67 or DODI 5200.02 because they are not applicable to MAVNIs." Defs.' Reply Mem. (ECF No. 75) at 11-12.  This sentence should read "[t]he October 26 policy does not refer to AR 380-67 or DODI 5200.02 because they are not applicable to MAVNI recruits or other recruits *prior to shipping to basic training*, with limited exceptions for recruits that require a security clearance for their initial military occupational specialty training." As explained in this portion of the reply memorandum, AR 380-67 and DODI 5200.02 do not apply to the MSSR/MSSD

Command discharge orders, and the relief available from Army review boards, are not necessary for the Court to resolve the threshold issue of sovereign immunity.

Since Defendants filed their reply memorandum on February 15, 2019 (ECF No. 75), Plaintiffs have filed 75 pages of additional matters for the Court to consider. *See* Pls.'s Not. Supp. Auth. (ECF No. 77); Pls.'s Mot. Leave Sur-Reply (ECF No. 78). But none of these matters are helpful to the Court's resolution of the fundamental issue of whether Plaintiffs' case is based on a discrete agency action (it is not). Plaintiffs' proposed sur-reply is particularly unhelpful because it mischaracterizes Defendants' principal argument regarding this issue. Indeed, the Court "is in the business of determining whether the litigants before it appropriately relate the facts, the other parties' arguments, and the propositions that are set forth in case law or whether the litigants mischaracterize those facts, arguments, and propositions." *Bishop v. Children's Ctr. for Dev. Enrichment*, No. 08-0766, 2011 U.S. Dist. LEXIS 130536, at *6 (S.D. Ohio Nov. 10, 2011) (denying plaintiff's motion for leave to file sur-reply). For these reasons, Plaintiff's motion for leave to file a sur-reply should be denied. *See Glass*, 786 F. Supp. 2d at 231 (denying plaintiff's motion for leave to file sur-reply because, among other reasons, "the matters discussed in [plaintiff's] proposed surreply are immaterial to the resolution of this motion.").

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file a sur-reply in further opposition to Defendants' motion to dismiss.

---

process. *Id*. In any event, this issue is not dispositive to the Court's resolution of the sovereign immunity issue that is the gravamen of Defendants' motion to dismiss.

4

Dated:  March 15, 2019

*Of Counsel:*

JEREMY A. HAUGH
Major, U.S. Army
(703) 693-1011
jeremy.a.haugh.mil@mail.mil

JOSEPH G. NOSSE
Major, U.S. Army
(703) 693-1013
joseph.g.nosse.mil@mail.mil

U.S. Army Legal Services Agency
Litigation Division
9275 Gunston Road
Fort Belvoir, VA 22060

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

BY: */s/ Roberto C. Martens, Jr.*
ROBERTO C. MARTENS, JR.
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2574
roberto.martens@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of March 2019, I served upon counsel for Plaintiffs the foregoing Defendants' memorandum in opposition to Plaintiffs' motion for leave to file sur-reply by filing said document using the Court's Electronic Case Filing System.

Dated:  March 15, 2019

*/s/ Roberto C. Martens, Jr.*
ROBERTO C. MARTENS, JR.
Special Assistant United States Attorney

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUCAS CALIXTO, *et al.*,

    Plaintiffs,

vs.

DEPARTMENT OF THE ARMY, *et al.*,

    Defendants.

Civil Action No. 18-1551 (ESH)

# ORDER

Having considered the matters submitted by the Parties regarding Plaintiff's motion for leave to file a sur-reply memorandum (ECF No. 78) in further opposition to Defendant's motion to dismiss (ECF No. 68), IT IS ORDERED that Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: _____      _____
    ELLEN S. HUVELLE
    United States District Judge