**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| LUCAS CALIXTO, *et al.*,                 )<br>                                                           )<br>                              PLAINTIFFS,  )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>UNITED STATES DEPARTMENT OF THE  )<br>ARMY, *et al.*,                                  )<br>                                                           )<br>                              DEFENDANTS.  )<br>                                                           ) | Case No. 1:18-cv-01551-ESH |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The impetus for Plaintiffs' request for leave to file a sur-reply (Dkt. 78) was Defendants' inclusion of legal and factual arguments, for the first time, in Defendants' Motion to Dismiss reply brief ("Reply," Dkt. 75). This is the exact circumstance under which courts grant leave to file sur-reply briefs. *See Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (such motions are routinely granted "when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading" (internal citation omitted)). Plaintiffs simply ask for, and are entitled to, the opportunity to respond to arguments that this Court will consider.

However, in their recently-filed opposition to Plaintiffs' sur-reply request (Dkt. 80), Defendants appear to have abandoned their new (Reply) arguments and/or acknowledged that the matters presented by Defendants for the first time in the Reply are not relevant to the question they are asking this Court to address on the Motion to Dismiss:

1. Defendants, for the first time in their Reply, repeatedly claimed that the Complaint did not use the terms "policy" and "practice" in certain places and that "Plaintiffs do not challenge a policy in their 51-page Second Amended Complaint . . . [a]t no time in their

1

213-paragraph complaint do the Plaintiffs refer to a summary discharge 'policy.'" Reply at 7-8, 15-16. Despite these Reply assertions, Defendants now contend that they are not raising a pleading deficiency argument and that the only issue before the Court on their Motion to Dismiss is whether sovereign immunity has been waived. *See* Dkt. 80 at 1-3.

2. Defendants' Reply, for the first time, included arguments concerning the relief Plaintiffs purportedly[1] are seeking and whether that makes the claims non-justiciable. *See, e.g.*, Reply at 3-4 ("Plaintiffs also seek to have this Court … chang[e] how the Army characterizes discharges for entry level recruits."); Reply at 20 ("Plaintiffs' Request for Reinstatement for All Discharged MAVNI Recruits Is Not Justiciable."). This was a surprising new argument to Plaintiffs, particularly given that, in the Motion to Dismiss itself, Defendants claimed to be challenging only whether there had been a waiver of sovereign immunity and explicitly asserted that they were *not* addressing the issue of remedies, *see* Dkt 68-1 at 5-6. While Defendants do not explain why these arguments appeared in the Reply, Defendants now seemingly have reverted back to their original position that the only issue before the Court on Defendants' Motion to Dismiss is whether sovereign immunity has been waived. *See, e.g.*, Dkt. 80 at 1.

3. Finally, the Reply injects several new "factual"[2] assertions into the Motion to Dismiss argument. However, now Defendants admit that the "applicability or non-applicability

---

[1] As noted in Plaintiffs' proposed Sur-Reply, both of Defendants' assertions about the relief Plaintiffs seek are wrong. *See* Dkt. 78-1 at 4-6.

[2] As noted in Plaintiffs' proposed Sur-Reply, with these "facts," Defendants both strayed from their asserted "facial" challenge to the Complaint and posited inaccurate information. *See* Dkt. 78-1 at 6-9.

of Army Regulation 380-67 and DOD Instruction 5200.02, the effect of U.S. Army Reserve Command discharge orders, and the relief available from Army review boards[] are not necessary for the Court to resolve the [] issue of sovereign immunity." Dkt. 80 at 3-4.  Again, Defendants do not explain why they included these so-called "facts" in their Reply if they are unnecessary to the Motion to Dismiss.  Regardless, one of Defendants' Reply "facts" actually confirms that the Army has a policy and/or practice of not providing the due process rights of AR 380-67 and DoDI 5200.02 to any of the Plaintiffs or putative class members.  Reply at 10-12, 23; Dkt. 78-1 at 6.  This confirmation alone undermines and defeats Defendants' Motion to Dismiss.[3]

Given Defendants' most recent clarification of their position as to the lone basis for their Motion to Dismiss, the Court may ignore the new matters presented by Defendants for the first time in their Reply; however, if the Court plans to consider any of these new matters, Plaintiffs should be afforded an opportunity to respond to them.  *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) ("If the movant raises arguments for the first time in his reply to the nonmovant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply.").

---

[3]  Defendants' continued assertion that these regulations (AR 380-67 and DoDI 5200.02) do not apply to Plaintiffs or the putative class (or the MSSR/MSSD process) is puzzling, particularly since it is directly contrary to their own documents.  Indeed, Plaintiffs established this exact point in their motion for sur-reply, where they showed that these exact regulations (and the due process rights pursuant to them) apply here, as evidenced by, among other items, the Army's discharge code references filed with this Court in *Nio*, the Adverse MSSR Notices issued pursuant to the October 26 Memo, the September 30, 2016 Memo, and the testimony of Stephanie Miller.  See Dkt. 78-1 at 7.  Defendants' policy/practice of applying these military regulations to so-called "entry-level" MAVNI soldiers when it suits Defendants' purposes but not providing the soldiers with the due process protections built into these regulations (and others) is exactly what is at issue in this lawsuit.

Dated: March 22, 2019                Respectfully submitted,

       */s/ Douglas W. Baruch*
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*