**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCAS CALIXTO, *et al.*,<br><br>                    PLAINTIFFS,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY, *et al.*,<br><br>                    DEFENDANTS. | Case No. 1:18-cv-01551-ESH |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND PLAINTIFFS' REQUEST FOR A SCHEDULING ORDER**

Plaintiffs respectfully submit this Opposition to Defendants' Motion for Extension of Time to File Opposition to Plaintiffs' Motion for Class Certification and Answer to the Second Amended Class Action Complaint (Dkt. 86). Further, Plaintiffs request that the Court enter a scheduling order to govern this litigation.

Plaintiffs submit that Defendants' latest eleventh-hour extension request should not be granted for two principal reasons: First, Defendants already have been afforded substantial additional time to file their class certification motion opposition and Answer, and the current extended filing schedule is the one they requested. Second, and more importantly, these delays merely extend the ongoing harm to Plaintiffs and putative class members, who are being treated unfairly and suffering injury while this litigation remains pending, including soldiers whose discharges remain in effect and soldiers who were promised a discharge suspension or full reinstatement but who have not received such. Shortly before Defendants asked for this most

1

recent extension, Plaintiffs reminded Defendants of the need to address these ongoing harms. Then, when Defendants responded with an extension request, Plaintiffs proposed that the parties discuss scheduling more broadly in an attempt to reduce the prejudice to Plaintiffs and putative class members. Defendants did not respond to the proposal or otherwise provide any assurances that these harms have been or will be addressed promptly. Thus, Plaintiffs are asking the Court to set a schedule for the remainder of the case in order to minimize or eliminate further last-minute extension requests.

In further support of their position, Plaintiffs state as follows:

- This litigation commenced in June 2018 (Dkt. 1). Shortly thereafter, in August 2018, Plaintiffs sought class action status (Dkt. 21). Since then, Defendants have not formally responded to the class action allegations, and they have avoided answering the allegations in any way.

- On January 2, 2019, following Defendants' implementation of a new policy in reaction to this litigation, Plaintiffs filed a second amended complaint and renewed class certification motion (Dkts. 61, 62). Under the rules, Defendants had 14 days to file an Answer or move to dismiss the amended complaint and 14 days to respond to the class certification motion. Defendants negotiated extensions for both dates, and both filings were due on January 25, 2019.

- On January 23, 2019, Defendants filed an extension request regarding their class certification opposition, asking to defer class certification briefing until their motion to dismiss was decided (Dkt. 66). And, on January 25, 2019, Defendants filed a motion to dismiss (Dkt. 68).

- When they filed their motion to dismiss, Defendants did not address Local Rule 7(n), which states that "an agency **must** file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first" (emphasis added). To this day, Defendants have not addressed that local rule.

- On March 27, 2019, when the Court informed the parties that Defendants' motion to dismiss would be denied, Defendants sought and obtained additional time to file their class certification opposition motion and their Answer. The Court granted Defendants' request that the deadlines for those submissions be set for April 17, 2019 (Dkt. 97).

- Then, just as they did in January, Defendants filed an extension request less than 48 hours before the agreed and ordered deadline. And, as with the prior motion, they let the deadline pass even though the Court had not yet ruled on the request.

- Federal Rule of Civil Procedure 6(b) requires "good cause" before a court may grant an extension of time to act. No such good cause is present here. Defendants asked for the April 17 deadline to accommodate their schedules. The trial and motions schedule in the separate case that Defendants' counsel refers to in the extension motion were set well in advance of Defendants' request on March 27 for the April 17 deadline in this case, and in the intervening time (on April 9) the trial judge in the separate case extended the trial date by two weeks to accommodate a defense (government) witness. Thus, the schedule in that separate action does not establish good cause for an extension here.

- In this action, by Defendants' own admission, at least 450 soldiers are victims of final discharge actions which the Army refuses to redress in any manner absent a judicial order.

