**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LUCAS CALIXTO, *et al.*, <br><br> PLAINTIFFS, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  **Case No. 1:18-cv-01551-ESH** |

**PLAINTIFFS' NOTICE CONCERNING**
**DEFENDANTS' MAY 28, 2019 STATUS REPORT**

Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

Plaintiffs respectfully submit this Notice concerning Defendants' May 28, 2019 Status Report (Dkt. 97) in order to apprise the Court of recent and urgent developments adversely affecting certain Plaintiffs and the putative class, and to request that the Court direct Defendants to provide an updated report forthwith.

As set forth below, without any advance notice to the Court or Plaintiffs, Defendants have commenced a concerted and deceptive effort to induce soldiers – who have been waiting for months to receive the notification process of the October 26, 2018 Memorandum (Dkt. 50-1) – to purportedly waive their rights to obtain the notice. Defendants' effort is evidenced in part by a memorandum and waiver form that the Army has been distributing to MAVNI soldiers. Among other concerns, the Army memorandum (the "Waiver Memo") falsely states that the Army "understand[s] that [the soldier] ha[s] requested to waive formal notice of the basis for the unfavorable MSSR and also waive the opportunity to provide matters for consideration prior to the Army issuing a final . . . (MSSD)." Plaintiffs submit a sample copy of the Waiver Memo for the Court's review as Exhibit 1 to this Notice.

This Waiver Memo and Army campaign is creating mass confusion among the MAVNI soldier population that constitutes a portion of the putative class in this case and runs the serious risk of having soldiers purportedly forfeit their legal rights through coercive tactics and without understanding the adverse immigration consequences of the proposed waivers. In further support of this Notice, Plaintiffs state the following:

1. On October 26, 2018, in reaction to this litigation, Defendants implemented a policy applicable to MAVNI soldiers who received an adverse Military Service Suitability Recommendation ("MSSR"). The October 26 Memo provides, in relevant part that, following an adverse MSSR and before the commencement of any discharge or separation action as a result of

the MSSR, the Army will provide written notification to the soldier of the adverse MSSR, identify the specific adjudicative guidelines and information that formed the basis for the MSSR, and provide the soldier with an opportunity to refute, explain, or mitigate the unfavorable information. Dkt. 50-1.  The Army's October 26 Memo makes no provision for any Army procedure for attempting to secure waivers from adversely affected soldiers in order to avoid providing this process.

2. On April 1, 2019, pursuant to the Court's standing order that Defendants submit bi-weekly reports in this matter (Dkt. 23), Defendants informed the Court that (a) the Army had issued notices to a small group of MAVNIs pursuant to the October 26 Memo on January 3, 2019, (b) the Army had re-issued notices to 30 members of that first group on March 28, 2019, and (c) the Army anticipated notifying additional MAVNIs of adverse MSSRs and providing them with the underlying factual information necessary to rebut the MSSRs "in the coming weeks." Dkt. 84 ¶¶ 1-2.  Defendants further reported to the Court on April 1 that "[t]here is no further change to the status of Defendants' notification and re-notification process." *Id.* ¶ 3.  Defendants' report makes no mention of any Army procedure for attempting to secure waivers from soldiers with adverse MSSRs.

3. In the four subsequent bi-weekly reports, including the most recent May 28, 2019 Status Report, Defendants have made the following representation to the Court: "There is no change to the status report submitted by Defendants on April 1, 2019 (ECF No. 84)." Dkt. 97; *see also* Dkts. 93, 90, 85.  These reports make no mention of any Army procedure for attempting to secure waivers from soldiers with adverse MSSRs.

4. On May 22, 2019, Plaintiffs' counsel first learned that a MAVNI soldier had received the Waiver Memo.  A copy of the Waiver Memo obtained at that time, dated May 21,

2

2019, is attached as Exhibit 1.[1]  Through further inquiry over the next two days, Plaintiffs' counsel learned that the soldier who had received the Waiver Memo did not request a waiver or otherwise indicate a desire to waive his rights to receive the MSSR notice procedure set forth in the October 26 Memo, even though the Waiver Memo falsely stated that the soldier had made such a request. Furthermore, upon review of the Waiver Memo, and the circumstances of its issuance, Plaintiffs' counsel became concerned that (a) other soldiers may have received the Waiver Memo, (b) other soldiers were likely to receive the Waiver Memo, and (c) the confusing and false language in the Waiver Memo, along with potential coercive tactics by Army representatives, would lead soldiers unknowingly to "waive" their legal rights with respect to the very matter that is at issue in this litigation – namely, the pre-adverse national security determination and pre-discharge process that MAVNIs are entitled to receive under military regulations and the law.

