**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| LUCAS CALIXTO, *et al.*, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> ARMY, *et al.*, ) <br> ) <br> DEFENDANTS. ) <br> ) | **Case No. 1:18-cv-01551-ESH** |

**PLAINTIFFS' MOTION TO MODIFY COURT-ORDERED DEADLINES**

At the July 31, 2019 status conference in this matter, the Court and the parties addressed the next steps in this litigation. Following that hearing, the Court issued an Order setting forth certain filing and discovery deadlines for the parties going forward. Dkt. 123 (July 31, 2019 Order) ("July 31 Order"). Through this motion, Plaintiffs respectfully request that the Court modify certain deadlines in the July 31 Order and the Court's July 31, 2019 Minute Order which scheduled the next status conference.[1] The grounds for this request are as follows:

1.  Plaintiffs believe that information recently disclosed by Defendants, through discovery and within status reports filed by Defendants in this matter, warrant further discussion and information-sharing between the parties in order to facilitate an efficient path forward in this litigation.

---

[1]  As set forth below, Plaintiffs sought Defendants' consent for the relief requested herein both orally and in writing and requested a prompt response given that one of the dates for which Plaintiffs seek relief is August 30, 2019. Defendants did not respond with their position prior to this filing.

2.	At the July 31, 2019 status hearing, the Court engaged in the following colloquy with Defendants regarding USAREC Form 601-210.21 (also referred to as UF 601-210.21)[2]:

> THE COURT:  . . .  The government said about anybody who gets the USAREC notice know that, you indicated that they would have, there would be a 14 day turn around.
>
> MR. HAUGH:  Yes, that's correct, Your Honor.  They receive a notification either in the form of, the U.[F.] form that we cited in our brief.
>
> THE COURT:  Yes.
>
> MR. HAUGH:  Which and it may include an individual briefing with their commander or something else that informs them of the discharge and then they have 14 days –
>
> THE COURT:  To respond.
>
> MR. HAUGH:  -- to do that.  . . .
>
> ---
>
> THE COURT:  And what difference does it make for whether it's a DTP or DEP?  That there's nothing in the file showing that they got notice of separation from USAREC REC?
>
> MR. HAUGH:  The difference I would say, Your Honor, is that for a DEP the USAREC discharge order is the discharge from the Army.  So, if they didn't receive a notification, then it may be an issue because then they were discharged from the Army without ever being notified.
>
> ---
>
> THE COURT:  . . . But these people as far as you're concerned, the DEPs numbering 521 or thereabouts, the Army has done what they're going to do.
>
> MAJOR NOSSE:  Yes, Your Honor.  They were provided, they were discharged under the procedures of AR 601-210.
>
> THE COURT:  Okay.

---

[2]	*See, e.g.*, Defendants' Sur-rely in Opposition to Plaintiffs' Motion for Class Certification (Dkt. 101) at 5 ("When a valid reason exists to separate a DEP or DTP from USAREC under AR 135-178 . . ., USAREC initiates a separation request using USAREC Form ('UF') 601-210.21 . . . .").

      MAJOR NOSSE:  Sorry, USAREC regulation 601-210.

Transcript of July 31, 2019 Status Conference at 10, 13, 21-22.

      3.      However, in their August 23, 2019 report to the Court (Dkt. 129), Defendants appear to be acknowledging something different – *i.e.*, that DEP discharges were not done in accordance with USAREC regulation 601.210 – because Defendants reported that (a) "the Army determined that not all separation-related files for DEPs included a USAREC Form 601-210.21," and (b) the Army anticipates being able to provide information regarding the Army's review of DEP separation-related files to the Court by September 11, 2019 (the date of the next hearing currently scheduled for this case).

      4.      In addition, Plaintiffs' counsel reviewed Defendants' production from August 23, 2019 as well as Defendants' two filed reports from that same day (Dkts. 127, 129) and posited several questions to Defendants' counsel concerning the production and those reports, including questions regarding the accuracy of Defendants' representation to the Court that that "[a]ll of the files provided to Plaintiffs included a USAREC Form 601-210.21 ('Separation Request')" and questions about whether "notice" of discharge (much less 14-day notice) was shown in a number of the files provided to Plaintiffs.

