**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LUCAS CALIXTO, et al.

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
THE ARMY, et al.,

*Defendant*s.

Civil Action No.18-1551 (ESH)

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO MODIFY COURT-ORDERED DEADLINES**

Because Plaintiffs' Motion is actually a poorly disguised discovery request, their "Motion to Modify Court-Ordered Deadlines" is a misnomer and the motion should be denied.  In their motion, Plaintiffs improperly seek additional discovery, arguing judicial efficiency but providing no legal authority for support.  This is not the first time Plaintiffs have taken Defendants and the Court down this particular rabbit hole.  *See* ECF No. 51 - "Motion to Clarify" and ECF No. 52 - Defendants' Response.

This is also not the first time that Plaintiffs have made extensive requests for information accompanied by an ultimatum that the information be supplied within Plaintiffs' unreasonably short suspense (or, as in this instance, an ultimatum that Defendants agree to any terms Plaintiffs desire), or Plaintiffs will seek Court intervention.  (See ECF No. 52) (Plaintiffs demanded information "now" and made no effort to narrow the issues in dispute).  The same is true here.

On Sunday, August 25 at approximately 10:06 pm, Plaintiffs' counsel sent an email to Defendants' counsel consisting of:

- No fewer than 10 questions Plaintiffs wanted answered relative to Defendants' report filed on August 23, 2019;

- At least 3 additional requests for information regarding DEPs who were discharged voluntarily[1] and involuntarily from the Army;

- 16 additional "notes" on the files provided to them relative to MAVNIs discharged both voluntarily and involuntarily;

- Accusations that Defendants report was "incorrect and misleading"; and

- A 3 PM Monday, August 26 deadline to agree or disagree with Plaintiffs' proposal to "defer the current deadlines and currently-scheduled hearing" on Plaintiffs' terms.

Plaintiffs' terms at the time were that the Army would complete a review of DEP discharges and produce to Plaintiffs "a list of DEP MAVNIs who are not discharged from the Army and a list [sic] who Defendants do consider to be discharged from the military."

Though Defendants tried to meet and confer via telephone, the meet and confer was unproductive.  Defendants offered to consider a joint motion, but Plaintiffs proposal included additional demands neither addressed in their late night e-mail nor during the telephone call. These demands are now enumerated in Plaintiffs' "Motion to Modify Court-Ordered Deadlines." ECF No. 130.

Plaintiffs indicated later, after Defendants pointed out that the new requests were well beyond anything the parties had discussed, that if Defendants did not agree to Plaintiffs' terms as drafted, Plaintiffs would file "a contested motion in which we are compelled to lay out in more

---

[1] Plaintiffs' request for information regarding voluntary discharges appears to—again—expand their purported challenges beyond the scope of their complaint and this litigation.  See ECF No. 61, ¶ 5 (claiming "Plaintiffs are the victims of involuntary and summary administrative discharge decisions.")

detail the justification for these requests."[2]  Plaintiffs further demanded a response by Wednesday, August 28 or Thursday, August 29 "at the latest."  Plaintiffs filed their motion on Thursday, August 29 at 2:39 pm.

In short, Plaintiffs continue to seek unauthorized discovery, demanding information without providing Defendants or the Court with any legal authority requiring discovery. Because Plaintiffs provided no authority for their requests, Defendants would not agree to all of Plaintiffs' demands.  Plaintiffs then made their request to the Court, but still provided no authority for their demands for information.

Because Plaintiffs' motion does not include a memorandum of points and authorities as required by Local Rule ("LCvR") 7, Defendants respond as follows to the specific numbered (and bulleted) paragraphs in Plaintiffs' motion.

1. Defendants lack knowledge or information necessary to respond to this paragraph.

2. Admitted that there was a July 31, 2019 status hearing.  Defendants respectfully refer the Court to the transcript for a full (and in-context) explanation of what was said at the status hearing.

3. Denied.  Defendants are not acknowledging that discharges were not done in accordance with USAREC Regulation 601-210.

4. Defendants lack knowledge or information necessary to respond to this paragraph.

5. Denied.  Plaintiffs "conferred" language is a mischaracterization of the phone

---

[2] Plaintiffs failed to provide any justification for their requests in their "extensive" motion.  It is noteworthy that their motion (as with their "Motion to Clarify" – ECF No. 51) did not comply with LCvR 7, which requires each motion to be accompanied by a memorandum of points and authorities in support.  That is not surprising, because Plaintiffs have no legal support (caselaw, statute, or even an equitable doctrine) for their motion.

call.  Plaintiffs further mischaracterize what Defendants stated during that phone call.

Defendants did not state that "because of the upcoming 'four-day weekend,' they likely would

not be able to answer those questions" (referring the 10 questions Plaintiffs asked in their Sunday

night email).  Defendants stated they would not be able to answer one specific question Plaintiffs

had asked, due to Army personnel being out for the 4-day Labor Day weekend.

6.  Denied.  Plaintiffs proposed joint motion went well beyond anything that was discussed

when the parties "conferred."  Further, Plaintiffs filed their motion on Thursday at 2:39 pm

despite telling Defendants that they requested an answer on Wednesday or Thursday "at the

latest."

