UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCAS CALIXTO, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE ARMY, et al.,<br><br>*Defendant*s. | Civil Action No.18-1551 (ESH) |

## **DEFENDANTS' STATUS REPORT**

In accordance with the Court's Orders entered on August 13, 2018 (ECF No. 23) and March 9, 2020 (ECF No. 162), Defendants respectfully submit this status report.

The Court's August 13, 2018 order requires Defendants to provide bi-weekly status reports "with any updates regarding [1] the Army's policy with respect to administrative separation procedures applicable to DEP and DTP members, as well as [2] any intention to discharge any DEP or DTP members in accordance with this policy." Order (ECF No. 23) at 2.

1. The Army's October 26, 2018 policy memorandum (ECF No. 50-1), with regard to MAVNIs who receive unfavorable MSSRs and/or MSSDs, remains in effect and has not been changed or otherwise amended.

2. As of the date of this report, the Army has not initiated any administrative separations pursuant to the October 26, 2018 policy memorandum (ECF No. 50-1). The Army intends to begin initiating the involuntary administrative separation process under the October 26, 2018 policy memorandum for DEP members who received unfavorable MSSDs. *Id.* at ¶ 4.

3. Defendants will comply with the Court's October 22, 2019 Order (ECF No. 145) and

the Court's January 21, 2020 Order (ECF No. 155) prior to sending any "Phase 2" letters initiating involuntary separations.

4. In addition, on March 9, 2020, the Court ordered the government to provide plaintiffs with the: (1) Names of approximately 608 DTPs and DEPs whose MSSR notification letters sent pursuant to the October 26, 2018 memo, were either not responded to or returned as undeliverable, broken down into DTP/DEP and no response/undeliverable; and (2) Names of any MAVNIs who have received negative MSSDs, i.e. who were a part of the group of 35 discussed at the hearing. The Court further ordered the government to provide Plaintiffs with the names of the 13 individuals (of the group of 18 DTPs who received both USAREC and USARC discharge orders) who received an offer of reinstatement for purposes of receiving process that was either marked as "return to sender" or for which the Army has received no response; and to explain how the government is confirming delivery for those individuals it says have received a letter but have not responded. ECF No. 162.

5. On March 23, 2020, Defendants provided to Plaintiffs' counsel all of the information listed in paragraph 4 above and required by the Court's March 9, 2020 Order.

6. In coordination with the United States Government and Department of Defense response to the COVID-19 Pandemic, the Army has reduced shipments of trainees to Basic Training and the Office of the Secretary of Defense has mandated the maximization of telework for employees. As such, current work focused on processing the MAVNI population has either been significantly reduced or suspended due to limited remote capabilities. U.S. Army Recruiting Command has reduced (by half) shipments to initial training and is in the process of renegotiating enlistment contracts. USAREC has also limited all personal interactions with applicants; only allowing applicants to proceed to recruiting stations when they are scheduled to

ship to basic training.  Additionally, U.S. Army Reserve has cancelled, suspended, or postponed scheduled unit battle assemblies.

Dated:  March 23, 2020

Respectfully submitted,

ALESSIO EVANGELISTA
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By:   *Jeremy A. Haugh*
JEREMY A. HAUGH
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2574
jeremy.haugh@usdoj.gov


*Attorneys for Defendants*