UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCAS CALIXTO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE ARMY, *et al.*, <br><br> Defendants. | Civil Action No. 18-1551 (PLF) |

### JOINT MOTION FOR CERTIFICATION OF CLASS, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF SETTLEMENT AGREEMENT

By and through undersigned counsel, the Parties respectfully move this Court for certification of the class described below, appointment of class counsel, and approval of the attached settlement agreement. In support of this motion, the Parties state the following:

1. Through court-ordered mediation overseen by the Honorable S. Martin Teel, Jr., as the court-appointed Mediator, the Parties have reached final agreement on terms for resolving this case ("Settlement Agreement"). The Settlement Agreement is attached hereto as Exhibit 1.

2. As described in the Settlement Agreement, the Parties jointly request, pursuant to Federal Rule of Civil Procedure ("Rule") 23, that this Court certify the following class:

    a. All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/Delayed Training Program ("DTP") and Regular Army/Delayed Entry Program ("DEP") soldiers) through the Military Accessions Vital to the National Interest ("MAVNI") program, and did so on or prior to September 30, 2017, and

    b. have not been discharged, or

        c.    have been discharged by the U.S. Army (including the U.S. Army Recruiting Command and/or the U.S. Army Reserve Command, collectively, the "Army"), where such discharge or separation was not characterized as Honorable, General (under honorable conditions), Under Other Than Honorable Conditions, Bad Conduct, or Dishonorable.

3.    For the purposes of settlement only, the Parties agree that the elements of numerosity, commonality, and typicality exist and the named Plaintiffs (class representatives) fairly and adequately protect the interests of the class as described below in Paragraph 4.

4.    In sum, hundreds of soldiers enlisted in the U.S. Army through the MAVNI program on or before September 30, 2017, and already have received an "uncharacterized" discharge or have not been discharged from service. Named Plaintiffs and putative class members face potential naturalization-related challenges, which the U.S. Army certifications and other relief described in the Settlement Agreement are intended to resolve. For each named Plaintiff and putative class member who has not yet been able to apply for or obtain naturalization based on military service, the Settlement Agreement provides the necessary U.S. Army certifications of the soldier having served honorably and, if discharged, having been discharged under honorable conditions. In the Settlement Agreement, named Plaintiffs and putative class members release and dismiss with prejudice all naturalization-related claims in this action and that could have been brought in this action[1] but specifically reserve and dismiss without prejudice any rights concerning their U.S. Army service that are independent of their rights to naturalization.

---

[1] With respect to Paragraph 5 in the Settlement Agreement, the Parties are not aware of any existing "other proceedings involving naturalization-related claims that were or could have been raised in the Civil Action" and do not intend for the Settlement Agreement to release any claims in the following "related" actions: *Nio, et al. v. United States Department of Homeland Security, et al.*, Civil Action No. 17-0998; *Kirwa, et al. v. United States Department of Defense, et al.*, Civil Action

5. Given the type of relief described in the Settlement Agreement, the Parties submit that class certification falls within Rule 23(b)(2) for the purposes of this settlement.

6. The Parties jointly request, pursuant to Rule 23, that this Court appoint Morgan, Lewis & Bockius LLP and undersigned Morgan Lewis counsel as class counsel because of: (1) the work counsel has done identifying and investigating naturalization related claims in the action, (2) counsel's experience in handling class actions, and (3) counsel's knowledge of the applicable law, and (4) the resources that counsel has committed to representing the class.

7. The Parties jointly request that the Court approve the Settlement Agreement as fair, reasonable, and adequate to the class.

