## SETTLEMENT AGREEMENT AND U.S. ARMY CERTIFICATION

By and through their respective counsel, Plaintiffs Wanjing Li, Jingquan Qu, Xiongzhou Zhang, Xi Zhang, Chenhao Qian, Sansiri Suangchomphan, Lei Liu, Wen Si, Yunzheng He, Wendapagnagde Yabre, Sen Li, Fang Lu, Anton Tate, Yue Yin, Sai Krishna Uppugandla, Zehua Bian, Hyunsung Kim, Chengping Yuan, Gunay Miriyeva, and Shengfan Yang, ("Plaintiffs") for themselves and as representatives for the proposed certified class described in Paragraph 1 below (collectively "Class Members"), along with Defendants United States Department of the Army and Christine Wormuth, in her official capacity as United States Secretary of the Army (collectively, "Defendants," and collectively with "Class Members," the "Parties"), hereby agree to settle the civil action captioned *Calixto v. Department of the Army*, Civ. A. No. 18-1551 (PLF) (D.D.C.) (the "Civil Action") under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

1. **CLASS DEFINITION**. The Plaintiffs and Defendants have jointly requested, for settlement purposes only, certification by the Court of a class defined as follows:

   a. All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/Delayed Training Program ("DTP") and Regular Army/Delayed Entry Program ("DEP") soldiers) through the Military Accessions Vital to the National Interest ("MAVNI") program, and did so on or prior to September 30, 2017, and

   b. have not been discharged, or

   c. have been discharged by the U.S. Army (including the U.S. Army Recruiting Command and/or the U.S. Army Reserve Command, collectively, the "Army"), where such discharge or separation was not characterized as Honorable, General (under honorable conditions), Under Other Than Honorable Conditions, Bad Conduct, or Dishonorable.

2. **CERTIFICATION OF HONORABLE MILITARY SERVICE AND UNDER HONORABLE CONDITIONS MILITARY SEPARATION.** Defendants certify that for the sole purpose of establishing eligibility for naturalization under 8 U.S.C. § 1440, Immigration and Nationality Act ("INA") § 329, the following applies:

   a. Discharged Class Members were separated under "honorable conditions."

   b. Discharged Class Members have sufficiently served honorably as a member of the Selected Reserve of the Ready Reserve or on active duty, even if they did not attend initial entry training (*i.e.*, basic combat training or officer candidate school).

   c. Non-discharged Class Members are deemed to have sufficiently served honorably as a member of the Selected Reserve of the Ready Reserve or in an active-duty status, even if they have not attended initial entry training.

   d. Any Class Member requesting a certified USCIS Form N-426 from the U.S. Army may use a copy of this Agreement as a substitute for identifying the type and duration of service. For example, in the current Form N-426, in Part 3 "Periods of Military Service," instead of checking a box in the far-right column under the heading "Type of Service," Defendants agree that an individual making such a request for a certified Form N-426 from the U.S. Army may refer to this Agreement and attach a copy of this Agreement.

   e. Class Members may present a copy of this Agreement to United States Citizenship and Immigration Services ("USCIS") as evidence of honorable service and/or an under honorable conditions discharge.

3. **ACTIONS TO BE TAKEN BY DEFENDANTS**.

    a.    Within 14 calendar days of execution of this Agreement, Defendants shall deliver a full copy of this Agreement to the Office of the Chief Counsel, USCIS, and Defendants shall provide a copy of such communication to Plaintiffs' counsel.

    b.    Defendants shall certify Form N-426s upon request, in accordance with Paragraph 2 above.

    c.    Defendants represent and acknowledge that (a) the certifications and undertakings in this paragraph and Paragraph 2 above are intended to benefit, and do benefit, Class Members, (b) they shall not assert at any time that such certifications are unenforceable as to such individuals for lack of consideration or otherwise, and (c) such representations are a material condition of this Agreement.

