UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUCAS CALIXTO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-1551 (PLF) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE ARMY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

On September 1, 2022, as a result of mediation overseen by United States Bankruptcy Judge S. Martin Teel, Jr., the parties informed the Court that they "had reached and executed a settlement agreement in this case and [we]re finalizing a joint motion that will request the Court's certification of a class and approval of the settlement agreement." Joint Motion to Stay Remaining Deadlines [Dkt. No. 251] at 1; see also Order [Dkt. No. 233] (referring this case for mediation). Thereafter, on September 7, 2022, the parties filed their Joint Motion for Certification of Class, Appointment of Class Counsel, and Approval of Settlement Agreement [Dkt. No. 253].

On September 9, 2022, the Court held a status conference to address the parties' motion, and on September 10, 2022, the Court scheduled a fairness hearing in this matter and ordered the parties to provide adequate notice to class members, concluding that doing so would be "fair and appropriate so that the Court may consider any objections to the proposed settlement that may be raised by class members." Memorandum Opinion and Order [Dkt. No. 254] at 2.

Pursuant to that order, the parties prepared a notice ("Notice") of the proposed settlement that set forth the manner and means by which class members could raise any objections to the proposed settlement. See Notice Confirming Methods by Which Notice of the Proposed Settlement Is Being Provided to Class Members [Dkt. No. 255]. On September 12, 2022, class counsel provided the Notice to class members by posting it on the class action website maintained by class counsel and causing it to be posted on the Facebook Group page maintained by certain class members. See id.

On September 20, 2022, class counsel informed the Court that although it had received numerous comments in support of the proposed settlement from class members and their immigration counsel, it had received no objections since the Notice was provided. See Notice of Filing [Dkt. No. 256]. On September 21, 2022, the Court convened a fairness hearing in this matter at which counsel for the parties explained the terms of the proposed settlement, described the Notice provided to class members, discussed the mediation process before Bankruptcy Judge Teel, and summarized the written responses received from class members. No class members appeared to object to the proposed settlement.

Having considered the parties' motion, the proposed settlement agreement, the lack of any objections from class members in response to the Notice, the matters discussed at the September 9, 2022 status conference and the September 21, 2022 fairness hearing, and the entire record in this case, the Court concludes that: the proposed class meets the requirements for certification set out in Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure; the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2); and the award of attorneys' fees and costs is reasonable under Rule 23(h). The Court finds that the class representatives and class counsel have adequately represented the class through years of

litigation and negotiation, and that the proposed settlement was negotiated and finalized at arm's length before Bankruptcy Judge Teel, who exercised both great patience and persistence in mediating between the parties. See FED. R. CIV. P. 23(e)(2)(A)-(B). Finally, the relief provided to the class is exceptional and equitable, enabling all class members to receive significant relief as relates to their ability to become citizens of the United States under 8 U.S.C. § 1440. See FED. R. CIV. P. 23(e)(2)(C)-(D). Accordingly, it is hereby

ORDERED that the parties' Joint Motion for Certification of Class, Appointment of Class Counsel, and Approval of Settlement Agreement ("Motion") [Dkt. No. 253] is GRANTED; it is

FURTHER ORDERED that the following class is certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure:

    a.    All soldiers who enlisted in the U.S. Army (including Selected Reserve of the Ready Reserve/Delayed Training Program ("DTP") and Regular Army/Delayed Entry Program ("DEP") soldiers) through the Military Accessions Vital to the National Interest ("MAVNI") program, and did so on or prior to September 30, 2017, and

    b.    have not been discharged, or

    c.    have been discharged by the U.S. Army (including the U.S. Army Recruiting Command and/or the U.S. Army Reserve Command, collectively, the "Army"), where such discharge or separation was not characterized as Honorable, General (under honorable conditions), Under Other Than Honorable Conditions, Bad Conduct, or Dishonorable; it is

FURTHER ORDERED that, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, plaintiffs' counsel of record at Morgan, Lewis & Bockius LLP are appointed as class counsel; it is

FURTHER ORDERED that the Settlement Agreement and U.S. Army Certification ("Settlement Agreement") [Dkt. No. 253-1], being fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure, is APPROVED; it is

FURTHER ORDERED that, as described in the parties' motion, see Motion ¶ 9, the parties shall (1) within 14 days of the filing of this Memorandum Opinion and Order, post the Settlement Agreement and instructions regarding utilizing the relief provided therein to the separate websites maintained by the Army and class counsel, and (2) maintain those posts through at least September 30, 2024; it is

FURTHER ORDERED that, pursuant to the parties' stipulation and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the naturalization-related allegations in the Third Amended Class Action Complaint [Dkt. No. 205] are dismissed with prejudice and the claims concerning U.S. Army service that are independent of rights to naturalization are dismissed without prejudice; and it is

FURTHER ORDERED that plaintiffs' Renewed Motion for Class Certification and Appointment of Class Counsel [Dkt. No. 213] is DENIED as MOOT.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/22/22