- Moreover, as Defendants are aware, many MAVNI soldiers whom Defendants claim are not currently subject to final discharge actions are being treated as if they have been discharged.  For example, MAVNI soldiers who previously drilled with their units now are being told by those same units that they cannot drill.  In fact, when one MAVNI who is not discharged (according to Defendants' reporting to the Court in the *Nio* case) recently tried to attend drill, he was told that the police would be summoned if he did not leave the premises.  Other purportedly "not discharged" MAVNI soldiers are not being allowed on base at all.  "Not discharged" MAVNI soldiers do not have usable CAC cards (military IDs).  Still others are continuing to experience problems with military health insurance coverage and other benefits that they receive (or should receive) as enlisted soldiers.  Some MAVNI soldiers still face invoices and the threat of debt collection from DFAS due to the fact that they have been "discharged," even though Defendants have represented that those soldiers are not discharged.

- Moreover, MAVNI soldiers (who are not discharged) apparently are not having their background checks adjudicated by the Department of Defense and the Army because they have been listed somewhere as discharged, which is delaying their military advancement as well as the processing of their naturalization applications.  And MAVNI soldiers (who are not discharged) are being denied

   Deferred Action by USCIS because they do not have "proof" that they continue to be a member of the U.S. military.

- Finally, Plaintiffs' counsel planned their schedules around the Court-ordered dates. It is unfair for Defendants to constantly, unilaterally adjust dates at the last minute, leaving Plaintiffs' counsel in the unenviable position of adjusting their personal and professional commitments (if possible), truncating Plaintiffs' time to reply, or subjecting their clients to further prejudice by agreeing to Defendants' extensions.

For all the foregoing reasons, Plaintiffs request that Defendants be ordered to submit their Answer, any opposition to the class certification motion, and a certified list of the contents of any administrative record without further delay.

Further, Plaintiffs request that the Court confer with the parties and set a schedule for this litigation so that it can proceed and avoid (or mitigate) further last-minute extension requests.

Dated: April 18, 2019                   Respectfully submitted,

                           */s/ Douglas W. Baruch*
                           Douglas W. Baruch (D.C. Bar No. 414354)
                           Jennifer M. Wollenberg (D.C. Bar No. 494895)
                           Kayla Stachniak Kaplan (D.C. Bar No. 996635)
                           Neaha P. Raol (D.C. Bar No. 1005816)
                           Katherine L. St. Romain (D.C. Bar No. 1035008)
                           Fried, Frank, Harris, Shriver & Jacobson LLP
                           801 17th Street, NW
                           Washington, D.C. 20006
                           Telephone:  (202) 639-7000
                           Facsimile:   (202) 639-7003
                           Email: douglas.baruch@friedfrank.com
                           Email: jennifer.wollenberg@friedfrank.com

                           *Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LUCAS CALIXTO, *et al.*, | ) ) ) ) | |
| PLAINTIFFS, | ) ) | **Case No. 1:18-cv-01551-ESH** |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, | ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME AND GRANTING PLAINTIFFS' REQUEST FOR A SCHEDULING ORDER**

**THIS MATTER**, having come before the Court on a motion from Defendants for an extension of time and a request from Plaintiffs for a scheduling order and the Court having reviewed the arguments; it is hereby

**ORDERED** that Defendants' motion for an extension of time (Dkt. 86) is **DENIED** and that Defendants shall file their Answer, any opposition to the class certification motion, and a certified list of the contents of any administrative record without further delay; and it is further

**ORDERED** that Plaintiffs' request for a scheduling order is granted and that, after conferring with the parties, the Court will set a schedule for this litigation.

Dated: _____                                              _____
                                                                                   U.S.D.J. Ellen Segal Huvelle

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

In accordance with LCvR 7(k), listed below are the names and addresses of the attorneys and parties entitled to be notified of the proposed order's entry:

*Counsel for Defendants*

**Robert C. Martens, Jr.**
U.S. ATTORNEY'S OFFICE,
CIVIL DIVISION
555 4th Street, NW
Washington, D.C. 20530
Telephone: (202) 252-2574
Email: jeremy.haugh@usdoj.gov
Email: roberto.martens@usdoj.gov

*Counsel for Plaintiffs*

**Douglas W. Baruch**
**Jennifer M. Wollenberg**
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com