5. On Saturday morning, May 25, 2019, Plaintiffs' counsel sent an urgent email communication to Defendants' counsel regarding this matter and attached a copy of the Waiver Memo.  Plaintiffs requested prompt answers to questions about the Waiver Memo, including the extent to which it has been or will be disseminated to soldiers and how the "waiver" process is consistent with the October 26 Memo.  Plaintiffs' counsel also alerted Defendants that the designated "point of contact" on the Waiver Memo – Capt. Alicia Glanz – purportedly denied having such responsibility.

---

[1] While Defendants contend in their class certification briefing and elsewhere that the October 26 Memo intentionally omits any reference to DoDI 5200.02 and AR 380-67 (*see, e.g.*, Dkt. 89 at 8 n.3, 9 n.5), the Waiver Memo notably includes as a "reference" DoDM 5200.02. Ex. 1 at 1, ref. 1.b. As Plaintiffs previously noted, it appears that Defendants are willing to use their regulations as swords against MAVNI soldiers but are not willing to provide MAVNIs with the due process shields built into those same regulations.

3

6. On Saturday afternoon, May 25, 2019, after receiving a reply from Defendants' counsel indicating that a response to Plaintiffs' questions may be delayed due to the holiday weekend and counsel's docket, Plaintiffs' counsel sent a follow-up email seeking a prompt response and expressing further concern about the coercive nature of the Waiver Memo.

7. Over the course of the next several days, Plaintiffs' counsel learned of additional soldiers receiving the Waiver Memo under what appeared to be similar coercive circumstances. On May 29, 2019, Plaintiffs' counsel sent another email to Defendants' counsel. In that email, Plaintiffs notified Defendants that they had obtained another copy of the Waiver Memo, dated *after* May 25, indicating that the Army was continuing to use this misleading Waiver Memo to attempt to induce MAVNIs into supposedly waiving their rights. Plaintiffs again asked for a prompt response to their outstanding questions.

8. Later, on May 29, 2019, the Army sent the Waiver Memo directly to Plaintiff Lucas Calixto. A copy of SPC Calixto's memo is attached as Exhibit 2. As with the earlier soldiers, the Calixto Waiver Memo falsely stated that it was the Army's "understanding" that SPC Calixto sought to waive his rights to obtain the MSSR notice and response process set forth in the October 26 Memo. Ex. 2 ¶ 3 ("It is our understanding that you have requested to waive formal notice of the basis for the unfavorable MSSR and also waiver the opportunity to provide matters for consideration prior to the Army issuing a final Military Service Suitability Determination (MSSD)"). Not only is this a false representation, but the Army's direct communication with SPC Calixto – a named Plaintiff represented by counsel in this matter – in an attempt to have him "waive" the very legal rights that he is seeking to have enforced in this litigation, is extremely troublesome on its own.

4

9. In addition, Plaintiffs' counsel since has learned that the Army has been distributing the Waiver Memo in a widespread manner, sowing confusion among the putative class.

10. One putative class member who received the unsolicited Waiver Memo from an Army recruiter on May 29, 2019 relayed to Plaintiffs' counsel that the recruiter, who services a major metropolitan area, admitted having received orders to send the Waiver Memo to all of "his" MAVNIs.

11. In addition, a recent Army email noted the following:

> All MAVNI FSs that have not been cleared are pending Unfavorable results. An unfavorable MSSR memo will be issued to them in the upcoming months which will explain the reasons for the unfavorable result and what they can do to submit a rebuttal. These memos could take several more months to be issued, there are 1060 Unfavorable personnel and only 30 memos have been issued by DOD. If you have a MAVNI FS that does not wish to wait to receive their memo and wishes to be cancelled now, they can sign the attached memo. Fill in the info in red and change the font color to black. Return the memo to me, we will complete the cancellation **and you will be given loss forgiveness**. [emphasis added]

12. Army recruiter performance is measured (at least in part) by whether the soldiers they recruit and enlist remain in the Army past certain milestones. In the context of the Army email quoted above, "loss forgiveness" means that MAVNIs who "waive" their rights and are discharged will not be counted against the recruiters' performance figures.