      5.      The parties thereafter conferred regarding these post-Order developments. However, Defendants have yet to answer the questions raised by Plaintiffs concerning the production and reporting.  Further, Defendants stated that, because of the upcoming "four-day weekend," they likely would not be able to answer those questions this week or tell Plaintiffs this week Defendants' position on the implications of the lack of USAREC Form 601-210.21 in a soldier's discharge file (*i.e.*, will Defendants represent that if a soldier's file does not contain this

USAREC Form, then that soldier either has not been discharged from the Army or will be offered reinstatement?).

6. During a telephonic meet-and-confer on August 27, 2019, Plaintiffs suggested that the parties jointly request relief from deadlines in the July 31 Order in an attempt to gather necessary information on these questions. Later that day, Plaintiffs provided Defendants with a proposed joint motion seeking relief and requested a prompt response, given that one of the deadlines at issue is August 30. As of the time of this filing, Defendants have not responded to Plaintiffs' email requesting a prompt response.

7. Plaintiffs respectfully suggest that the most efficient use of the Court's and the parties' resources at this juncture is for the parties to gather and share additional information before attempting to comply with certain upcoming deadlines from the July 31 Order and the Court's July 31, 2019 Minute Order. As this Court will recall, Plaintiffs previously added new named Plaintiffs (and potential class representatives) to this lawsuit and amended the complaint based on representations made by Defendants about soldiers' discharge status, only to later learn that Defendant's representations regarding these (and other) soldiers were not accurate, resulting in a significant waste of Plaintiffs' and this Court's time and resources.[3] In order to avoid a repeat of that exercise, it is important that all parties and the Court are acting on current and accurate information from Defendants about the number of soldiers in each potential sub-class category, soldiers' discharge status, and any Army reinstatement offers. Accordingly, Plaintiffs are requesting that the Court modify the schedule as described below.

---

[3] The Court referenced that wasted effort at the July 31, 2019 hearing. *See* Transcript of July 31, 2019 Status Hearing at 34 ("When are they going to tell us [whether the Army is offering reinstatement]? We spend a lot of time wasted because they might spin you again.").

4

8. Further, Plaintiffs are seeking a Court order that will make clear that Defendants can provide certain soldier information to Plaintiffs' counsel. This request is prompted by Defendants' suggestion that they cannot provide certain PII and other information to Plaintiffs' counsel without a Court order authorizing them to do so.

Accordingly, Plaintiffs request that the Court modify the deadlines in the July 31 Order and the Court's Minute Order from July 31, 2019 as follows:

- By September 6, 2019 at 12 PM, Defendants shall inform Plaintiffs' counsel regarding the discharge status of the potential plaintiff identified by Plaintiffs' counsel by an August 20, 2019 email as having been denied naturalization solely on the basis of an uncharacterized discharge. Defendants shall inform Plaintiffs' counsel of the discharge status, the stated reason for her discharge (including whether it was MSSD-related or otherwise), and the Army's intention, if any, to offer reinstatement to the potential named plaintiff (pursuant to the October 26, 2018 Memo or otherwise).

- By September 6, 2019 at 12 PM, Defendants shall either supplement their discovery to Plaintiffs' counsel to include any additional responsive materials that exist in the files or file a correction to the statement that "[a]ll of the files provided to Plaintiffs included a USAREC Form 601-201.21."

- By September 6, 2019 at 12 PM, Defendants shall either confirm to Plaintiffs' counsel that their discovery-selection methodology complied with the instructions in the July 31 Order (Dkt. 123 at 2) or provide Plaintiffs' counsel discovery in accordance with those instructions.