7.  Denied.

8.  Plaintiffs mischaracterize what Defendants have stated regarding PII.

  o  Defendants will provide this information by September 6, 2019 at 12 PM.

  o  On August 23, 2019, Defendants filed a status report (ECF No. 127) and a

Supplemental Status Report (ECF No. 129).  In Defendants' supplemental status report,

Defendants averred that "[a]ll of the files provided to Plaintiffs included a USAREC Form 601-

210.21 ("Separation Request").  During the inspection of the DEP files, however, the Army

determined that not all separation-related files for DEPs included a USAREC Form 601-210.21."

*Id*. ¶2.  Three of the files provided to Plaintiffs did not include a USAREC Form 601-210.21.

Instead, these files included a Standard Form 507 indicating that the MAVNI's request for

medical wavier had been reviewed and disapproved.  Defendants are cognizant of the need to

provide timely and accurate reporting to the Court and regret that this unintended reporting error

occurred.

  o  Defendants are conducting a routine after-action review to ensure that the

discovery methodology complied with the Court's July 31, 2019 Order.  If Defendants determine

that the methodology was not in accordance with the Court's Order, Defendants will provide

additional files to Plaintiffs selected in accordance with the Court's Order.

      o   Plaintiffs offer no authority or basis for requesting these files.  Further, meet

and confers with Plaintiffs' counsel have proven unfruitful.  Plaintiffs' counsels' practice of

mischaracterizing and misconstruing Defendants' filings and conversations has had a chilling

effect on future discussions between the parties on how to resolve issues and ultimately conclude

this case.  Nonetheless, Defendants welcome future discussions between the parties conducted in

good faith.

      o   By September 11, 2019 at 12 PM, Defendants will update the Court on their

progress in identifying how many separation-related files for DEPs do not include a USAREC

Form 601-210.21.  Further, Defendants will update the Court on their progress on determining its

intentions with respect to this group – e.g., does the Army consider them discharged, will the

Army be offering them reinstatement (and, if so, what process does the Army plan to employ

prior to any future discharge of the reinstated soldiers)?

      o   Plaintiffs offer no authority or basis for this request.  The request is far too broad.

Plaintiffs are requesting "names and any PII necessary to properly identify the soldiers" of

people they do not represent.  Further, many DEP soldiers who have been discharged were

discharged voluntarily.  Plaintiffs are not challenging voluntary discharges.

      o   No response required.

      o   No response required.

      o   A Joint Status Report would require the parties to confer ahead of time.  Meet and

confers with Plaintiffs' counsel have proven unfruitful.  Plaintiffs' counsels' practice of

mischaracterizing and misconstruing Defendants' filings and conversations has had a chilling

effect on future discussions between the parties on how to resolve issues and ultimately conclude

this case.  Nonetheless, Defendants welcome future discussions between the parties conducted in

good faith.

### Plaintiffs' Judicial Efficiency Argument Fails (Again)

The sole basis Plaintiffs offer for their motion is a vague notion of judicial efficiency.

ECF No. 130 at 4.  If Plaintiffs are genuinely concerned about judicial efficiency, Plaintiffs

would not have repeated the same practice from their filing at ECF No. 51.  Based on their prior

actions in this case, Plaintiffs "concern" for judicial efficiency rings hollow (as it did in

November 2018 when they filed ECF No. 51).  At no time during this litigation have Plaintiffs

consulted with Defendants' counsel in a *good faith effort* to narrow areas of disagreement in

accordance with LCvR 7(m).  Like many (if not all) of Plaintiffs' earlier filings, in this instance

they have provided Defendant with an ultimatum—either provide burdensome discovery within

an unreasonably tight suspense or the court shall intervene.  Aside from their use of the word

"cooperatively"[3] in their original email to Defendants, Plaintiffs have not demonstrated anything

like cooperation in this litigation.

Relative to Plaintiffs' current motion, Plaintiffs made no good faith effort to narrow the

issues in dispute.  Plaintiffs demanded information and then, after Defendants' counsel informed

them that Defendants' would not agree to further discovery demands at this time and under

---

[3] Plaintiffs stated, "[i]f Defendants want to work cooperatively with us, please send us the list of
24 and their discharge packets."  Even a statement purporting to be about cooperation is
accompanied by a demand for more information.

Plaintiffs' terms, demanded even more information.  Further, at no time did Plaintiffs' counsel request Defendants' counsel's concurrence or non-concurrence with their proposed motion.[4]

In sum, if Plaintiffs claim that judicial efficiency was the basis for their requests for information, Plaintiffs provided no basis.

## CONCLUSION

For these reasons, Plaintiffs Motion to Defer Deadlines should be denied.  Instead, Defendants respectfully request that the Court order further proceedings consistent with Defendants' response above.

Dated:  September 4, 2019                    Respectfully submitted,

                                             JESSIE K. LIU
                                             D.C. Bar # 472845
                                             United States Attorney

                                             DANIEL F. VAN HORN
                                             D.C. Bar # 924092
                                             Chief, Civil Division


                                    By:    /s/ *Jeremy A. Haugh*
                                             JEREMY A. HAUGH
                                             Special Assistant United States Attorney
                                             555 4th Street, N.W.
                                             Washington, D.C. 20530
                                             (202) 252-2574
                                             Jeremy.Haugh@usdoj.gov


                                             *Attorneys for Defendants*

---

[4] This is approximately the 11th or 12th time Plaintiffs have filed a motion without requesting whether Defendants' concurred or not.  See ECF No. 52.