8. As described above, named Plaintiffs and their counsel have adequately represented the putative class because, among other reasons, the Settlement Agreement will remove the last known military service-related impediments to naturalization for dozens if not hundreds of MAVNI soldiers and for already-naturalized MAVNI soldiers will remove any risk of de-naturalization based on the nature of their U.S. Army service or any past or future "uncharacterized" discharge. The Settlement Agreement treats putative class members equitably relative to each other. Without this resolution, named Plaintiffs and the putative class would face the risks and delays associated with further litigation, trial, and possible appeal. As noted above, the releases that named Plaintiffs and the putative class would provide relate only to naturalization-related claims for which they are receiving relief. The naturalization-related relief being provided to Plaintiffs and the class achieves all of the naturalization-related relief that the Plaintiffs and the class are seeking in this matter by enabling class members to receive the Army certifications

---

No. 17-1793; *Miriyeva v. U.S. Citizenship and Immigration Services, et al.*, Civil Action No. 19-3351; *Ange Samma, et. al., v. U.S. Department of Defense, et al.*, Civil Action No. 20-1104.

necessary to obtain naturalization under 8 U.S.C. § 1440.  Attorneys' fees, including the timing of payment, are described in Paragraph 6 of the Settlement Agreement, and do not impact the amount or timing of the injunctive-type relief being provided to the named Plaintiffs and putative class members.  As noted above, the Settlement Agreement was negotiated at arm's length, through an intensive, months-long court-ordered mediation process overseen by Judge Teel, who, upon request, would attest to the arm's length nature of the process and the fact that the relief for putative class members described in the Settlement Agreement was in no way compromised by the attorneys' fees payment that the Defendants have agreed to pay to Plaintiffs' counsel.[2]

9.      Assuming that the Court certifies the above-described class, appoints class counsel, and approves the Settlement Agreement, the Parties jointly request that notice of the Settlement Agreement to the class be effectuated through posting the Settlement Agreement (which also serves as an Army certification that an individual may use for naturalization purposes) to (i) a website maintained by the Army through at least September 30, 2024 and (ii) the "class action website" maintained by class counsel (https://dcfederalcourtmavniclasslitigation.org/) through at least September 30, 2024.  Those websites also will include instructions provided by the Parties that will allow individuals who enlisted through the MAVNI program to expeditiously utilize the relief provided through the Settlement Agreement.  The Parties submit that this form of notice is appropriate for a Rule 23(b)(2) class and given the injunctive-type relief being provided.

10.     Counsel do not believe that any hearing is required (a belief in which Judge Teel, as mediator, concurs) because the naturalization-related relief being provided to Plaintiffs and the class achieves all of the naturalization-related relief that Plaintiffs and the class are seeking in this matter by enabling class members to receive the Army certifications necessary for purposes of

---

[2] The named Plaintiffs have assigned their attorneys' fees payment to their counsel.

obtaining naturalization under 8 U.S.C. § 1440, but they recognize that the court has discretion to hold a hearing to address the appropriateness of the relief to which the parties have agreed.

11. To the extent the Court decides to hold a hearing in advance of approval of the Settlement Agreement, the Parties respectfully request that the Court set a hearing as soon as possible and ideally on or before September 16, 2022.[3] At that hearing, any objections to the Court's approval of the Settlement Agreement can be heard. In addition, Plaintiffs' counsel will post to its "class action website" a copy of this filing, including the attached Settlement Agreement, along with the date, time, and location (in person or remote details) of the hearing and an email address where any objections can be directed to Plaintiffs' counsel. Plaintiffs' counsel will report to the Court and Defendants one business day in advance of the above-described hearing whether any objections have been received, and if received, the substance of the objection(s).

***

For the foregoing reasons, the Parties respectfully and jointly request that the Court certify the above-described class, appoint class counsel as described, and approve the Settlement Agreement.

A proposed order accompanies this motion.

---

[3] Because Plaintiffs' counsel is aware that certain class members are in particularly precarious situations (such as in detainment and/or subject to removal proceedings), they request that any hearing be held as expeditiously as possible.

Dated: September 7, 2022
Washington, DC

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jennifer M. Wollenberg*
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Douglas W. Baruch (D.C. Bar No. 414354)
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202.739.5313
Fax: 202.739.3001
Email: jennifer.wollenberg@morganlewis.com
Email: douglas.baruch@morganlewis.com

Bernard J. Garbutt III (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
Email: bernard.garbutt@morganlewis.com

Megan A. Suehiro (admitted *pro hac vice*)
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
Email: megan.suehiro@morganlewis.com

*Counsel for Plaintiffs*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ John Haberland*
JOHN B. HABERLAND, CT Bar # 426298
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2574
john.haberland@usdoj.gov

*Attorneys for the United States of America*