4. **PUBLIC NOTICE**. Nothing in this Agreement restricts dissemination of this document by Class Members, Class Members' counsel, or any other individual, including through posting on public websites. However, for the initial 14 days from the date of execution of this Agreement, Class Members' counsel shall not issue a press release concerning this Agreement.

5. **RELEASES**. In consideration of Paragraphs 2 and 3 above and because this Agreement resolves all known U.S. Army-related impediments to MAVNI soldier naturalization, the Class Members: (a) accept this Agreement as full and complete satisfaction of their naturalization-related claims in this Civil Action; and (b) hereby fully and forever release and discharge Defendants, and their present or former officials, employees, and agents, in their official and individual capacities, from any and all rights or claims arising from the naturalization-related allegations in the Complaint filed in the Civil Action, including all claims for attorney's fees and other litigation costs not articulated in Paragraph 6 below that have been, or could have been, made

in the Civil Action. Without limiting the generality of the foregoing, this release globally encompasses, resolves, and satisfies all naturalization-related claims against Defendants, in connection with all facets of this matter, through and including litigation, as well as any other proceedings involving naturalization-related claims that were or could have been raised in the Civil Action. However, nothing in this Agreement shall be deemed to compromise any Class Member's rights concerning their U.S. Army service that are independent of their rights to naturalization.

6. **COSTS AND FEES**. Defendants shall pay Plaintiffs a lump sum of Five hundred and Fifty thousand dollars ($550,000.00) for attorneys' fees and other litigation costs reasonably incurred in this matter (the "Fees/Costs Payment"). This Fees/Costs Payment constitutes the entirety of payment under this Agreement and includes fees and costs incurred both before and after the signing of this Agreement. The Fees/Costs Payment shall be made by an electronic funds transfer as specified in instructions provided to Defendants' undersigned counsel by Class Members' counsel in writing. Defendants will effectuate payment as soon as possible but no later than 180 days after the receipt of such instructions by Class Members' counsel.

7. **LIMITATIONS**. This Agreement has been entered into by the Parties solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees, or agents, or as an admission of any contested fact alleged by Class Members in connection with the Civil Action or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or

proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for actions or proceedings necessary to implement or enforce the terms hereof, including but not limited to actions or proceedings against USCIS, should USCIS not recognize this Agreement as evidence of (a) a soldier's qualifying honorable service "as a member of the Selected Reserve of the Ready Reserve or in an active-duty status" and/or (b) an "under honorable conditions" separation. Additionally, it is Defendants' position that the relief granted herein related to class members having served honorably as a member of the Selected Reserve of the Ready Reserve or on active duty is being voluntarily afforded by the Army but is otherwise unavailable as non-justiciable, equitable relief.

8. This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

9. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived.

10. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

11. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

12. The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein, may be made public in its entirety subject to Paragraph 4.

13. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. An electronic, facsimile, or other duplicate of a signature shall have the same effect as a manually executed original.

14. This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

15. This Agreement shall terminate at the option of either party if the Court, or any appellate court, rejects, modifies, or denies class certification or approval of any material portion of this Agreement. The option to terminate under this paragraph will expire if it is not exercised within 60 days after the right to terminate arises.

16. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion. This Agreement is effective on the date of signature of the last signatory to the Agreement.

17. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties to this action agree that upon the Court's approval of this settlement the naturalization-related allegations in the complaint are dismissed with prejudice and the claims concerning U.S. Army service that are independent of rights to naturalization are dismissed without prejudice.

DATED: August 31, 2022

/s/ Jennifer M. Wollenberg
Jennifer M. Wollenberg
Douglas W. Baruch
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
jennifer.wollenberg@morganlewis.com
douglas.baruch@morganlewis.com

*Attorneys for Class Members on behalf of Class Members*

DANIEL J. EVERETT
Colonel (O-6), U.S. Army

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ John Haberland_____
JOHN B. HABERLAND, CT Bar # 426298
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2574
john.haberland@usdoj.gov

*Attorneys for Defendants on behalf of Defendants*

- 7 -