13. Early this afternoon, Defendants' counsel responded to Plaintiffs' outstanding emails regarding the Waiver Memo. Defendants (1) claimed that the Waiver Memo was created in response to inquiries from a small number of MAVNIs who no longer want to serve in the Army, (2) admitted that it would constitute recruiter "misconduct" for the Waiver Memo to be issued to MAVNIs who had not requested it, and (3) claimed that the Army is not issuing the Waiver Memo "en mass [*sic*]." Defendants did not offer to look further into the Waiver Memo issuance other

than to note that in order to conduct an internal investigation into two instances described to them by Plaintiffs' counsel, they would need Plaintiffs' counsel to provide the two soldiers' names (and the recruiters' names, if possible). Further, Defendants "reminded" Plaintiffs "of the Army's position that unless and until the Calixto class is certified, the Army is under no obligation to answer any of your questions except those that specifically pertain to your clients, the named Calixto plaintiffs" and noted that this "is all the Army is obligated to say on this matter at this point."

14. Thereafter, Plaintiffs' counsel responded to Defendants' counsel, noting that the Army's "answers" were either non-responsive or contradicted by documents or soldier reports, including from Plaintiff Calixto. Further, in their response to Defendants' counsel, Plaintiffs noted: "the Army has not disclosed when it began using this memo and how many soldiers it has been issued to. Nor has the Army explained how it is consistent with the October 26 Memo and the Army's representations to the Court in its status reports. The Army also has not provided any information about measures it is taking to educate soldiers about the consequences of waiver and it has not answered whether CPT Glanz is the POC as reflected in the Memo." Plaintiffs' counsel renewed the request for Defendants to provide answers on a voluntary basis.

\*\*\*

Beyond the concerns identified above, the Waiver Memo itself does not appear to comport with the due process requirements of military regulations. At a minimum, soldiers are entitled to certain notices, including a notice of the reasons for an adverse MSSR, notice of their rights, and information detailing what exactly is being waived and the consequences of any such waiver.

Moreover, glaringly absent from the Waiver Memo is any mention of the pending MAVNI litigation or a caution to these soldiers of the immigration consequences (or other consequences

6

related to discharge description or characterization) of waiving their rights to challenge the adverse MSSR or MSSD. For example, the Army obviously knows – but omits to mention to the soldiers – that their discharge will likely be "uncharacterized" and that USCIS has taken the position that an uncharacterized discharge will render the soldier ineligible for naturalization under 8 U.S.C. § 1440. As such, any "waiver" under these circumstances would be uninformed and subject to challenge on that basis alone.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court direct Defendants to submit an updated status report, forthwith, explaining the Waiver Memo, providing details regarding its distribution and how many soldiers have responded ("waiver" or no waiver), and explaining how the Waiver Memo comports with this Court's prior reporting orders, Defendants' representations to this Court, the October 26 Memo, and military regulations.

Dated: May 30, 2019

Respectfully submitted,

    */s/ Douglas W. Baruch*
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

# Exhibit 1



**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF G-1
300 ARMY PENTAGON
WASHINGTON DC 20310-0300

DAPE-MPA                                                      21 May 2019

MEMORANDUM THRU Commander, United States Army Recruiting Command, 1307 Third Avenue, Fort Knox, KY 40121

**OR**

MEMORANDUM THRU Commander, United States Army Reserve Command, 4710 Knox Street, Fort Bragg, NC, 28310

FOR **[Soldier's Rank, Name and Last Four of SSN]**

SUBJECT: Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR) for **[Soldier's Rank, Name and Last Four of SSN]**

1. References:

   a. Department of Defense Instruction 1304.26 (Qualification Standards for Enlistment, Appointment, and Induction) 23 March 2015, Change 2, 11 April 2017.

   b. Department of Defense Manual 5200.02, Procedures for the DoD Personnel Security Program (PSP), April 3, 2016.