- By September 6, 2019 at 12 PM, Defendants shall provide discovery to Plaintiff's counsel consisting of unredacted separation-related files for the 24 soldiers identified by Defendants who received an uncharacterized discharge after being sent to basic training and/or entering active duty (Dkts. 127, 129).  Thereafter, the parties shall meet-and-confer regarding the MAVNI soldiers who received an uncharacterized discharge after being sent to basic training and/or entering active duty.  By September 11, 2019 at 12 PM, Defendants shall report if any corrections need to be made to their prior reporting regarding the number of MAVNI soldiers who received an uncharacterized discharge after being sent to basic training and/or entering active duty and whether this group received notice in advance of discharge in accordance with the procedures described in AR 635-200 (and if not, what Defendants' discharge/reinstatement intentions are regarding this group).

- By September 11, 2019 at 12 PM, Defendants shall file a report identifying how many separation-related files for DEPs do not include a USAREC Form 601-210.21.  Further, that report shall state Defendants' intentions with respect to this group – *e.g.*, does the Army consider them discharged, will the Army be offering them reinstatement (and, if so, what process does the Army plan to employ prior to any future discharge of the reinstated soldiers)?

- By September 11, 2019 at 12 PM, Defendants shall provide Plaintiffs' counsel with a list of the soldiers (including names and any PII necessary to properly identify the soldiers), if any, who the Army has determined are not discharged and a list of the soldiers (including names and any PII necessary to properly identify the soldiers), if any, who the Army has determined will be offered reinstatement.  Defendants

also shall provide Plaintiffs' counsel with a list of the DEP soldiers (including names and any PII necessary to properly identify the soldiers), if any, who the Army considers to be discharged and for whom the Army will not be offering reinstatement.

- The following dates from the Court's July 31, 2019 Order (Dkt. 123) are vacated:
    - By no later than August 30, 2019, at 12 PM, Plaintiffs' counsel shall provide defense counsel with a list of names of additional potential named plaintiffs.
    - By no later than September 6, 2019, at 12 PM, Defendants shall inform Plaintiffs' counsel regarding the discharge status of each person on this list, the stated reason for their discharge, and the Army's intention, if any, to offer reinstatement to the potential named plaintiff.
- The following status conference date, set by Minute Order on July 31, 2019, is vacated:
    - Status Conference set for September 11, 2019 at 2:00 PM in Courtroom 23A before Judge Ellen S. Huvelle.
- By September 16, 2019, at 12 PM, the parties shall file a joint status report, proposing alternative dates for the above-vacated dates or proposing alternative next steps to move this litigation forward.

Dated: August 29, 2019

Respectfully submitted,

*/s/ Jennifer M. Wollenberg*
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Douglas W. Baruch (D.C. Bar No. 414354)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Tel:   202.739.5313
Fax:   202.739.3001
Email:  jennifer.wollenberg@morganlewis.com
Email:  douglas.baruch@morganlewis.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LUCAS CALIXTO, *et al.*, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) ) | **Civil Action No. 1:18-cv-01551 (ESH)** |
| UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, | ) ) ) ) | |
| DEFENDANTS. | ) ) | |

**[PROPOSED] ORDER**

Having considered Plaintiffs' August 29, 2019 motion and the Defendants' August 23, 2019 report to the Court (Dkt. 129), it is hereby

**ORDERED** that by no later than **September 6, 2019, at 12 pm**, Defendants shall inform Plaintiffs' counsel regarding the discharge status of the potential plaintiff identified by Plaintiffs' counsel by an August 20, 2019 email as having been denied naturalization solely on the basis of an uncharacterized discharge. Defendants shall inform Plaintiffs' counsel of the discharge status, the stated reason for her discharge (including whether it was MSSD-related or otherwise), and the Army's intention, if any, to offer reinstatement to the potential named plaintiff (pursuant to the October 26, 2018 Memo or otherwise); it is further

**ORDERED** that by no later than **September 6, 2019, at 12 pm**, Defendants shall either supplement their discovery to Plaintiffs' counsel to include any additional responsive materials that exist in the files or file a correction to the statement that "[a]ll of the files provided to Plaintiffs included a USAREC Form 601-201.21;" it is further