   c. Army Regulation (AR) 135–178, (Army National Guard and Reserve) Enlisted Administrative Separations, 7 November 2017.

   d. Memorandum, Acting Assistant Secretary of the Army, (Manpower and Reserve Affairs), 27 October 2017, subject: Military Accessions Vital to the National Interest (MAVNI) Pilot Program Military Service Suitability Review and Determination (MSSD).

   e. Memorandum, Deputy Chief of Staff, G-1, 2 November 2017, subject: Delegation of Authority to Make a Military Service Suitability Review and Determination (MSSD).

   f. Memorandum, Acting Assistant Secretary of the Army (Manpower and Reserve Affairs), 26 October 2018, subject: Resume Separation Actions Pertaining to Members of the Delayed Entry Program (DEP) and Delayed Training Program (DTP) Recruited Through the Military Accessions Vital to National Interest (MAVNI) Pilot Program.

2. The Personnel Security Investigation process that you completed was returned with unfavorable results. You have received an unfavorable Military Service Suitability

DAPE-MPA
SUBJECT: Notification of Adverse Military Service Suitability Recommendation (MSSR) for **[Soldier's Rank, Name and Last Four of SSN]**

Recommendation (MSSR) from the Department of Defense Consolidated Adjudication Facility (DoD CAF). Pursuant to reference 1.f., the Army should:

> Notify you, in writing, that the DoD CAF made an adverse MSSR. Identify the specific adjudicative guidelines, and information (as applicable), that formed the basis of the MSSR. Provide you 30 days from receipt of the notice to submit matters which may refute, correct, explain, extenuate, mitigate, or update the unfavorable information.

3. Pursuant to the procedures specified in reference 1.f., you are hereby notified that the DoD CAF made an adverse MSSR. It is our understanding that you have requested to waive formal notice of the basis for the unfavorable MSSR and also waive the opportunity to provide matters for consideration prior to the Army issuing a final Military Service Suitability Determination (MSSD).

4. If you elect to waive receipt of notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response, you will likely receive an unfavorable MSSD. In the event you receive an unfavorable MSSD, the Army will initiate administrative separation proceedings.

5. ***This opportunity to waive notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response is completely voluntary and is no way required. Below please find the election form. Your waiver election must be returned to _____ within 15 days of receipt.***

6. The point of contact for this action is CPT Alicia Glanz at alicia.m.glanz.mil@mail.mil or 703-697-8589.

PAUL L. ASWELL
Chief, Accessions Division

2

DAPE-MPA
SUBJECT:  Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR) for **[Soldier's Rank, Name and Last Four of SSN]**

### Acknowledgement of Notice and Election

On _____ I received the Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR).

_____ I voluntarily elect to **waive** receipt of the specific adjudicative guidelines, and information (as applicable), that formed the basis of the unfavorable MSSR.  I also waive the opportunity to provide written matters to refute, correct, explain, extenuate, mitigate, or update the unfavorable information within 30 days from receipt of the basis of the unfavorable MSSR.
- I understand that by waiving receipt of notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response, I will likely receive an unfavorable MSSD.  I also understand that in the event I receive an unfavorable MSSD, the Army will initiate administrative separation proceedings.
- I understand that this waiver is completely voluntary.

_____ I elect **not to waive receipt** of the specific adjudicative guidelines, and information (as applicable), that formed the basis of the unfavorable MSSR.  I would like the opportunity to provide written matters to refute, correct, explain, extenuate, mitigate, or update the unfavorable information within 30 days from receipt of the basis of the unfavorable MSSR.