**ORDERED** that by no later than **September 6, 2019, at 12 pm**, Defendants shall either confirm to Plaintiffs' counsel that their discovery-selection methodology complied with the instructions in the July 31 Order (Dkt. 123 at 2) or provide Plaintiffs' counsel discovery in accordance with those instructions; it is further

**ORDERED** that by no later than **September 6, 2019, at 12 pm**, Defendants shall provide discovery to Plaintiff's counsel consisting of unredacted separation-related files for the 24 soldiers identified by Defendants who received an uncharacterized discharge after being sent to basic training and/or entering active duty (Dkts. 127, 129).  Thereafter, the parties shall meet-and-confer regarding the MAVNI soldiers who received an uncharacterized discharge after being sent to basic training and/or entering active duty.  By **September 11, 2019, at 12 pm**, Defendants shall report if any corrections need to be made to their prior reporting regarding the number of MAVNI soldiers who received an uncharacterized discharge after being sent to basic training and/or entering active duty and whether this group received notice in advance of discharge in accordance with the procedures described in AR 635-200 (and if not, what Defendants' discharge/reinstatement intentions are regarding this group); it is further

**ORDERED** that by no later than **September 11, 2019, at 12 pm**, Defendants shall file a report identifying how many separation-related files for DEPs do not include a USAREC Form 601-210.21.  Further, that report shall state Defendants' intentions with respect to this group – *e.g.*, does the Army consider them discharged or will the Army be offering them reinstatement (and, if so, what process does the Army plan to employ prior to any future discharge of the reinstated soldiers); it is further

**ORDERED** that by no later than **September 11, 2019, at 12 pm**, Defendants shall provide Plaintiffs' counsel with a list of the soldiers (including names and any PII necessary to

properly identify the soldiers), if any, who the Army has determined are not discharged and a list of the soldiers (including names and any PII necessary to properly identify the soldiers), if any, who the Army has determined will be offered reinstatement.  Defendants also shall provide Plaintiffs' counsel with a list of the DEP soldiers (including names and any PII necessary to properly identify the soldiers), if any, who the Army considers to be discharged and for whom the Army will not be offering reinstatement; it is further

**ORDERED** that the following dates from the Court's July 31, 2019 Order (Dkt. 123) are vacated:

- By no later than August 30, 2019, at 12 pm, Plaintiffs' counsel shall provide defense counsel with a list of names of additional potential named plaintiffs.
- By no later than September 6, 2019, at 12 pm, Defendants shall inform Plaintiffs' counsel regarding the discharge status of each person on this list, the stated reason for their discharge, and the Army's intention, if any, to offer reinstatement to the potential named plaintiff; it is further

**ORDERED** that the following status conference date, set by Minute Order on July 31, 2019, is vacated:  Status Conference set for September 11, 2019 at 2:00 pm in Courtroom 23A before Judge Ellen S. Huvelle; and it is further

**ORDERED** that by no later than **by September 16, 2019, at 12 pm**, the parties shall file a joint status report, proposing alternative dates for the above-vacated dates or proposing alternative next steps to move this litigation forward.

Date:  August __, 2019

_____
ELLEN S. HUVELLE
United States District Judge

## NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY

In accordance with LCvR 7(k), listed below are the names and addresses of the attorneys and parties entitled to be notified of the proposed order's entry:

**Counsel for Defendants**

**Jeremy A. Haugh**
U.S. ATTORNEY'S OFFICE,
CIVIL DIVISION
555 4th Street, NW
Washington, D.C. 20530
Telephone: (202) 252-2574
Email: jeremy.haugh@usdoj.gov

**Counsel for Plaintiffs**

**Douglas W. Baruch**
**Jennifer M. Wollenberg**
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone:  (202) 739-5219
Telephone: (202) 739-5313
Email: douglas.baruch@morganlewis.com
Email: jennifer.wollenberg@morganlewis.com