_____
**Name (Print)**

_____
**Signature**

_____
**Date**

3

# Exhibit 2



**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF G-1
300 ARMY PENTAGON
WASHINGTON DC 20310-0300

DAPE-MPA                                                                                              29 May 2019

MEMORANDUM THRU Commander, United States Army Recruiting Command, 1307 Third Avenue, Fort Knox, KY 40121

***OR***

MEMORANDUM THRU Commander, United States Army Reserve Command, 4710 Knox Street, Fort Bragg, NC, 28310

FOR **PVT Calixto, Lucas XXX-XX-**▇

SUBJECT: Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR) for **PVT Calixto, Lucas XXX-XX-**▇

1. References:

    a. Department of Defense Instruction 1304.26 (Qualification Standards for Enlistment, Appointment, and Induction) 23 March 2015, Change 2, 11 April 2017.

    b. Department of Defense Manual 5200.02, Procedures for the DoD Personnel Security Program (PSP), April 3, 2016.

    c. Army Regulation (AR) 135–178, (Army National Guard and Reserve) Enlisted Administrative Separations, 7 November 2017.

    d. Memorandum, Acting Assistant Secretary of the Army, (Manpower and Reserve Affairs), 27 October 2017, subject: Military Accessions Vital to the National Interest (MAVNI) Pilot Program Military Service Suitability Review and Determination (MSSD).

    e. Memorandum, Deputy Chief of Staff, G-1, 2 November 2017, subject: Delegation of Authority to Make a Military Service Suitability Review and Determination (MSSD).

    f. Memorandum, Acting Assistant Secretary of the Army (Manpower and Reserve Affairs), 26 October 2018, subject: Resume Separation Actions Pertaining to Members of the Delayed Entry Program (DEP) and Delayed Training Program (DTP) Recruited Through the Military Accessions Vital to National Interest (MAVNI) Pilot Program.

2. The Personnel Security Investigation process that you completed was returned with unfavorable results.  You have received an unfavorable Military Service Suitability

DAPE-MPA
SUBJECT:  Notification of Adverse Military Service Suitability Recommendation (MSSR) for **PVT Calixto, Lucas XXX-XX-**

Recommendation (MSSR) from the Department of Defense Consolidated Adjudication Facility (DoD CAF).  Pursuant to reference 1.f., the Army should:

> Notify you, in writing, that the DoD CAF made an adverse MSSR. Identify the specific adjudicative guidelines, and information (as applicable), that formed the basis of the MSSR. Provide you 30 days from receipt of the notice to submit matters which may refute, correct, explain, extenuate, mitigate, or update the unfavorable information.

3.  Pursuant to the procedures specified in reference 1.f., you are hereby notified that the DoD CAF made an adverse MSSR.  It is our understanding that you have requested to waive formal notice of the basis for the unfavorable MSSR and also waive the opportunity to provide matters for consideration prior to the Army issuing a final Military Service Suitability Determination (MSSD).

4.  If you elect to waive receipt of notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response, you will likely receive an unfavorable MSSD.  In the event you receive an unfavorable MSSD, the Army will initiate administrative separation proceedings.

5.  ***This opportunity to waive notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response is completely voluntary and is no way required.  Below please find the election form.  Your waiver election must be returned to SFC Phillip Bopp - phillip.e.bopp2.mil@mail.mil within 15 days of receipt.***

6.  The point of contact for this action is CPT Alicia Glanz at alicia.m.glanz.mil@mail.mil or 703-697-8589.

PAUL L. ASWELL
Chief, Accessions Division

DAPE-MPA
SUBJECT:  Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR) for **PVT Calixto, Lucas XXX-XX-███**

## Acknowledgement of Notice and Election

On _____ I received the Voluntary Waiver of Notification of Adverse Military Service Suitability Recommendation (MSSR).

_____ I voluntarily elect to **waive** receipt of the specific adjudicative guidelines, and information (as applicable), that formed the basis of the unfavorable MSSR.  I also waive the opportunity to provide written matters to refute, correct, explain, extenuate, mitigate, or update the unfavorable information within 30 days from receipt of the basis of the unfavorable MSSR.
- I understand that by waiving receipt of notice of the basis of the unfavorable MSSR and the opportunity to provide matters in response, I will likely receive an unfavorable MSSD.  I also understand that in the event I receive an unfavorable MSSD, the Army will initiate administrative separation proceedings.
- I understand that this waiver is completely voluntary.

_____ I elect **not to waive receipt** of the specific adjudicative guidelines, and information (as applicable), that formed the basis of the unfavorable MSSR.  I would like the opportunity to provide written matters to refute, correct, explain, extenuate, mitigate, or update the unfavorable information within 30 days from receipt of the basis of the unfavorable MSSR.

_____
**Name (Print)**

_____
**Signature**

_____
**Date**

3